**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION**

| | | |
|---|---|---|
| TOYO TIRE & RUBBER CO., LTD. and TOYO TIRE U.S.A. CORP., | § § § | |
| Plaintiffs, | § § | **CASE NO._____** |
| v. | § § § | **JURY TRIAL DEMANDED** |
| ATTURO TIRE CORPORATION, SVIZZ-ONE CORPORATION LTD., VITTORE WHEEL & TIRE, RTM WHEEL & TIRE, | § § § § | |
| Defendants. | § § § § § § § | |

## PLAINTIFFS' COMPLAINT

Plaintiffs Toyo Tire & Rubber Co., Ltd. and Toyo Tire U.S.A. Corp. (collectively, "Plaintiffs" or "Toyo"), by their undersigned attorneys, allege as follows:

### NATURE AND BASIS OF THE ACTION

1.     This is a civil action by Toyo for design patent infringement, arising under the Acts of Congress relating to patents, 35 U.S.C. § 1 *et seq.*, and trade dress infringement and dilution in violation of the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("the Lanham Act").

### PARTIES

2.     Plaintiff Toyo Tire & Rubber Co., Ltd. ("Toyo Tire") is a Japanese corporation with its corporate headquarters and principal place of business at 1-17-18 Edobori, Nishi-ku, Osaka 550-8661, Japan.  Toyo Tire was established in 1945 and, after decades of growth and

success, established Toyo Tire U.S.A. Corp., Nitto Tire U.S.A. Inc., Toyo Tire Holdings of Americas Inc., and Toyo Tire North America Manufacturing Inc. in the United States.

3.    Plaintiff Toyo Tire U.S.A. Corp. ("Toyo U.S.A.") is a California corporation with corporate headquarters and principal places of business located at 5665 Plaza Drive, Suite 300, Cypress, CA 90630.  Toyo U.S.A. is the exclusive importer and distributor of "Toyo" brand tires, and was founded in 1966 as a wholly-owned subsidiary of Toyo Tire.  Toyo U.S.A. was the first subsidiary of a Japanese tire manufacturer to be established in the United States, starting out in a small office in southern California where it began warehousing and distributing commercial truck tires.  Subsequently, Toyo U.S.A. began offering passenger and light truck replacement tires, and through a network of independent tire dealers, grew the Toyo Tires brand in the United States. Toyo U.S.A. currently sells a broad range of passenger and light truck tires, as well as commercial truck and bus tires through a network of independent tire dealers.

4.    Upon information and belief, Defendant Atturo Tire Corporation ("Atturo") is an Illinois corporation with its principal place of business located at P.O. Box 302, Lake Villa, IL 60046.  Upon information and belief, Atturo is engaged in the business of purchasing, using, importing, selling and/or offering for sale the tires at issue in this lawsuit, including marketing, distributing, and selling the tires at issue in this action in the State of Illinois and this Judicial District.

5.    Upon information and belief, Defendant Vittore Wheel & Tire ("Vittore") is a North Carolina corporation with its principal place of business located at 502 Industrial Park Ave., Asheboro, NC 27203.  Upon information and belief, Vittore is engaged in the business of purchasing, using, selling and/or offering for sale the tires at issue in this lawsuit, including

marketing, distributing, and selling the tires at issue in this action in the State of Illinois and this Judicial District.

6.     Upon information and belief, Defendant RTM Wheel & Tire ("RTM") is a North Carolina corporation with its principal place of business located at 162 North Cherry Street, Asheboro, NC 27203.  Upon information and belief, RTM is engaged in the business of purchasing, using, selling and/or offering for sale the tires at issue in this lawsuit, including marketing, distributing, and selling the tires at issue in this action in the State of Illinois and this Judicial District.

7.     Upon information and belief, Defendant Svizz-One Corporation Ltd. ("Svizz-One") is a Thai corporation with its principal place of business located at 4/1-2 Moo 7, Banglane-Kohrat Road, Bangpla Banglane, Nakornpathom, Thailand, 73170.  Upon information and belief, Svizz-One is engaged in the business of manufacturing, using, exporting, importing, selling and/or offering for sale the tires at issue in this action, including manufacturing the accused tires on behalf of Atturo, Vittore, and RTM that are marketed, distributed, and sold in the State of Illinois and this Judicial District.

**JURISDICTION AND VENUE**

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121(a).  In addition, because the parties are citizens of different states, and the matters in controversy exceed the sum or value of $75,000, exclusive of interest and costs, this Court also has subject matter jurisdiction under 28 U.S.C. § 1332.

9.     This Court has personal jurisdiction over the parties and venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).  Upon information and

3

belief, Defendants have conducted and continue to conduct business in this Judicial District, including marketing, distributing, and selling the tires at issue in this lawsuit within the State of Illinois and this Judicial District, and have engaged in the complained of activities in this Judicial District.

## TOYO'S BUSINESS AND INTELLECTUAL PROPERTY RIGHTS

10.     The tire market in the United States consists of sales of original equipment tires (for new vehicles) and replacement tires (for existing vehicles).  Upon information and belief, in 2012, almost 193 million automobile replacement tires were sold in the United States, as compared to nearly 41 million original equipment tires.  For light trucks, the sales figures were approximately 28 million replacement tires and 4 million original equipment tires.  For medium and heavy trucks, sales were about 16 million and 5 million, respectively.  Upon information and belief, in 2012, U.S. replacement tire sales totaled nearly 193 million units and $37.8 billion.

11.     In this market, Toyo has built a solid reputation around the world for sleek, high-quality tires.  In the United States, Toyo Tires has repeatedly been named #1 Overall Brand by North American tire dealers in Tire Review magazine's Annual Tire Brand Study.  Toyo offers consumers a wide range of tires to fit virtually any need and any type of vehicle under the "Toyo" and "Nitto" brands.  Toyo's tire portfolio covers a broad range of applications — from the high-performance, racing-inspired "Proxes" and "NT" lines to the "Open Country" and "Grappler" lines for light trucks and SUVs, to the luxury-touring Versado LX, to a broad range of commercial truck tires.

12.     Toyo's tires are specifically designed to provide unique and distinctive tread and sidewall appearance.  Toyo has developed unique and distinctive tread and side wall patterns that visually set its tires apart from its competitors.

13. Toyo has sought and received several patents protecting the ornamental appearance of its tires. Some of Toyo's protected tire designs cover the ornamental appearance of a tire side wall, some cover only a tire tread, while still others cover both the tire tread and side wall.

14. On November 9, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. D626,913 ("the '913 Patent") to Osaka. A certified, true and correct copy of the '913 Patent is attached to the Complaint as Exhibit No. 1. The '913 Patent has one (1) claim, which claims an "ornamental design for a tire, as shown and described" in Figures 1 through 9 of the '913 Patent. Toyo became the owner of the entire right, title and interest in and to the '913 Patent by assignment made on March 30, 2009, and recorded on July 21, 2009.

15. In May 2013, Toyo discovered a discrepancy in the naming of the inventor of the '913 Patent and petitioned for a certificate of correction on June 13, 2013. The petition to correct inventorship was granted on July 25, 2013. A copy of the Office Communication granting that correction is attached as Exhibit No. 2. An assignment to Toyo of all rights and title to the '913 Patent was received from the properly named inventor on June 10, 2013, and recorded on June 13, 2013. Exhibit No. 3.

16. Toyo has a protectable trade dress in the overall appearance of its Open Country M/T tires, which was first introduced in 2003 under the Toyo brand. The Open Country M/T tire is a premium off-road maximum traction tire that combines solid on-road performance with extra ground clearance and higher load-carrying capacity and, for truck enthusiasts, a tread pattern with an aggressive appearance.

17. With its unique, aesthetically aggressive appearance and significant sales volume, the ornamental, distinctive "look" of the Open Country M/T tire has become associated with the

5

Toyo brand. This "look" includes fingerlike projections on the left outer edge of the tire tread that slope slightly upward toward the center of the tread, fingerlike projections on the right outer edge of the tire tread that slope slightly downward toward the center of the tread, and two rows of hook-shaped tread blocks sloped downwardly from left to right, in a back to back orientation, whose openings align with the ends of the fingerlike projections on the tread edge (hereinafter referred to as "the OPMT Trade Dress").

18.     The overall tread design of the OPMT Trade Dress is arbitrary and inherently distinctive. The overall tread design of the OPMT Trade Dress is non-functional, for example, as demonstrated by the number of non-infringing, competing alternative tread patterns and designs employed by third-party tire manufacturers and retailers in the U.S. market as well as the global market.

19.     Toyo has always been the exclusive source for Open Country M/T tires, more than 2.3 million of which have been sold to customers throughout the United States since 2003. Toyo is not aware of any non-infringing tire that has utilized an appearance like the OPMT Trade Dress since it began using the OPMT Trade Dress.

20.     Since 2003, Toyo has built up valuable recognition and goodwill in its distinctive OPMT Trade Dress. Toyo has expended, and continues to expend, substantial time, effort, money, and other resources to develop and maintain the valuable goodwill that has come to be associated with the Open Country M/T tires incorporating the unique and recognizable OPMT Trade Dress.

21.     Toyo has continuously and extensively advertised, marketed and promoted its Open Country M/T tires in the United States, investing over $22 million in such activities,

including advertising directed to the distinctive, non-functional aspects of the appearance of the Open Country M/T tires.

22.     As a result of Toyo's efforts, the OPMT Trade Dress has acquired secondary meaning and distinctiveness among off-road tire consumers and members of the industry, and it continues to have secondary meaning and distinctiveness.  The Open Country M/T tire, which prominently displays the OPMT Trade Dress, is now widely known and recognized by its unique, ornamental and distinctive appearance, which identifies to off-road tire consumers and members of the industry that its source of origin is Toyo.  The OPMT Trade Dress has come to be, and now is, well and favorably known to the public, particularly to off-road tire consumers, as being associated with Toyo's high quality tires.

23.     Based on the foregoing, the OPMT Trade Dress has become and now is a designation of origin of Toyo and as a trademark owned by Toyo.

## DEFENDANTS' WRONGFUL ACTS

24.     Upon information and belief, Defendants manufacture, use, export, import, market, sell and/or offer for sale tires for many different types of vehicles and terrain, often in direct competition with Toyo, throughout the United States.  Defendants' tires at issue, however, copy the unique and innovative tread and sidewall designs that Toyo incorporates into its tires.

25.     Defendants share vertical commercial relationships with one another in connection with their manufacture, export, import, marketing, sale and/or offer for sale of tires at issue in this investigation.

26.     Upon information and belief, Defendant Atturo is engaged in the business of importing large quantities of tires into the United States, and it uses, manufactures, markets, distributes, sells and/or offers for sale its products in this Judicial District, in the State of Illinois,

and throughout the United States in interstate commerce, including tires sold under the "Trail Blade M/T" name and Atturo brand. Atturo's website identifies the "Trail Blade M/T" as one of its product brands.

27.     Upon information and belief, Defendant Svizz-One is engaged in the business of manufacturing, exporting and/or importing large quantities of tires into the United States, and it uses, distributes, sells and/or offers for sale its products in this Judicial District, in the State of Illinois, and throughout the United States in interstate commerce, including tires sold under the "Thunderer" and "Atturo" name and brand. The website for the "Thunderer" brand of tires identifies Svizz-One as the manufacturer of Thunderer tires. The U.S. Department of Transportation manufacturer code embossed on the Atturo Trail Blade M/T tires identifies Svizz-One as the manufacturer of the Trail Blade M/T tires.

28.     Upon information and belief, Defendant Vittore is engaged in the business of distributing and selling large quantities of tires, and it uses, distributes, sells and/or offers for sale its products in this Judicial District, in the State of Illinois, and throughout the United States in interstate commerce, including tires sold under the "Thunderer" name and brand.

29.     Upon information and belief, Defendant RTM is engaged in the business of distributing and selling large quantities of tires, and it uses, distributes, sells and/or offers for sale its products in this Judicial District, in the State of Illinois, and throughout the United States in interstate commerce, including tires sold under the "Thunderer" name and brand.

30.     Toyo is informed and believes, and thereon alleges, that Vittore and RTM buy the Thunderer M/T R405 tires from distributors of Defendant Svizz-One, who manufactures the tires in Thailand. The Thunderer M/T R405 tires are thereafter sent from Svizz-One to its distributors and from the distributors to a chain of distributors throughout the United States. Customers

seeking the Thunderer M/T R405 tire may purchase it from various wholesalers and retailers such as Defendants Vittore and RTM, who buy the tires in large quantities from Svizz-One's distributors.

31.     Upon information and belief, Defendants Svizz-One, Vittore, and RTM have had notice of the '913 Patent since at least August 14, 2013.  On August 14, 2013, Toyo filed a public complaint with the United States International Trade Commission ("ITC") alleging violation of 19 U.S.C. § 1337 based on, inter alia, Svizz-One's, Vittore's, and RTM's infringement of the '913 Patent and naming Svizz-One, Vittore, and RTM as respondents. Notice of Toyo's ITC complaint was published in the Federal Register on August 20, 2013 (78 Fed. Reg. 51209).  In addition, the ITC served Svizz-One, Vittore, and RTM with a copy of the ITC complaint on September 16, 2013.

## Count I

### Design Patent Infringement

32.     Toyo hereby incorporates Paragraphs 1 through 31, inclusive, as if fully set forth herein.

33.     Upon information and belief, Defendants Svizz-One, Vittore and RTM have made, used, exported, imported, marketed, sold and/or offered for sale tire products, including but not limited to the Thunderer M/T R405 tire, that infringe the '913 Patent.

34.     Upon information and belief, Svizz-One, Vittore and RTM have induced others, including each other, to infringe the '913 Patent by encouraging and promoting the use, export, import, marketing, sale and/or offer for sale by others of infringing tire products, including but not limited to the Thunderer M/T R405 tire.

35.     Upon information and belief, the Thunderer M/T R405 tire infringes the '913 Patent because in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of this tire is substantially the same as the designs embodied in the '913 Patent, and the resemblance is such as to deceive such an observer, inducing him or her to purchase the infringing Thunderer M/T R405 tire supposing it to be the claimed design of the '913 Patent.

36.     Upon information and belief, Svizz-One, Vittore and RTM had notice and actual knowledge of the '913 Patent at least as of the date Toyo filed its ITC complaint and before the filing of this suit, and their infringement of the '913 Patent has been and continues to be willful and deliberate.

37.     Toyo has been damaged by Svizz-One's, Vittore's and RTM's willful infringement of the '913 Patent in an amount to be determined at trial, including damages adequate to compensate for their infringement, but in an amount no less than a reasonable royalty for their use of the '913 Patent, together with interest, costs and reasonable attorneys' fees and damages to the extent of their total profit, but not less than $250. Furthermore, by these acts, Svizz-One, Vittore and RTM have irreparably injured Toyo and such injury will continue unless they are enjoined by this Court.

## PRAYER FOR RELIEF FOR COUNT I

WHEREFORE, by virtue of the unlawful conduct of Defendants as alleged in Count I above, Plaintiffs respectfully pray for judgment against Defendants as follows:

A)     That Defendants Svizz-One, Vittore and RTM be adjudged to have infringed the '913 Patent;

B)     That Svizz-One, Vittore and RTM be adjudged to have induced infringement of the '913 Patent;

C) That Svizz-One's, Vittore's and RTM's infringement of the '913 Patent be adjudged willful and deliberate;

D) That Svizz-One, Vittore and RTM be found liable for damages adequate to compensate for their infringement of the '913 Patent, but in an amount no less than a reasonable royalty for their use of the '913 Patent, together with interest and costs as fixed by the court;

E) That the Court increase the damages awarded to Toyo to three times the amount found or assessed for Svizz-One's, Vittore's and RTM's infringement of the '913 Patent;

F) That Svizz-One's, Vittore's and RTM's infringement of the '913 Patent be deemed exceptional under 35 U.S.C. § 285, and that the damages be enhanced accordingly, and that Svizz-One, Vittore and RTM be ordered to pay Plaintiffs' reasonable attorneys' fees;

G) That Svizz-One, Vittore and RTM be found liable to Toyo under 35 U.S.C. § 289, and that the damages be enhanced to the extent of the total profit for their infringement of the '913 Patent, but not less than $250 each; and

H) That each Defendant, its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with each Defendant be preliminarily and permanently enjoined from infringing or inducing infringement of the '913 Patent, and specifically from directly or indirectly making, using, selling, or offering for sale, any products embodying the invention of '913 Patent during its term, without the express written authority of Plaintiffs.

## COUNT II

### Trade Dress Infringement

38. Toyo hereby incorporates Paragraphs 1 through 37, inclusive, as if fully set forth herein.

11

39.     Upon information and belief, Defendants Atturo and Svizz-One have made, used, exported, imported, marketed, sold and/or offered for sale tire products, including but not limited to the Atturo Trail Blade M/T tire, that infringe the OPMT Trade Dress.

40.     To any ordinary observer, and to off-road tire customers and members of the industry, the "look" of the Atturo Trail Blade M/T tire is confusingly similar to the OPMT Trade Dress and, in particular, the ornamental, distinctive "look" of the Toyo Open Country M/T tire, including its fingerlike projections along the edge of the tread pattern and hook-shaped tread blocks, which is unique in appearance, eye-catching and readily recognized among customers and members of the trade.

41.     Atturo's and Svizz-One's past, present and future use, distribution, sale and/or offer for sale of tires using the OPMT Trade Dress, including but not limited to the Atturo Trail Blade M/T tire, constitute trade dress infringement under 15 U.S.C. § 1125(a).

42.     Upon information and belief, Atturo and Svizz-One have been aware of Toyo's Open Country M/T tire and the OPMT trade dress based on Toyo's extensive and exclusive original sales of Open Country M/T tires for over ten years and their trade dress infringement has been and continues to be willful and deliberate.

43.     Toyo has been damaged by Atturo's and Svizz-One's willful trade dress infringement in an amount to be determined at trial, including Atturo's and Svizz-One's profits and three times the amount of actual damages sustained by Toyo, together with costs and reasonable attorneys' fees.  Furthermore, by these acts, Atturo and Svizz-One have irreparably injured Toyo and caused Toyo to suffer a substantial loss of goodwill and reputation, and such injury will continue unless they are enjoined by this Court.

44.     By reason of the above actions, Toyo is entitled to the full range of relief under the Lanham Act, 15 U.S.C. §§ 1116-1118.

## PRAYER FOR RELIEF FOR COUNT II

WHEREFORE, by virtue of the unlawful conduct of Defendants as alleged in Count II above, Plaintiffs respectfully pray for judgment against Defendants as follows:

A)     That Defendants Atturo and Svizz-One be adjudged to have infringed Toyo's OPMT trade dress in violation of 15 U.S.C. § 1125(a);

B)     That Atturo's and Svizz-One's trade dress infringement be adjudged willful and deliberate;

C)     That Atturo and Svizz-One be found liable to Toyo to the extent of the total profit for their infringement of the OPMT Trade Dress in violation of 15 U.S.C. § 1125(a);

D)     That Atturo and Svizz-One be found liable for damages sustained by Toyo due to their infringement of the OPMT Trade Dress in violation of 15 U.S.C. § 1125(a);

E)     That Atturo and Svizz-One be found liable for costs as fixed by the court for their infringement of the OPMT Trade Dress in violation of 15 U.S.C. § 1125(a);

F)     That the Court increase the damages awarded to Toyo to three times the amount found or assessed for Atturo's and Svizz-One's infringement of the OPMT Trade Dress in violation of 15 U.S.C. § 1125(a);

G)     That Atturo's and Svizz-One's infringement of the OPMT Trade Dress be deemed exceptional under 15 U.S.C. § 1117(a), and that the damages be enhanced accordingly, and that Atturo and Svizz-One be ordered to pay Plaintiffs' reasonable attorneys' fees; and

H) That Atturo's and Svizz-One's, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with Atturo and Svizz-One be preliminarily and permanently enjoined from:

a) Using Toyo's OPMT trade dress, or any trade dress confusingly similar thereto, for or in connection with advertising, marketing, promoting, distributing, offering for sale, or selling tires;

b) Using photographs, illustrations, or other depictions of Toyo's OPMT trade dress, or any trade dress confusingly similar thereto, for or in connection with advertising, marketing, promoting, distributing, offering for sale, or selling tires;

c) Using any name, mark, designation, product configuration, trade dress, or other material for or in connection with advertising, marketing, promoting, distributing, offering for sale, or selling tires that is likely to cause confusion, mistake or deception as to source relative to any of Toyo's names, marks, designations, product configurations, or trade dress, including but not limited to Toyo's OPMT trade dress; and

d) Engaging in any conduct aimed at or likely to result in diverting business intended for Toyo or injuring Toyo's goodwill or business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception.

## COUNT III

### Trade Dress Dilution

45. Plaintiffs hereby incorporate Paragraphs 1 through 44, inclusive, as if fully set forth herein.

46. Since 2003, Toyo has exclusively sold and supplied the United States market with more than 2.3 million OPMT tires that use the OPMT Trade Dress. Additionally, Toyo has

invested more than $22 million in advertising, marketing, and promoting its OPMT tires in the United States.

47. Because of the duration, amount and extent throughout the United States of Toyo U.S.A.'s sales of its OPMT tire using the OPMT Trade Dress, the duration and extent of Toyo U.S.A.'s advertising and publicity of the OPMT Trade Dress, the distinctiveness of the OPMT Trade Dress, the recognition of the OPMT Trade Dress among off-road tire customers and members of the industry, and other relevant considerations, the OPMT Trade Dress is a "famous" mark under 15 U.S.C. § 1125(c)(1).

48. Upon information and belief, Atturo and Svizz-One have made, used, exported, imported, marketed, sold and/or offered for sale tire products, including but not limited to the Atturo Trail Blade M/T tire, that dilute the distinctiveness of Toyo's OPMT Trade Dress.

49. To any ordinary observer, and to off-road tire customers and members of the industry, the "look" of the Atturo Trail Blade M/T tire is similar to the OPMT Trade Dress and, in particular, the ornamental, distinctive "look" of the Toyo OPMT tire, including its fingerlike projections along the edge of the tread pattern and hook-shaped tread blocks, which is unique in appearance, eye-catching and readily recognized among customers and members of the trade.

50. Atturo's and Svizz-One's past, present and future use, distribution, marketing, sale and/or offer for sale of tires using the OPMT Trade Dress, including but not limited to the Atturo Trail Blade M/T tire, constitute dilution under 15 U.S.C. § 1125(c) because such activities dilute the distinctive quality of Toyo's OPMT Trade Dress.

51. Upon information and belief, Atturo and Svizz-One have been aware of Toyo's Open Country M/T tire and the OPMT trade dress based on Toyo's extensive and exclusive original sales of Open Country M/T tires for over ten years and their dilution has been and

continues to be willful and deliberate, because they have willfully intended to trade on Toyo's good reputation.

52.     Toyo has been damaged by Atturo's and Svizz-One's willful dilution in an amount to be determined at trial, including Atturo's and Svizz-One's profits and three times the amount of actual damages sustained by Toyo, together with costs and reasonable attorneys' fees. Furthermore, by these acts, Atturo and Svizz-One have irreparably injured Toyo and caused Toyo to suffer a substantial loss of goodwill and reputation, and such injury will continue unless they are enjoined by this Court.

53.     By reason of the above actions, Toyo is entitled to the full range of relief under the Lanham Act, 15 U.S.C. §§ 1116-1118.

## PRAYER FOR RELIEF FOR COUNT III

WHEREFORE, by virtue of the unlawful conduct of Defendants as alleged in Count III above, Plaintiffs respectfully pray for judgment against Defendants as follows:

A)     That Defendants Atturo and Svizz-One be adjudged to have committed trade dress dilution in violation of 15 U.S.C. § 1125(c);

B)     That Atturo's and Svizz-One's trade dress dilution be adjudged willful and deliberate;

C)     That Atturo and Svizz-One be found liable to Toyo to the extent of the total profit for their willful dilution of the distinctiveness of the OPMT Trade Dress in violation of 15 U.S.C. § 1125(c);

D)     That Atturo and Svizz-One be found liable for damages sustained by Toyo due to their willful dilution of the distinctiveness of the OPMT Trade Dress in violation of 15 U.S.C. § 1125(c);

16

E)       That Atturo and Svizz-One be found liable for costs as fixed by the court for their willful dilution of the distinctiveness of the OPMT Trade Dress in violation of 15 U.S.C. § 1125(c);

F)       That the Court increase the damages awarded to Toyo to three times the amount found or assessed for Atturo's and Svizz-One's willful dilution of the distinctiveness of the OPMT Trade Dress in violation of 15 U.S.C. § 1125(c);

G)       That Atturo's and Svizz-One's willful dilution of the distinctiveness of the OPMT Trade Dress be deemed exceptional under 15 U.S.C. § 1117(a), and that the damages be enhanced accordingly, and that Atturo and Svizz-One be ordered to pay Plaintiffs' reasonable attorneys' fees; and

I)       That Atturo's and Svizz-One's, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with Atturo and Svizz-One be preliminarily and permanently enjoined from:

a)       Using Toyo's OPMT trade dress, or any trade dress confusingly similar thereto, for or in connection with advertising, marketing, promoting, distributing, offering for sale, or selling tires;

b)       Using photographs, illustrations, or other depictions of Toyo's OPMT trade dress, or any trade dress confusingly similar thereto, for or in connection with advertising, marketing, promoting, distributing, offering for sale, or selling tires;

c)       Using any name, mark, designation, product configuration, trade dress, or other material for or in connection with advertising, marketing, promoting, distributing, offering for sale, or selling tires that is likely to cause confusion, mistake or deception as to source

relative to any of Toyo's names, marks, designations, product configurations, or trade dress, including but not limited to Toyo's OPMT trade dress; and

d)      Engaging in any conduct aimed at or likely to result in diverting business intended for Toyo or injuring Toyo's goodwill or business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception.

## COUNT IV

### Common Law Unfair Competition

54.     Plaintiffs hereby incorporate Paragraphs 1 through 53, inclusive, as if fully set forth herein.

55.     Defendants Atturo's and Svizz-One's unauthorized and unlawful acts as set forth above constitute violations of the common law of the State of Illinois with respect to unfair competition.

56.     Upon information and belief, Atturo and Svizz-One have made, used, exported, imported, marketed, sold and/or offered for sale tire products, including but not limited to the Atturo Trail Blade M/T tire, using the OPMT Trade Dress without permission, authority or license from Toyo, in a manner likely to cause confusion or mistake, or to deceive the off-road tire purchasing public into thinking they are genuine Toyo tire products. Atturo's and Svizz-One's tire products, including the Atturo Trail Blade M/T tire, do not originate from, are not sponsored by, and do not have the approval of any person or entity which has the right to use or reproduce Toyo's OPMT Trade Dress.

57.     Atturo's and Svizz-One's willful use of the OPMT Trade Dress likely has and will continue to likely create confusion for off-road tire customers and end-users buying with ordinary care.  Such actions on the part of Atturo and Svizz-One are likely to cause mistake and

confusion in the minds of the off-road tire purchasing public and to deceive, causing serious and irreparable damage and injury to Toyo.

58.     Upon information and belief, Atturo's and Svizz-One's unauthorized and unlawful acts as set forth above have caused and, unless restrained by the Court, will continue to cause sales of Toyo's tire products to be lost and/or diverted to Atturo and Svizz-One.

59.     Upon information and belief, Atturo's and Svizz-One's unauthorized and unlawful acts as set forth above have enabled them to trade unlawfully upon the established goodwill and reputation of Toyo.

### PRAYER FOR RELIEF FOR COUNT IV

WHEREFORE, by virtue of the unlawful conduct of Defendants as alleged in Count IV above, Plaintiffs respectfully pray for judgment against Defendants as follows:

A)     That Atturo and Svizz-One be found liable for violations of the common law of the State of Illinois with respect to unfair competition.

B)     That Atturo and Svizz-One be ordered to pay damages in an amount to compensate Plaintiffs for damages caused by Atturo's and Svizz-One's violations of the common law of the State of Illinois with respect to unfair competition.

### COUNT V

### Common Law Unjust Enrichment

60.     Plaintiffs hereby incorporate Paragraphs 1 through 59, inclusive, as if fully set forth herein.

61.     Defendants Atturo's and Svizz-One's unauthorized and unlawful acts as set forth above constitute violations of the common law of the State of Illinois with respect to unjust enrichment.

62.    Plaintiffs developed genuine Toyo tire products at substantial expense.  Atturo and Svizz-One have made, used, exported, imported, marketed, sold and/or offered for sale tire products, including but not limited to the Atturo Trail Blade M/T tire, using the OPMT Trade Dress without permission, authority or license from Toyo, in a manner likely to cause confusion or mistake, or to deceive the off-road tire purchasing public into thinking they are genuine Toyo tire products.

63.    Such actions on the part of Atturo and Svizz-One are likely to cause mistake and confusion in the minds of the off-road tire purchasing public and to deceive, causing serious and irreparable damage and injury to Toyo.

64.    Upon information and belief, Atturo's and Svizz-One's unauthorized and unlawful acts as set forth above have caused and, unless restrained by the Court, will continue to cause sales of Toyo's tire products to be lost and/or diverted to Atturo and Svizz-One.

65.    Upon information and belief, Atturo and Svizz-One are thereby unjustly enriching themselves at the expense of, and to the damage and injury of, Toyo and, unless enjoined by this Court, will further impair the value of Toyo's business reputation and goodwill.

## PRAYER FOR RELIEF FOR COUNT V

WHEREFORE, by virtue of the unlawful conduct of Defendants as alleged in Count V above, Plaintiffs respectfully pray for judgment against Defendants as follows:

A)    That Atturo and Svizz-One be found liable for violations of the common law of the State of Illinois with respect to unjust enrichment.

B)    That Atturo and Svizz-One be ordered to pay damages in an amount to compensate Plaintiffs for damages caused by Atturo's and Svizz-One's violations of the common law of the State of Illinois with respect to unjust enrichment.

## COUNT VI

### Violation of Illinois Deceptive Trade Practices Act

66.     Plaintiffs hereby incorporate Paragraphs 1 through 65, inclusive, as if fully set forth herein.

67.     Defendants Atturo's and Svizz-One's unauthorized and unlawful acts as set forth above constitute violations of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.

68.     Atturo and Svizz-One have made, used, exported, imported, marketed, sold and/or offered for sale tire products, including but not limited to the Atturo Trail Blade M/T tire, using the OPMT Trade Dress without permission, authority or license from Toyo, in a manner likely to cause confusion or mistake, or to deceive the off-road tire purchasing public into thinking they are genuine Toyo tire products.

69.     Such actions on the part of Atturo and Svizz-One are likely to cause mistake and confusion in the minds of the off-road tire purchasing public and to deceive, causing serious and irreparable damage and injury to Toyo.

70.     Upon information and belief, Atturo's and Svizz-One's unauthorized and unlawful acts as set forth above have caused and, unless restrained by the Court, will continue to cause sales of Toyo's tire products to be lost and/or diverted to Atturo and Svizz-One.

71.     Upon information and belief, Atturo and Svizz-One are thereby violating the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.

### PRAYER FOR RELIEF FOR COUNT VI

WHEREFORE, by virtue of the unlawful conduct of Defendants as alleged in Count VI above, Plaintiffs respectfully pray for judgment against Defendants as follows:

A)      That Atturo and Svizz-One be found to have violated the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*

B)      That Atturo and Svizz-One be permanently enjoined and restraining from violating the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*

C)      That Atturo's and Svizz-One's be found to have willfully engaged in deceptive trade practices, and that Atturo and Svizz-One be ordered to pay Plaintiffs' reasonable attorneys' fees and costs pursuant to 805 ILCS 505/10(a)(C).

D)      That Atturo and Svizz-One be ordered to pay damages in an amount to compensate Plaintiffs for damages caused by Atturo's and Svizz-One's violations of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*

## JURY DEMAND

72.      Plaintiffs hereby demand trial by jury on all issues raised in this Complaint.

## PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiffs incorporate by references their Prayers for Relief for Counts I through VI above, and further respectfully pray for judgment against Defendants as follows:

A.      An order from this Court compelling each Defendant to mail notice letters at its own expense to all distributors, dealers, accounts, salesmen, employees, jobbers, and suppliers, informing them that Defendant has committed patent infringement, trade dress infringement and trade dress dilution against Toyo and that Defendant has no affiliation, connection, or other business relationship with Toyo, and requesting that they return to Defendant for full credit or refund all of Defendant's tires using the infringing design and/or trade dress.

B.      An order from this Court commanding that each Defendant deliver to Toyo for destruction all tire molds, tires, components, labeling, packaging, sales literature, promotional

literature, advertising, owner's manuals, catalogs, displays, boxes, packages, and other trade pieces that are within their possession or control and use or display the infringing design and trade dress or are used in connection with Thunderer M/T R405 or Atturo Trail Blade M/T tires.

   C.  A constructive trust imposed on all revenue, income and things of value derived by each Defendant in the marketing and selling of tires using imitative tread designs, trade dress and marks, including the tread design and trade dress complained of in Complaint.

   D.  Awarding Toyo its costs and reasonable attorneys' fees in bringing this action.

   E.  All such other, further, and different relief as the court deems proper under the circumstances.

     Respectfully submitted,

     /s/ John A. Leja
     John A. Leja (IL 6256269)
     Mark T. Deming (IL 6299631)
     POLSINELLI PC
     161 North Clark Street, Suite 4200
     Chicago, Illinois 60601
     T: (312) 819-1900
     F: (312) 819-1910
     *jleja@polsinelli.com*
     *mdeming@polsinelli.com*

     V. James Adduci, II
     Louis S. Mastriani
     Katherine R. Lahnstein
     Daniel F. Smith
     Asha Allam
     Michael L. Buckler
     ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
     1133 Connecticut Avenue, NW
     Washington, DC 20036
     Telephone: (202) 467-6300

     *Attorneys for Plaintiffs*

# EXHIBIT 1



D 7409652

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

March 28, 2013

THIS IS TO CERTIFY THAT ANNEXED HERETO IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF:

U.S. PATENT:  *D626,913*
ISSUE DATE:  *November 09, 2010*

By Authority of the

Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

**T. LAWRENCE**
Certifying Officer



US00D626913S

(12) **United States Design Patent**
Osaka

(10) Patent No.: **US D626,913 S**
(45) Date of Patent: ** **\*Nov. 9, 2010**

(54) **TIRE**

(75) Inventor: **Kazuko Osaka**, Osaka (JP)

(73) Assignee: **Toyo Tire & Rubber Co., Ltd.**, Osaka (JP)

( * ) Notice: This patent is subject to a terminal disclaimer.

(**) Term: **14 Years**

(21) Appl. No.: **29/334,700**

(22) Filed: **Mar. 31, 2009**

(30) **Foreign Application Priority Data**

Feb. 9, 2009 (JP) ............................. 2009-002608

(51) **LOC (9) Cl.** ................................. **12-15**
(52) **U.S. Cl.** ........................................... **D12/600**
(58) **Field of Classification Search** ........ D12/568–603;
152/209.1, 209.5, 209.8, 209.12, 209.18,
152/209.21, 209.9
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D337,978 S | 8/1993 | Himuro et al. |
| D414,727 S | 10/1999 | Brown et al. |
| D430,832 S | 9/2000 | Edwards |
| D444,426 S | 7/2001 | Marazzi et al. |
| D447,447 S | 9/2001 | Guspodin et al. |
| D450,273 S | 11/2001 | Guspodin et al. |
| D453,311 S | 2/2002 | Guspodin et al. |
| D455,117 S | 4/2002 | Guspodin et al. |
| D457,486 S | 5/2002 | Guspodin et al. |
| D487,056 S | 2/2004 | Rooney et al. |
| 6,920,906 B2 * | 7/2005 | Allison et al. .......... 152/209.16 |
| D530,265 S | 10/2006 | Hutz et al. |
| D530,266 S | 10/2006 | Hutz et al. |
| D548,172 S | 8/2007 | Dixon et al. |
| D556,124 S | 11/2007 | Thum et al. |
| D556,673 S | 12/2007 | Missik-Gaffney et al. |
| D556,674 S | 12/2007 | Missik-Gaffney et al. |

| | | |
|---|---|---|
| D567,750 S | 4/2008 | Dixon |
| D578,957 S | 10/2008 | Bonko et al. |
| D580,347 S | 11/2008 | Lo |
| D593,485 S * | 6/2009 | Davidson et al. .......... D12/579 |

OTHER PUBLICATIONS

U.S. Appl. No. 29/334,691, Osaka, Tire, filed Mar. 31, 2009.
U.S. Appl. No. 29/334,695, Osaka, Tire, filed Mar. 31, 2009.
U.S. Appl. No. 29/334,698, Osaka, Tire, filed Mar. 31, 2009.

* cited by examiner

*Primary Examiner*—Caron Veynar
*Assistant Examiner*—George D Kirschbaum
(74) *Attorney, Agent, or Firm*—Sterne Kessler Goldstein & Fox PLLC

(57) **CLAIM**

The ornamental design for a tire, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a tire showing my new design;

FIG. **2** is a front view thereof;

FIG. **3** is a rear view thereof;

FIG. **4** is a right side view thereof;

FIG. **5** is a left side view thereof;

FIG. **6** is a top plan view thereof, for which the bottom plan view is a mirror image;

FIG. **7** is an enlarged sectional view of the intersection of areas **7**—**7** in FIGS. **1** and 7'—7' in FIG. **4**;

FIG. **8** is an enlarged sectional view taken along line **8**—**8** in FIG. **2**; and,

FIG. **9** is an enlarged cross-sectional view taken along line 7'—7' in FIG. **4** and line **9**—**9** in FIG. **8**.

In the drawings, the broken lines defining the sidewall, and inner bead depict environmental subject matter that forms no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



**U.S. Patent**     Nov. 9, 2010     Sheet 1 of 5     US D626,913 S



7          7

FIGURE 1



8          8

FIGURE 2

U.S. Patent        Nov. 9, 2010        Sheet 2 of 5        US D626,913 S



FIGURE 3



FIGURE 4

**U.S. Patent**    Nov. 9, 2010    Sheet 3 of 5    **US D626,913 S**



**FIGURE 5**



**FIGURE 6**



**FIGURE 7**



**FIGURE 8**

**U.S. Patent**          Nov. 9, 2010          Sheet 5 of 5          US D626,913 S



FIGURE 9

# EXHIBIT 2

### UNITED STATES PATENT AND TRADEMARK OFFICE
#### Certificate

Patent No. D. 626,913 S                                    Patented: November 9, 2010

On petition requesting issuance of a certificate for correction of inventorship pursuant to 35 U.S.C. 256, it has been found that the above identified patent, through error and without any deceptive intent, improperly sets forth the inventorship.

Accordingly, it is hereby certified that the correct inventorship of this patent is: Masaaki Ohara, Osaka (JP).

Signed and Sealed this Twenty-fourth Day of September 2013.

*Caron D Veynar*

CARON D. VEYNAR
*Supervisory Patent Examiner*
Art Unit 2913
Technology Center 2900



# EXHIBIT 3

**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND
DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

JUNE 14, 2013

PTAS

POSZ LAW GROUP, PLC
12040 SOUTH LAKES DRIVE, SUITE 101
RESTON, VA 20191

**502383769**

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT RECORDATION BRANCH
OF THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE COPY IS AVAILABLE AT THE
ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE INFORMATION
CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE PATENT
AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD FIND ANY ERRORS OR HAVE
QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE ASSIGNMENT RECORDATION
BRANCH AT 571-272-3350. PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT
AND TRADEMARK OFFICE, MAIL STOP: ASSIGNMENT RECORDATION BRANCH, P.O. BOX
1450, ALEXANDRIA, VA 22313.

RECORDATION DATE: 06/13/2013          REEL/FRAME: 030608/0852
                                      NUMBER OF PAGES: 2

BRIEF: ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

DOCKET NUMBER:   945-005

ASSIGNOR:
  OHARA, MASAAKI                      DOC DATE: 06/10/2013

ASSIGNEE:
  TOYO TIRE & RUBBER CO., LTD.
  1-17-18 EDOBORI, NISHI-KU
  OSAKA, JAPAN 550-8661

APPLICATION NUMBER: 29334700          FILING DATE: 03/31/2009
PATENT NUMBER: D626913                ISSUE DATE: 11/09/2010
TITLE:  TIRE

ASSIGNMENT RECORDATION BRANCH
PUBLIC RECORDS DIVISION