# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOYO TIRE & RUBBER CO., LTD., and TOYO TIRE U.S.A. CORP., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No: 14 C 206 |
| ATTURO TIRE CORP., and SVIZZ-ONE CORP., LTD., | ) ) ) | Judge John Z. Lee Magistrate Judge Susan E. Cox |
| Defendants. | ) ) ) | |
| ATTURO TIRE CORPORATION, | ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| TOYO TIRE & RUBBER CO., LTD., and TOYO TIRE U.S.A. CORP., | ) ) ) | |
| Counter-Defendants. | ) ) | |

## ORDER

Atturo Tire Corporation and Toyo Tire & Rubber Corporation have confirmed that they will certify their document production is complete on or before February 27, 2015. Svizz-One Corporation confirms that it will certify that all documents have been produced to Toyo on or before March 6, 2015. The Court reiterates its previous ruling that Masaaki Ohara's deposition is to take place in Chicago at a mutually agreed time and place. Regarding Messrs. Dayton and Puente, plaintiff is to either produce these witnesses in California or file a motion on or before February 27, 2015 stating the factual basis for its assertion that these individuals are not managing agents, as outlined in the attached Order. Plaintiff is also ordered to properly respond to Atturo's interrogatories and produce existing English versions or translations of the foreign documents already produced on or before March 5, 2015.

## STATEMENT

The parties appeared for a discovery conference before the Court on February 4, 2015. After nearly two hours of discussion regarding several discovery disputes, the Court ruled on

certain issues and requested the parties update the Court via letter on any remaining areas of conflict, as well as provide dates by which each party will certify that its production of documents is complete. Regarding production of documents, both Atturo Tire Corporation and Toyo Tire & Rubber Corporation have confirmed that they will certify their document production is complete on or before February 27, 2015. Svizz-One Corporation confirms that it will certify that all documents have been produced to Toyo on or before March 6, 2015.

Now we move to the more contentious issues. First, we address the five depositions Atturo seeks to take: Masaaki Ohara, Drew Dayton, Adrian Puente, Hirotgsugu Wada, and Kenichi Yamashita. Despite the Court's clear ruling "that Mr. Ohara's deposition take place in Chicago at a mutually agreed time and place,"[1] Toyo for some unknown reason is again arguing that he must be compelled by subpoena and that he is not a managing agent. The Court, however, could not have been more clear that this argument was not up for further discussion. In fact, during the hearing the Court indicated that Mr. Ohara met "the test that Judge Cole so eloquently outlined" in that Mr. Ohara is "clearly a manager within the scope of that very elastic definition."[2] The Court then repeated this same ruling later in the hearing, noting that the Court made the "finding pretty clear" that Mr. Ohara "is a manager" as defined under the applicable test.[3] It should also be noted that Toyo identified Mr. Ohara as the most knowledgeable person regarding "the design and development of the trade dress at issue," his title is the "mold engineering manager," and Toyo indicated that he would be called as a witness at trial.[4]

This brings us to the Court's second ruling, regarding Mr. Wada and Mr. Yamashita. The Court held that these two depositions are to be postponed until after Mr. Ohara's deposition,

---

[1] 2/4/15 Minute Order, dkt. 140.
[2] Tr. of Proceedings, 2/4/15 at 13(referencing [sic] *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.,* 242 F.R.D. 470 (N.D. Ill. 2007)).
[3] Tr. of Proceedings, 2/4/15 at 20.
[4] *Id.* at 4-5, 8.

which Atturo agreed was an appropriate course.[5] Once Mr. Ohara's deposition is complete, the Court indicated its intention to take up the issue of these two depositions, and whether Atturo would even determine them necessary. That ruling stands.

Finally, with respect to Messrs. Dayton and Puente, we determined that it was not clear whether these two employees were managing agents of Toyo or whether a Rule 45 subpoena would be required.[6] Though counsel indicated that it would likely only be an issue of convenience of the witnesses and counsel,[7] Toyo now argues that neither individual satisfies the criteria for managing agent because they are low level employees, thereby requiring a Rule 45 subpoena to compel their attendance for deposition in Los Angeles.[8] Toyo then indicates that pursuant to a duly issued and served subpoena, Messrs. Dayton and Puente "remain willing to be deposed in Los Angeles."[9]

But here, again, Toyo has failed to follow the Court's ruling. If Toyo was going to stand on requiring a Rule 45 subpoena, it was to indicate why.[10] Merely stating in a letter that these two individuals are not managing agents, and citing the factors required to be considered a managing agent, does not suffice.

Atturo explains that Mr. Dayton's title is "Product Manager, Product Planning and Technical Services."[11] Toyo identified Mr. Dayton as one of two persons "most knowledgeable about the design, development, and testing of the Open Country M/T tire." Toyo also indicated that Mr. Dayton could provide information on several additional topics, including advertising of

---

[5] *Id.* at 21-22.
[6] Tr. of Proceedings, 2/4/15 at 16.
[7] *Id.*
[8] Toyo 2/6/15 Letter at 2.
[9] *Id.* at 3.
[10] Tr. of Proceedings, 2/4/15 at 19 (finding that Toyo was going to have to "tell me why I should require that because it is not clear to me.").
[11] Atturo 2/11/15 Letter at 4,n.3.

off-road tires, consumer and dealer confusion, and lack of functionality of OPMT Trade Dress.[12] Atturo notes that Mr. Puente's title is "Motorsports Coordinator, Toyo Tire U.S.A." and was identified as an individual who could provide information on advertising and marketing of off-road tires and evidence of consumer confusion between Toyo Open Country M/T and the Atturo Trail Blade M/T.[13]

But that is all we know about these employees. We acknowledge that Atturo does not need prove that these two individuals exercise judgment and discretion regarding Toyo's corporate matters, but only "'that there is a least a close question as to whether the witness is a managing agent'" and satisfies these enumerated factors.[14] Toyo has deemed these individuals most knowledgeable in certain categories that were identified by Atturo as important to its defense. Toyo, therefore, has a choice. It can either produce these witnesses in California (which it indicated that it was willing to do at the hearing on this matter) or it is to state a factual, not conclusory, basis for its assertion that these individuals are not managing agents under the applicable test as set forth in *Murata Manufacturing Company, Ltd v. Bel Fuse, Incorporated,*[15] require subpoenas, and risk the Court finding otherwise, and relocating the depositions of these witnesses to Chicago. Toyo is given leave to file its support via motion on or before February 27, 2015. The Court reiterates that Toyo picked this forum when it filed this case. It would, therefore, be "fundamentally unfair" to allow Toyo "to invoke the authority of this court and at the same time to withhold information vital" to Atturo's defense.[16]

---

[12] Atturo 2/11/15 Letter at 5.
[13] *Id.*
[14] *See Peerless Ind., Inc. v. Crimson AV, LLC,* 2013 WL 11955829, *5 (N.D. Ill. March 22, 2013)(quoting *Malletier v. Dooney & Bourke, Inc.,* No. 04 Civ. 5316, 2006 WL 3476735, at *14 (S.D.N.Y. Nov. 30, 2006)).
[15] *See* 242 F.R.D. 470, 476 (noting that courts look to several factors, including whether the individual exercises judgment and discretion in corporate matters, whether he or she can be relied on to testify in response to discovery, whether other employees have more authority, the individual's general responsibilities with the matters of the litigation, and whether he or she can be expected to identify with the interests of the corporation).
[16] *See Republic of the Philippines v. Marcos,* 888 F.2d 954, 956 (2d Cir. 1989).

Finally, we address Atturo's request that Toyo provide certified English translations for all foreign language documents that Toyo cited under Federal Rule of Civil Procedure 33(d) in its answers to interrogatories. The parties addressed this issue at the February 4 hearing, and the Court noted that the parties would need to provide their respective positions on whose burden it is to translate the documents from Japanese to English.[17] The parties have submitted letters on this issue and cited authority for their respective positions. It is no surprise that Toyo has cited authority for the position that the requesting party bears the burden of the cost of translating documents from a foreign language. Those cases, however, all arise in the context of a Rule 34 Request for Production.[18] And we are unable to identify a federal case within the Seventh Circuit that directly addresses whether a party responding to interrogatories by reference to documents in a foreign language is obligated to translate the documents at its own expense. Other districts, however, have held that where a party makes the decision to produce documents in lieu of responding to an interrogatory, the burden generally falls on the party *answering* the interrogatory.[19] Rule 33(d) provides that a party answering the interrogatory may specify records to be reviewed, but must do so "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."[20] Courts have found that by answering through untranslated foreign documents, the interrogatory response "runs afoul of Rule 33(d)."[21] Toyo has provided no reason why it cannot extract the necessary information from the documents it has referenced to provide an English language answer to Atturo's interrogatories.[22]

---

[17] Tr. of Proceedings, 2/4/15 at 66.
[18] *See Extra Equipamentos E. Exportacao Ltda v. Case Corp.,* 2005 WL 1651738, *3 (N.D. Ill. July 2, 20015)(*citing In re Puerto Rico Elec. Power Auth.,* 687 F.2d 501, 508-09 (1st Cir. 1982)(noting in the Rule 34 context that the drafters and commentators "have been careful to warn courts against upsetting the traditional cost allocation of the rules.")
[19] *See Nature's Plus Nordic A/S v. Natural Organics, Inc.,* 274 F.R.D. 437, 440-41 (E.D.N.Y. 2011).
[20] Fed.R.Civ.P.33(d)(1).
[21] *Nature's Plus Nordic A/S,* 274 F.R.D. at 441.
[22] *See Sungjin Fo-Ma, Inc. v. Chainworks, Inc.,* 2009 WL 2022308, *5 (E.D. MI, July 8, 2009).

We will also require Toyo to produce those documents Atturo references in its letter that are existing English versions or translations of the foreign documents already produced. With the exception of work product, "courts have concluded that if a responding party to discovery has translations to the foreign documents produced, then it must produce the translated documents as well."[23] Toyo is to do so on or before March 5, 2015.

**It is so Ordered.**

Date: <u>February 24, 2015</u>　　　　　　　　　　　<u>/s/ Susan E. Cox</u>
　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

---

[23] *Nature's Plus Nordic A/S,* 274 F.R.D. at 439(citing cases).