IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOYO TIRE & RUBBER CO., LTD. and TOYO TIRE U.S.A. CORP., | |
| Plaintiffs, | Case No. 1:14-cv-00206 |
| v. | Judge John Z. Lee |
| ATTURO TIRE CORPORATION, *et al.* | Magistrate Judge Susan E. Cox |
| Defendants. | |
| _____ | |
| ATTURO TIRE CORPORATION, | |
| Counter-Plaintiff, | |
| v. | |
| TOYO TIRE & RUBBER CO., LTD., and TOYO TIRE U.S.A. CORP., | |
| Counter-Defendants. | |

**JOINT SUBMISSION OF THE PARTIES' PROPOSED EXPERT DISCOVERY SCHEDULE PURSUANT TO THE COURT'S JULY 7, 2015 ORDER**

Pursuant to the Court's July 7, 2015 order, (Dkt. No. 180), Plaintiffs/Counter-Defendants Toyo Tire & Rubber Co., Ltd. and Toyo Tire U.S.A. Corp. ("Toyo"), Defendant/Counter-Plaintiff Atturo Tire Corporation ("Atturo"), and Defendant Svizz-One Corporation Ltd. ("Svizz-One") hereby submit the following competing proposals for an expert discovery schedule.

1

**Toyo's Proposal:**

As directed by the Court on July 7th, Toyo proposes the following schedule for expert discovery. As noted, Toyo's proposal also addresses a motion to dismiss pursuant to Fed. R. Civ. P. 12(c) in connection with *Noerr-Pennington* immunity as applied to Atturo's pending counterclaims[1]:

| Event | Deadline |
|---|---|
| Toyo Rule 12(c) Motion (*Noerr-Pennington*) | August 24, 2015 |
| Atturo Response Rule 12(c) Brief | September 14, 2015 |
| Toyo Reply Rule 12(c) Brief | September 28, 2015 |
| Opening Expert Reports (on all issues for which a party bears the burden of proof) | December 21, 2015 |
| Depositions of Opening Experts | January 29, 2016 |
| Rebuttal Expert Reports | March 14, 2016 |
| Depositions of Rebuttal Experts[2] | April 22, 2016 |
| Status Hearing re: Scheduling Dispositive Motions and Final Pretrial Conference | May 10, 2016 at 9:00 a.m. or as otherwise directed by the Court |

---

[1] At the last status hearing on July 7th, Toyo understood that the Court directed the parties to submit a schedule proposal. To that end, on August 4th, Toyo provided to Defendants a proposed submission which simply set forth the above proposed schedule. Within minutes of receipt, Atturo responded that it "did not agree to Toyo's proposal," and that it would "provide Atturo's section for the joint submission in due course." At 12:16 pm on the date submission of this schedule proposal was due the Court, Atturo provided its "draft section for the joint submission, which is due today," without making any attempt to meet and confer as directed by this Court.

The Atturo insert set forth not only Atturo's schedule "proposal," however, but substantial argument directed to discovery motions that Atturo had filed days before, pending for presentment to Judge Cox on August 12, 2015 (dkts. 190, 193, 196). To avoid the Court deciding scheduling on less than a complete record, Toyo provides in response a brief explanation of its proposal and positions regarding Atturo's arguments in support of its proposal. It will be prepared to fully address this matter at the status hearing with the Court on August 18, 2015.

[2] In the event an expert will issue both an opening and rebuttal report, the expert will be deposed only once, and that deposition will occur prior to the deadline for depositions of rebuttal experts.

2

Toyo's proposal is reasonable because: (1) it allows for and gives the Court time to rule on Toyo's Rule 12(c) motion, which will substantially narrow the scope of expert discovery if not the case as a whole; and (2) it sets definitive dates for expert discovery to ensure that this nearly two year-old case continues to move forward to resolution.

Atturo explains its proposed schedule by reference to discovery motions that it recently filed. Those motions, noticed for presentment to Judge Cox on August 12, 2015, telling reflect Atturo's concerns about a recent decision by the United States District Court for the Central District of California regarding *Noerr-Pennington* immunity. In particular, on July 8, 2015, Judge Josephine Staton addressed by order Toyo's motion to dismiss a defendant's antitrust and business tort counterclaims brought in response to the very same type of trade dress infringement claims that Toyo has brought against Atturo here (albeit addressed to a different entity's infringing tires). Judge Staton agreed with Toyo that the antitrust and unfair business torts based on the very same conduct underlying Atturo's counterclaims in this case are barred by the *Noerr-Pennington* doctrine as a matter of law. *See Toyo Tire & Rubber Co. v. CIA Wheel Group*, No. SACV 15-246-JLS, 2015 WL 4545187, 2015 U.S. Dist. Lexis 98939 (July 8, 2015). Indeed, Judge Staton granted Toyo's motion and dismissed the defendant's business tort and antitrust counterclaims without leave to amend at the pleading stage. *Id* Atturo's business tort counterclaims are very similar to the business tort claims dismissed by Judge Staton at the pleading stage in the California case.

As Toyo has noted to the Court previously, it intends to move to dismiss Atturo's business tort counterclaims pursuant to the *Noerr-Pennington* doctrine in this case as well. Resolution of that issue stands to substantially narrow the scope of the present case (in a manner which Atturo no doubt hopes to avoid), and would be most efficiently addressed before the parties engage in the expensive and time-consuming process of expert discovery. Atturo understandably does not want Toyo to have the opportunity to have this issue resolved by this Court now, as its recent filing of the three discovery motions that it relies on in its proposal explanation demonstrates.

As for Atturo's discovery motions, as the Court might expect, Toyo believes the motions are not well-founded substantively or procedurally (indeed two are plainly premature motions in limine, and all are bereft of a compliant meet and confer process). None of the three motions accurately acknowledge the extensive discovery opportunities that Atturo has had in this case, and the motion regarding ITC discovery particularly demonstrates Atturo's desire to avoid the legal effects of *Noerr-Pennington* immunity before this Court has an opportunity to rule on that issue. Toyo intends to fully address those motions and present its positions on them to Judge Cox, when the motions are presented to her. Regardless of how Judge Cox decides those motions, though, Toyo's proposed schedule reflects sufficient time for the parties to complete all anticipated stages of expert discovery and moves this case to conclusion.

**Atturo's Proposal:**

Atturo proposes the following expert discovery schedule[3]:

| Event | Deadline |
|---|---|
| Affirmative Expert Reports On All Issues | 45 days after the resolution of all of Atturo's three pending discovery motions (Dkt. Nos. 188-196), including the completion of additional fact discovery. |
| Rebuttal Expert Reports On All Issues | 45 days after submission of the affirmative expert reports. |
| Depositions of Experts | 45 days after submission of the rebuttal expert reports. |

### A. Expert Discovery Deadlines Should Be Calculated From The Date All Pending Discovery Motions Are Resolved.

Atturo proposes that expert discovery deadlines be calculated from the date on which all fact discovery issues are resolved, which will depend on the resolution of Atturo's three pending discovery motions currently scheduled for a hearing before Magistrate Judge Cox on Wednesday, August 12, 2015 at 9:30 a.m. Resolution of these motions before proceeding to expert discovery will focus the issues and avoid inefficient and possibly duplicative expert discovery, which would unnecessarily increase the cost of litigation.

During the July 7, 2015 status hearing before Your Honor, Atturo reported that a number of fact discovery issues remain open. The Court allowed the parties time to attempt to resolve these issues before moving into expert discovery in this case. (Dkt. No. 180). Despite Atturo's good-faith efforts, the parties were not able to resolve the outstanding discovery disputes and Atturo filed three discovery motions against Toyo on August 4, 2015.[4] Accordingly, these issues pertaining to fact discovery are still open and unresolved. As part of the relief requested, (1)

---

[3] Toyo's first footnote does not include the parties' meet and confer telephone conference on August 3, 2015.

[4] Atturo sent two letters to Toyo on July 17, 2015, to which Toyo responded on July 29. Atturo then moved for leave to file its motions under seal on July 31 and August 3, 2015.

additional fact discovery may occur, including document production and at least one deposition; (2) Toyo may be precluded from relying on its advertising, marketing, and promotional expenses and materials of the product for which it claims trade dress protection; and (3) Toyo's affirmative defenses may be dismissed as a discovery sanction, including Toyo's *Noerr-Pennington* defense. For all the reasons expert discovery is typically done *after* the close of fact discovery, these three motions should be resolved prior to engaging in expert discovery in this case.

One of Atturo's discovery motions (Dkt. Nos. 188-190) seeks evidentiary and monetary sanctions because Toyo refused to provide a Rule 30(b)(6) witness to testify about a topic that is material to Atturo's counterclaims and all four of Toyo's affirmative defenses, namely "[i]nstitution, prosecution, and settlement of ITC Investigation No. 337-TA-894" (the "ITC Action"). Atturo's motion requests that Toyo be precluded from presenting any evidence about the ITC Action and that each of Toyo's four affirmative defenses, including its fourth affirmative "*Noerr-Pennington*" defense, be stricken. Accordingly, if Atturo's requested relief is granted, Toyo's *Noerr-Pennington* defense will no longer be at issue.

Atturo's second discovery motion (Dkt Nos. 191-193) pertains to the issue that there are multiple tread patterns for Toyo's Open Country M/T ("OPMT") branded tires. This fact is critical because the existence of multiple tread patterns undermines Toyo's entire position in this case – there cannot be a protectable trade dress in the OPMT tread pattern where, as here, the OPMT branded tires have an inconsistent overall look. Toyo has refused to provide sufficient information about the distinctions between the OPMT tread patterns. As a result, Atturo filed a motion to compel Toyo to produce documents, information and a witness regarding *every* different tread pattern of the OPMT tires, including clarification about whether Toyo contends each tread pattern embodies the purported trade dress. If Atturo's requested relief is granted,

Toyo will be compelled to produce additional documents and information, as well as a witness for an additional deposition.

Atturo's third discovery motion (Dkt Nos. 194-196) seeks to preclude Toyo from relying on its advertising, marketing, and promotional expenses and materials for the OPMT because it became apparent at recent depositions that Toyo withheld critical documents falling into this category. Such omissions were in direct violation of Magistrate Judge Cox's February 4, 2015 discovery order and in contradiction to Toyo's written verification that its document production was complete. If Atturo's requested relief is granted, Toyo and its experts will not be able to rely on the advertising, marketing and promotional materials or expenses for the OPMT.

Given the substantive nature of these motions, Atturo requests that the expert discovery deadlines be calculated from the date on which all of Atturo's three pending discovery motions (Dkt. Nos. 188-196) are resolved, including the completion of additional fact discovery.

**B.    Atturo's Proposed Schedule Is Reasonable, Whereas Toyo's Proposed Schedule Is Wrought With Deficiencies.**

Even beyond Atturo's three pending discovery motions before Magistrate Judge Cox, there are several additional reasons why Toyo's proposal is inappropriate and should be rejected by the Court. First, Toyo's proposed schedule delays expert discovery until five months after what Toyo contends is the end of fact discovery. Such a time frame is excessive, particularly given that this case has been pending since January 2014. Toyo's proposed schedule also includes two rounds of depositions, which are unnecessary and are not an efficient use of time.

In addition, Toyo's schedule improperly limits opening reports to issues on which a party bears the burden of proof. Rather, the expert schedule should allow for a party – namely Atturo – that does not bear the burden of proof on a particular issue to submit an affirmative report on such issue. For example, Toyo bears the burden of proving that its purported trade dress is non-

functional and has acquired secondary meaning. However, Atturo may desire to offer an affirmative expert report on these issues, as opposed to just offering an expert report in rebuttal. In addition, should Toyo choose not to submit a report on an issue for which Toyo bears the burden of proof, Atturo should not be foreclosed from affirmatively offering expert testimony on that issue in further support of its defenses. Accordingly, any expert discovery schedule in this case should be described by referring to affirmative reports and rebuttal reports, not by whether a party bears the burden of proof for the particular issue.

Finally, Atturo requests that the Court disregard Toyo's reference to a Rule 12(c) *Noerr-Pennington* motion. Under the guise of an expert discovery schedule, Toyo has attempted to include a briefing schedule for a Rule 12(c) motion concerning one of its affirmative defenses. Dispositive motions are outside the scope of this expert discovery submission as ordered by this Court. Dkt. No. 180. In fact, the Court explicitly told Toyo that it was not permitted to proceed with its Rule 12(c) Motion at the July 7, 2015 status hearing. And as discussed above, if Atturo's requested relief is granted, Toyo's *Noerr-Pennington* defense will be stricken from this case. Even if Toyo's *Noerr-Pennington* defense is not stricken, all allegedly dispositive motions should be decided at the same time – after the close of expert discovery[5]. Accordingly, Toyo's attempt to include a briefing schedule for a Rule 12(c) motion as part of its expert discovery schedule should be ignored.

**Svizz-One's Proposal:**

Svizz-One concurs with Atturo's proposed expert discovery schedule. Svizz-One intends to rely on Atturo's defenses and discovery in this litigation.

---

[5] The California *Noerr-Pennington* order referenced above by Toyo was based on different facts and legal arguments than those presented in this case.

DATED this 6th day of August, 2015.

| | |
|---|---|
| /s/Gary E. Hood<br>Gary E. Hood (IL 6281580)<br>Mark T. Deming (IL 6299631)<br>**POLSINELLI PC**<br>161 North Clark Street, Suite 4200<br>Chicago, Illinois 60601<br>T: (312) 819-1900<br>F: (312) 819-1910<br>*ghood@polsinelli.com*<br>*mdeming@polsinelli.com*<br><br>William J. Robinson (*pro hac vice*)<br>Jean-Paul Ciardullo (*pro hac vice*)<br>Justin M. Sobaje (*pro hac vice*)<br>**FOLEY & LARDNER** LLP<br>555 S. Flower Street, Suite 3500<br>Los Angeles, CA 90071<br>*wrobinson@foley.com*<br>*jsobaje@foley.com*<br><br>*Attorneys for Plaintiffs/Counter-Defendants Toyo Tire & Rubber Co., Ltd. and Toyo Tire U.S.A. Corp.* | /s/Brian C. Bianco<br>Brian C. Bianco<br>Julia R. Lissner<br>James I. Zirkle<br>**AKERMAN LLP**<br>71 South Wacker Drive, 46th Floor<br>Chicago, IL 60606<br>T: (312) 634-5700<br>F: (312) 424-1905<br>*brian.bianco@akerman.com*<br>*julia.lissner@akerman.com*<br>*james.zirkle@akerman.com*<br><br>*Attorneys for Defendant/Counter-Plaintiff Atturo Tire Corporation*<br><br>/s/Reece Nienstadt<br>Reece Nienstadt<br>**MEI & MARK LLP**<br>818 18th Street NW, Suite 410<br>Washington, DC 20006<br>T: (888) 860-5678<br>*rnienstadt@meimark.com*<br><br>*Attorneys for Defendant Svizz-One Corporation Ltd.* |

9