IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOYO TIRE & RUBBER CO., LTD., and TOYO TIRE U.S.A. CORP., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No: 14 C 206 |
| ATTURO TIRE CORP., and SVIZZ-ONE CORP., LTD., | ) ) ) | Judge John Z. Lee Magistrate Judge Susan E. Cox |
| Defendants. | ) ) ) | |
| ATTURO TIRE CORPORATION, | ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| TOYO TIRE & RUBBER CO., LTD., and TOYO TIRE U.S.A. CORP., | ) ) ) | |
| Counter-Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's Motion to Compel Additional Discovery on Toyo's Multiple OPMT Patterns [Dkt 191]. For the reasons stated below, we grant defendant's motion. We also grant defendant's motion for fees and costs associated with this motion because we find that plaintiff should have reached a resolution of this discovery dispute without the Court's intervention after its Rule 30 (b)(6) witness's testimony created the confusion. Instead, plaintiff "doubled down" on its position which is inconsistent with the discovery rules and the Court's admonition to counsel when the motion was initially presented.

1

Plaintiff, Toyo Tire and Rubber Co., Ltd. ("plaintiff") sued Atturo Tire Corp. ("defendant") for alleged trade dress violations in connection with the design of plaintiff's tire treads. Discovery in this case has been extensive and contentious, requiring several lengthy Rule 16 conferences before the Court, as well as rulings on disputed matters.

This latest dispute is, in the Court's view, entirely of plaintiff's making. Plaintiff has asserted that its Open Country Mountain Tires ("OPMT") possess such distinctive and non-functional tread patterns as to make them recognizable by consumers as Toyo's brand – the requirement of a protectable "trade dress." *See AM General Corp. v. Daimler Chrysler Corp.*, 311 F.3d 796, 814-815 (7th Cir. 2002). Not surprisingly, defendant requested discovery on all iterations and designs of the OPMT tires. As defendant correctly notes in its reply brief, plaintiff did not object to the breadth of these requests, nor did it assert under oath in its discovery responses that there was only one model of OPMT tire which embodied its asserted trade dress – the position it has apparently adopted now in its opposition to this motion to compel. Toyo did not, as it surely could have, point out in its discovery responses that there were models of tires marketed under the OPMT moniker which it was specifically excluding from trade dress protection. Instead, when it was asked to describe the design of its OPMT tires, it produced one tire tread design in a photograph. Although the photograph stated it was a picture of the "OPMT Commercial (DOT) Tread," the answer to the interrogatory did not exclude other OPMT tires from the trade dress claim. Instead, it described its asserted trade dress as "the overall visual appearance and impression conveyed by the Open Country M/T tire tread design . . . ." (*See* Def.'s Memo. in Support of Motion to Compel at 3, *citing* Grp. Ex. I (10/13/14 Interrogatory Answer Excerpts at No. 10)). The logical inference to be drawn from this response is that *all* OPMT tires bore the protected design.

Indeed, that was the position that one of plaintiff's witnesses, Adrian Puente, took when asked about the design of the OPMT tires, including its racing tires. When asked about Toyo's OPMT tread patterns for its commercial and racing tires, he stated that the tread patterns were essentially identical: "[i]f you look at our race tire and you look at our M/T, they're pretty much mirrors. . . . The tire looks exactly the same, tread pattern is the same, construction is totally different, night and day." *Id., citing* Ex. M (6/3/15 Deposition Excerpts at 184-186).

Plaintiff's designated Rule 30 (b)(6) witness, Amy Coleman, originally adhered to this position in her testimony about the protected trade dress, testifying that the OPMT racing tire had the identical design as the commercial tire and that all of the tires, including the racing tires, embodied the trade dress. *Id., citing* Ex. J (7/1/15 Deposition Excerpts). However, when Ms. Coleman was confronted with pictures of alternative tread patterns for one commercial and two racing tires marketed under the OPMT line, she backed off this testimony, providing testimony that suggest that as many as four different OPMT tire tread designs are embodies in Toyo's protected trade dress. Ms. Coleman subsequently submitted an "errata" sheet for some of her key assertions about the protected trade dress which substantially altered her testimony.[1] These supposed errata are primarily aimed at differentiating between plaintiff's racing tire models and its commercial tires which plaintiff now concedes have different patterns. One of the key differences between the tires highlighted by Ms. Coleman is that the OPMT commercial tires have a feature called "sipes," but the racing tires do not have this feature. *See* Def.'s Reply at 12, *citing* Ex. GG (Coleman's Eratta Sheet submitted 7/30/15).

---

[1] We agree with Atturo that this "errata" sheet is more accurately described as a revision of Ms. Coleman's prior testimony and is probably impermissible under Fed. R. C. P. Rule 30 (e). *See Thorn v. Sunstrand Aerospace Corp.,* 207 F.3d 383, 389 (7th Cir. 2000); *Ali v. The Final Call, Inc.,* No. 13 C 6883, 2015 WL 38560, at *2-3 (N.D. Ill. June 19, 2015).

At the presentment hearing for this motion, counsel for plaintiff stated that the witness had made a mistake in her testimony and that plaintiff did not intend to include these tire treads in its trade dress claim. Indeed, plaintiff has now submitted an affidavit from another witness, its product manager, in which he emphasizes that racing tires (which plaintiff now claims do not embody its alleged trade dress) have a different design and are not available to the general public and attempts to further distinguish another OPMT tire from those it claims have trade dress protected treads.

As a result of this confusing record, Atturo has asked the Court to allow discovery on the alternative OPMT tire treads including the racing tires. This discovery includes (1) a visual depiction of each of the OPMT tread patterns, including the names and product numbers of these tires; (2) information which documents the design, development, and testing of these tread patterns; (3) marketing, advertising, and promotional activities relating to these treads (which its Rule 30(b)(6) witness made relevant by stating that racing sponsorships were used to promote street legal tires); and (4) a clear description (under oath) of which tires are being claimed as embodying the trade dress. Defendant seeks an opportunity to depose a witness or witnesses about these subject matters.

Plaintiff makes several objections to producing any of this requested discovery. Plaintiff first contends that it has always been clear that the only tire tread for which it was asserting trade dress protection was the Open Country M/T tread design of its non-racing commercial street tires. This argument is easily dismissed. The above recitation of what occurred during the fact discovery phase of this case demonstrates that plaintiff was not clear about this at all—in fact, its own witnesses said otherwise, a position which Toyo is now attempting to retract. To suggest that Atturo should be barred from further inquiry because Toyo produced some documents in

discovery concerning its racing tires and now asserts that its own witnesses were wrong about what was encompassed in its trade claim beggars belief. Plaintiff's own efforts to correct this muddled record (such as submitting a new affidavit) belie the notion that it has been clear. What plaintiff is really saying is that defendant should just take its word for it that its trade dress is limited to this particular tread, even though it has said otherwise during the discovery process. The adversarial system and liberal discovery rules say otherwise.

Plaintiff next argues that it, not defendant, has the right to define its asserted trade dress. In other words, Toyo (and not Atturo) gets to decide which design it is asserting is protected, and that it is not claiming trade dress protection for its racing tires. Plaintiff is correct that it is allowed to define its own trade dress and may have alternative designs for the OPMT tires for which it chooses not to claim trade dress protection. *Rose Art Indus. v. Swanson,* 235 F.3d 165, 172-175 (7th Cir. 2000). The problem with plaintiff's argument (as we have already said) is that it has taken inconsistent positions about what it is asserting in this case. Moreover, defendant persuasively argues that information concerning the different tread designs which marketed under the OPMT label may be relevant to other issues such as whether the tire design has actually acquired secondary meaning, likelihood of confusion, and functionality**.** *Thomas Betts Corp v. Panduit ,* 138 F.3d 277, 291-292, 296-297 (7th Cir. 1998).

Plaintiff also argues that racing tires are not available to the public and therefore have no relevance to this lawsuit. But the scope of relevance is broad. *See, e.g., Lucas-Milhaupt, Inc. v. Bellman-Melcor LLC*, 2012 WL 10261956, at *1 (N.D. Ill. May 15, 2012) ("The scope of relevancy under Rule 26 is broad"). Given the record here, defendant should not have to accept plaintiff's assertion that these tires are so specialized that there is no way that consumers could be confused, or that the trade dress has not been diluted by these other tread designs. We also

agree with defendant that exploration of the reasons for the different tread designs may shed light on whether the differences are due to functionality and are not just design choices, an important defense to the claimed trade dress. Additionally, as defendant demonstrates in its reply, there is evidence in the record that street tires are sometimes used for racing and vice-versa.

Finally, we reject the notion that it is defendant's fault that these topics have not been previously explored in discovery. Plaintiff argues that it previously produced documents concerning its racing tires and defendant did not pursue further inquiry. That plaintiff produced some records about its racing tires does not cure the problem that it failed to be clear about which design it was seeking to protect, and that these racing designs apparently should be excluded from its claim. Defendant cannot shift its failure to plaintiff in this manner.

We grant Atturo's motion. We order that the documents outlined in the motion to compel be produced in their entirety by October 2, 2015. We further order that by October 16, 2015, plaintiff designate no more than three additional witnesses to be deposed about these issues and that plaintiff work to produce them forthwith for depositions here in Chicago, or at a mutually agreed upon place. Fact discovery is reopened for this purpose until November 13, 2015 to accomplish these tasks. Defendant is to submit a detailed affidavit setting forth its counsel's time and costs for the motion by September 28, 2015, so that the Court can assess sanction.

We finally again urge the parties, particularly Toyo, to work through these discovery issues. There are two additional motions for sanctions currently pending before the Court which the Court believes could be resolved without further litigation. We urge the parties to confer about these motions prior to the Court's ruling.

**ENTER:**

**DATED:** <u>September 22, 2015</u>

_____

Susan E. Cox, U.S. Magistrate Judge