## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| TOYO TIRE & RUBBER CO., LTD., and TOYO TIRE U.S.A. CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>ATTURO TIRE CORP., and SVIZZ-ONE CORP., LTD.,<br><br>Defendants. | Case No: 14 C 206<br><br>Judge John Z. Lee<br>Magistrate Judge Susan E. Cox |
| ATTURO TIRE CORPORATION,<br><br>Counter-Plaintiff,<br><br>v.<br><br>TOYO TIRE & RUBBER CO., LTD., and TOYO TIRE U.S.A. CORP.,<br><br>Counter-Defendants. | |

## ORDER

Plaintiff Toyo Tire & Rubber Co., Ltd. ("Toyo") claims that defendant Atturo ("Atturo") Tire Corp. has infringed its protected trade dress on certain tire treads. The parties have had several disputes around the scope of discovery and the Court has issued several rulings. Familiarity with those rulings and the Court's memorandum opinion and order dated September 22, 2015 (Dkt. 228) is assumed for purposes of this Order. In that memorandum opinion and order, the Court granted Atturo's Motion to Compel additional discovery on Toyo's Multiple Open Country M/T ("OPMT") Patterns (Dkt. 191), and cautioned both parties to attempt to negotiate the remaining discovery disputes, which were the subject of two additional discovery

1

motions filed by Atturo (Dkt. 194 and 188). The parties agreed to stay the resolution of those motions by this Court and attempt to resolve them without further intervention by the Court. (Dkt. 238). The Court has agreed to continue the stay on Atturo's Motion to Preclude Toyo From Presenting Evidence on an International Trade Commission Action. (Dkt. 188.) Presently before the Court is Atturo's Motion to Preclude Toyo From Presenting Advertising Evidence. (Dkt. 194.) The parties' joint status report on the pending issues demonstrates that they have made admirable progress toward resolving this motion on their own, but three matters remain. It is to these disputes we now turn.

The first dispute centers around Toyo's production of advertising materials regarding the tires on which it asserts trade dress protection. The scope of discovery on this issue first came before the Court in February of this year. At a hearing on this and other issues, counsel for Atturo requested that Toyo present "an accounting of the $22 million" Toyo claimed to have spent on advertising for the OPMT tires. The Court made several rulings orally,[1] including that Toyo need not produce accounting and other documents to substantiate its asserted $22 million expense in total advertising costs for the OPMT tires. The Court rejected Atturo's argument, stating that Atturo was instead entitled to explore "the scope of the advertising with respect to this particular tire and how Toyo communicated with the general public about its features, whether they were talking about the functionality of the tire, the tread, or it they were talking about, you know, the trade dress." (Dkt. 221-1, at 42:3-8.) The Court further stated that questions concerning the allocation of the advertising budget could be explored in a deposition of a knowledgeable witness. The Court also asked Toyo to produce its "advertising with respect to the tire for which you're claiming trade dress in this case" and to ensure that Atturo received "all

---

[1] Some of the Court's rulings are reflected in a minute order at docket entry number 140. Other rulings were only made orally and do not appear on the minute order, but are reflected in the transcript of the hearing.

the advertisements in whatever form they appeared with respect to that particular tire . . . ." (Dkt. 221-1 at 42:12-17.) The hearing also included discussions about whether Toyo had an obligation to produce materials in the public domain which were equally available to Atturo, but that discussion centered on information available on public websites. The Court readily concedes that this part of the ruling is not completely clear, but it is obvious from the transcript that Toyo's obligation was to produce all of its advertising exemplars concerning the tire(s) for which it claimed trade dress protection.

Several months after this February 2015 hearing, on August 4, 2015, Atturo filed the instant motion to compel and for sanctions, arguing that Toyo failed produce all of the relevant advertising materials in contravention of this Court's February 2015 order, and seeking discovery sanctions in the form of attorneys' fees and precluding Toyo from presenting evidence on OPMT-related advertising or the amount of money it spent advertising for those tires. (Dkt. 194.) That motion primarily focused on the alleged discrepancy between Toyo's Answer to Interrogatory No. 19, which states that Toyo cannot attribute specific advertising costs to specific tires, and its witness Amy Coleman's testimony. Ms. Coleman testified that Toyo could determine the cost of some advertisements by examining advertising tear sheets from its vendors, thereby contradicting the previously filed response to Interrogatory No. 19. These tear sheets include both the actual invoice for the ad and an exemplar of the ad placed. Atturo filed its motion to compel and for sanctions after this deposition, claiming that Toyo violated the Court's Order requiring them to produce all its advertising materials.

After the Court urged the parties to attempt to resolve the matter, Toyo agreed to produce the materials referenced in Ms. Coleman's deposition, including the tear sheets. Nevertheless, Atturo continues to press for a sanction, contending that Toyo's belated production violated the

Court's February 4, 2015 Order. It asks the Court to bar Toyo from relying on any materials it produced after the July 2, 2015 fact discovery cut-off (which would include the belated advertising expense documents referred to above) or, with respect to OPMT marketing materials, state whether the materials produced display the trade dress and identify the time frame for the ads and to whom they are directed. Atturo also requests an award of fees and costs on this motion for sanctions. Atturo argues that it cannot be sure that Toyo has made a complete production of its advertising documents "given Toyo's long history of making incorrect representations with stated and unstated caveats." (Dkt. 265 at 3.) According to Atturo, Toyo's caveats have included that it was under no obligation to produce advertising expense documents or publicly shown advertisements (although it is hard to imagine an advertisement that wasn't shown to the public) or advertisements which showed alternative OPMT trends.

An award of sanctions should be reserved for a clear violation of a court order. The Court cannot find that one occurred here. The motion for sanctions is premised on the Court's February 4, 2015 Order. In that Order, the Court instructed Toyo to produce its advertising materials, but specifically exempted from its production documentation supporting its advertising expenses. Toyo construed that Order to exclude the tear sheets and justified that exclusion by claiming these documents were expense documents and that the advertisements shown therein were cumulative of other produced materials. Although this is a rather narrow interpretation of the Court's Order, it is not an unreasonable one. In addition, as to certain materials within the public domain, the Court has already noted that its Order was not entirely clear on its scope, so Toyo's limitation of its production to exclude materials equally available to both sides does not violate the Order. Finally, with respect to the asserted last basis for a sanction, Toyo's supposed carve out of advertisements of alternative OPMT tire treads, the Court

already ordered production of materials regarding these treads, including advertising documents, and has recommended that Toyo be sanctioned for withholding these materials in its Memorandum and Order of September 22, 2015. (Dkt. 228.) So a further sanction on this basis also is not warranted.

It seems to the Court that in lieu of filing the instant motion, Atturo instead should have held a face to face discovery conference with Toyo after Ms. Coleman's deposition to discuss whether it was now willing to produce these advertising documents given the scope of her testimony. If that had occurred prior to this motion, it is not readily apparent to the Court from the filings. Had there been such a meeting, which did occur after the Court asked the parties to attempt to resolve their differences, Atturo may not have had to file its motion at all. Toyo has now complied with Atturo's requests,[2] and there is nothing further to compel and a sanction is not necessary.

The second issue before the Court is whether Toyo can maintain its current position in discovery regarding whether certain OPMT tire treads contain the alleged trade dress. As it stands now, Toyo has identified five alternative OPMT treads which "substantially" embody the trade dress, in addition to the commercial tire Toyo identified in its original Answer to an Interrogatory directed at this issue. Atturo has requested that it be allowed to inquire further about this topic at a Rule 30(b)(6) deposition. Toyo does not oppose this concept, but argues that Atturo's use of the word "embody" with its witness "would potentially invade attorney-client privilege and work product to the extent deposition questions sought reasons why Toyo does or does not believe a particular tread 'embodies' the trade dress." (Dkt. 265 at 6-7.) Toyo cites no legal authority for this position. The Court disagrees that this is necessarily so. As it stands,

---

[2] To be clear, the Court's belief that this is so is based on its assumption that Toyo is no longer withholding the "tear sheets" or any other advertisements based on the fact that they are either expense documents or in the public domain or on any other basis.

5

Toyo has qualified its response by refusing to state unequivocally whether certain tires contain trade dress features and what those features are. Accordingly, Atturo should be permitted to ask Toyo's corporate witness to identify which specific features on the tires meet the definition of trade dress and which do not. Toyo's belief about why this is so is less useful and, depending on how the question is phrased, might invade privilege. If Toyo believes a question is improper, it can object and the Court will rule when the issue is ripe.

Finally, Atturo has asked Toyo to produce three-dimensional depictions of all of its OPMT tread patterns like the one it has produced with respect to one of the tires. Toyo has responded that it does not have such images for the other tires. If Toyo provide a verification of this to Atturo, the issue is moot. Therefore, for the reasons discussed above, Atturo's Motion to Preclude Toyo From Presenting Advertising Evidence (Dkt. 194) is DENIED.

**ENTER:**

**DATED:** November 20, 2015

Susan E. Cox, U.S. Magistrate Judge