# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

|                                   |   |               |
|-----------------------------------|---|---------------|
| Toyo Tire & Rubber, et al         | ) |               |
|      Plaintiff (s)                | ) | 14 cv 206     |
|                                   | ) |               |
| v.                                | ) |               |
|                                   | ) | Judge Susan E. Cox |
| Atturo Tire Corporation, et al    | ) |               |
|      Defendant(s)                 | ) |               |

## REPORT AND RECOMMENDATIONS

This matter comes before the Court for report and recommendation on defendant Atturo's petition for reasonable attorney's fees [232] following the Court's September 22, 2015 order [228] granting its motion to compel further discovery on its multiple OPMT patterns [191]. Plaintiff has objected to Atturo's petition for fees in the amount of $25,690.00 for the costs of the original motion, the presentment of that motion in Court and Atturo's reply to its brief. We recommend a sanction of $12,350 to the district judge.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the Court has the discretion to order the party pay the movant's reasonable expenses incurred in making a motion to compel. In its objection to the Court's September 22, 2015 order to the district judge, plaintiff argued that Atturo did not confer in good faith about the discovery dispute prior to filing the motion, which would prevent the Court from awarding fees under Federal Rule of Civil Procedure Rule 37(a)(5)(i). Giving plaintiff every benefit of the doubt on this point, and because we believe that the amount ($25,690,00) claimed by Atturo for a relatively simple discovery motion is excessive in any case, we award only the cost and fees associated with the reply brief, $12,350.00. We do so because the Court made it clear to plaintiff at the presentment hearing for the motion that the dispute was one which could and should be resolved by the parties. In the Court's view, as we already have expressed, plaintiff's objection to further discovery on the tire tread patterns was wholly without merit given its own witnesses' testimony. To persist in that objection, especially after the motion was presented, forced Atturo to file a reply brief which plaintiff could have avoided had it been negotiating in good faith. Accordingly, these fees are completely justified under Rule 37(a)(5)(A).

Specific written objections to this Report and Recommendation may be served and filed within 14 days from the date that this order is served with the Honorable John Z. Lee. *See* [28 U.S.C. §636(b)(1)](). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. *Lorentzen v. Anderson Pest Control,* 64 F.3d 327, 330 (7th Cir.1995).

Date:   2/1/2016

_____
U.S. Magistrate Judge, Susan E. Cox