**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TOYO TIRE & RUBBER CO., LTD. and TOYO TIRE U.S.A. CORP., <br><br> Plaintiffs, <br> v. <br><br> ATTURO TIRE CORPORATION, and SVIZZ-ONE CORPORATION LTD., <br><br> Defendants. | Case No. 1:14-cv-00206 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Susan E. Cox |
| ATTURO TIRE CORPORATION, <br><br> Counter-Plaintiff, <br> v. <br><br> TOYO TIRE & RUBBER CO., LTD. and TOYO TIRE U.S.A. CORP., <br><br> Counter-Defendants. | |

**JOINT STATUS REPORT REGARDING EXPERT DISCOVERY SCHEDULE**

Pursuant to the Court's February 23, 2016 order (Dkt. 287), Plaintiffs/Counter-Defendants Toyo Tire & Rubber Co., Ltd. and Toyo Tire U.S.A. Corp. (collectively, "Toyo"), Defendant/Counter-Plaintiff Atturo Tire Corporation ("Atturo"), and Defendant Svizz-One Corporation Ltd. ("Svizz-One") hereby submit the following competing proposals for an expert discovery schedule.

**Toyo's Proposal:**

Toyo proposes the following expert discovery schedule, which also addresses Toyo's intent to file a dispositive motion regarding *Noerr-Pennington* immunity:

| **Event** | **Deadline** |
|---|---|
| Toyo Rule 12(c)/56 Motion (*Noerr-Pennington*) | May 20, 2016 |
| Atturo Response Rule 12(c)/56 Brief | June 3, 2016 |
| Toyo Reply Rule 12(c)/56 Brief | June 17, 2016 |
| Affirmative Expert Reports On All Issues | August 29, 2016, or 30 days after a decision on Toyo's anticipated *Noerr-Pennington* motion, or 60 days after the resolution of Atturo's two pending motions (Dkt. Nos. 303 and 305), including the completion of additional fact discovery, and any appeal and decision by the District Court Judge, whichever is latest |
| Rebuttal Expert Reports On All Issues | 60 days after submission of the affirmative expert reports. |
| Deposition of Experts | 60 days after submission of the rebuttal expert reports. |

Toyo initially proposed the above specific dates, but upon receipt of Atturo's proposal, suggested the above as a compromise. Atturo rejected Toyo's compromise, however, without any explanation or counter proposal. Toyo's compromise provides dates certain, as opposed to the Atturo proposal, to ensure the parties move the case forward to resolution. The proposal also, however, allows flexibility to the extent Atturo's pending fact discovery motions result in additional case delay.

Atturo's proposal ignores the intended Toyo dispositive motion, which as Toyo explains in the letter submitted to the Court today regarding that issue, should be addressed first and

1

before expert discovery. As such, Atturo's proposal may not afford the Court sufficient time to consider and decide Toyo's anticipated motion based on the *Noerr-Pennington* Doctrine before expert discovery begins. As outlined in Toyo's letter, all of Atturo's seven counterclaims fail as a matter of law under *Noerr-Pennington*. Removing those seven counterclaims from the case before expert discovery will greatly streamline the parties' expert disclosures and conserve the resources of all the parties. Toyo's proposed dates provide the parties time to present their respective positions to the Court well ahead of the expert disclosures deadlines, and allow the Court sufficient time to rule on the motion, thus enabling the parties to avoid substantial, unnecessary investments in expert disclosures directed to Atturo's counterclaims.

Additionally, Toyo expects Atturo's discovery motions to be denied by Magistrate Judge Cox for the reasons stated in Toyo's oppositions to those motions (Dkt. 310-1, 311-1). If that occurs, the parties will be required to proceed with expert discovery while Toyo's *Noerr-Pennington* motion is being briefed and addressed by the Court, thus eliminating the efficiencies to be gained by waiting for that issue to be resolved. Moreover, in that event, Toyo will not have sufficient time to prepare opening expert disclosures because, among other reasons, Atturo has failed to timely supplement its discovery under Rule 26(e), despite repeated requests by Toyo. This has and continues to impede Toyo's preparation of expert disclosures. The expert disclosure deadline must take into account time for Atturo to collect and produce supplemental discovery under Rule 26(e), for Toyo to review and analyze this supplemental discovery, and for Toyo's experts to incorporate this supplemental discovery into their analysis and opinions.

Therefore, Toyo respectfully requests the Court enter an expert discovery order as outlined above.

**Atturo's Proposal:**

Atturo proposes the following expert discovery schedule:

| Event | Deadline |
|---|---|
| Affirmative Expert Reports On All Issues | 60 days after the resolution of Atturo's two pending motions (Dkt. Nos. 303 and 305), including the completion of additional fact discovery, and any appeal and decision by the District Court Judge. |
| Rebuttal Expert Reports On All Issues | 60 days after submission of the affirmative expert reports. |
| Deposition of Experts | 60 days after submission of the rebuttal expert reports. |

Atturo proposes that the expert discovery deadlines be calculated from the date on which the two open fact discovery issues are resolved, which will depend on the resolution of Atturo's two pending motions: (i) Atturo's Rule 37 Motion To Compel Production Of Documents Concerning Non-Privileged Settlement Discussions With Respondents In The ITC Action And Request For An Award Of Attorneys' Fees And Costs (Dkt. No. 303); and (ii) Atturo's Rule 37 Motion For Sanctions Relating To Toyo's Advertising Expenditures (Dkt. No. 305). Briefing on these motions is set to be complete by April 18, 2016. *See* Dkt. No. 309. Resolution of these motions before proceeding to expert discovery will focus the issues and avoid inefficient and possibly duplicative expert discovery, which would unnecessarily increase the cost of litigation.

Atturo filed each of these motions as a result of Plaintiffs/Counter-Defendants Toyo Tire & Rubber Co., Ltd. and Toyo Tire U.S.A. Corp. (collectively, "Toyo") failing to adequately prepare their Rule 30(b)(6) witnesses and improperly withholding discovery. Each of these motions stems from Magistrate Judge Cox's February 10, 2016 ruling which granted Atturo's motions to compel (Dkt. Nos. 277 and 279) and ordered Toyo to produce deponents for two Rule 30(b)(6) depositions. These depositions occurred on March 1 and 3, 2016.

3

One of the depositions concerned the ITC action, which included the settlement agreements that Toyo entered into with various ITC respondents. At the deposition, however, Toyo's corporate witness was unable to answer questions related to non-privileged oral discussions that took place between Toyo's attorneys and the ITC respondents, or respondents' attorneys, as part of the settlement discussions in the ITC Action, even though this information is known by, and reasonably available to Toyo. Atturo believes that, after non-privileged settlement discussions occurred with the ITC respondents, the non-privileged conversations were memorialized in documents that Toyo is withholding on the basis of work-product / attorney-client privilege. By way of Atturo's Rule 37 Motion To Compel Production Of Documents Concerning Non-Privileged Settlement Discussions With Respondents In The ITC Action And Request For An Award Of Attorneys' Fees And Costs (Dkt. No. 303), Atturo has asked Magistrate Judge Cox to compel Toyo to produce for *in camera review* and subsequent production certain documents identified on Toyo's privilege log that Atturo believes are the most probable to contain this non-privileged information.

Atturo's Rule 37 Motion For Sanctions Relating To Toyo's Advertising Expenditures (Dkt. No. 305) relates to new information that Toyo provided after the February 10, 2016 order. This new information contradicts prior corporate testimony, Toyo's representations to Atturo and Magistrate Judge Cox, and concedes that events upon which Atturo has been seeking discovery for the past seven months on the basis of Toyo's corporate testimony, did not occur. As a result, Atturo has requested that Magistrate Judge Cox preclude Toyo from presenting any evidence of its OPMT-related advertising, marketing or promotional activities in this case.

Given the substantive nature of these motions, Atturo requests that expert discovery deadlines be calculated from the date on which Atturo's pending motions (Dkt. Nos. 303 and

4

305) are resolved, including the completion of additional fact discovery, and any appeal and decision by the District Court.

**Svizz-One's Proposal:**

Svizz-One concurs with Atturo's proposed expert discovery schedule.

Dated: April 15, 2016

Respectfully submitted,

/s/      Gary E. Hood
Gary E. Hood (IL 6281580)
Mark T. Deming (IL 6299631)
POLSINELLI PC
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
T: (312) 819-1900
F: (312) 819-1910
*ghood@polsinelli.com*
*mdeming@polsinelli.com*

William J. Robinson (*pro hac vice*)
Jean-Paul Ciardullo (*pro hac vice*)
Justin M. Sobaje (*pro hac vice*)
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
*wrobinson@foley.com*
*jciardullo@foley.com*
*jsobaje@foley.com*
T: (213) 972-4500
F: (213) 486-0065

*Attorneys for Plaintiffs/Counter-Defendants Toyo Tire & Rubber Co., Ltd. and Toyo Tire U.S.A. Corp.*

/s/    Brian C. Bianco
Brian C. Bianco
Julia R. Lissner
James I. Zirkle
AKERMAN LLP
71 South Wacker Drive, 46th Floor
Chicago, IL 60606
T: (312) 634-5700
F: (312) 424-1905
*brian.bianco@akerman.com*
*julia.lissner@akerman.com*
*james.zirkle@akerman.com*

*Attorneys for Defendant/Counter-Plaintiff Atturo Tire Corporation*


/s/    Reece Nienstadt
Reece Nienstadt
MEI & MARK LLP
818 18th Street NW, Suite 410
Washington, DC  20006
T: (888) 860-5678
*rnienstadt@meimark.com*

*Attorneys for Defendant Svizz-One Corporation Ltd.*