IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOYO TIRE & RUBBER CO., LTD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 14 C 206 |
| | ) | |
| ATTURO TIRE CORPORATION, et al., | ) | Judge John Z. Lee |
| | ) | |
| Defendants. | ) | |

## ORDER

After granting Atturo's motion to compel, Magistrate Judge Cox issued a Report and Recommendation [273] proposing sanction against Toyo Tire. For the reasons stated below, the Court adopts the Report and Recommendation and overrules Toyo Tires' objections.

## STATEMENT

Plaintiff Toyo Tire seeks, in part, to assert that its Open Country Mountain Tires ("OPMT") have a distinctive pattern that makes them recognizable and a protectable trade dress. During the deposition of a Toyo Tire employee, Atturo discovered what it believed was an additional OPMT pattern that had not been previously disclosed. The newly disclosed pattern is an OPMT design used for racing tires and is different from the commercial OPMT designs. At the deposition, Atturo requested that Toyo produce documents relating to the newly discovered patterns, and then reiterated that request in a letter. Toyo still refused, and Atturo filed a motion to compel. Magistrate Judge Cox held a hearing on the motion during which Toyo restated its position that it had provided all the relevant documents as to the tread patterns at issue.

In an order dated September 22, 2015, Magistrate Judge Cox disagreed that Toyo had satisfied its discovery duties and ordered production of documents. *See* Mem. & Order 9/22/15, ECF No. 228. In the same order, Judge Cox asked Atturo to submit an affidavit setting out the time and costs associated with the motion to compel in order to assess sanctions against Toyo. After both sides filed briefs on the issue of attorney's fees, a Report and Recommendation was issued proposing sanctions under Federal Rule of Civil Procedure 37(a)(5)(A). Because Toyo argued that Atturo had not properly meet and confer prior to filing the motion, Magistrate Judge Cox recommended assessing only the costs associated with the reply brief—$12,350. *See* R. & R. 2/1/16, ECF No. 273. Toyo filed an objection to the Report, arguing that the proposed sanction was improper. (Toyo does not challenge the decision granting the motion to compel.)

The imposition of sanctions under Rule 37 is a dispositive matter for which magistrate judges make a recommendation that district court's review de novo. *See Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 2002 WL 1433584, at *2 (N.D. Ill. July 2, 2002); *cf. Directv, Inc. v. Barczewski*, 604 F.3d 1004, 1011 (7th Cir. 2010); *Alpern v.*

*Lieb*, 38 F.3d 933, 935 (7th Cir. 1994). The Seventh Circuit has further articulated the de novo standard:

> *De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

Rule 37(a)(5)(A) states that, if a court grants a motion compelling discovery, the court must require the losing party to pay for the movant's reasonable expenses incurred in making the motion. There are, however, three circumstances in which the court may not order payment: (i) if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

Toyo raises four arguments for why the Court should not adopt the Report and Recommendation. First, Toyo argues that Magistrate Judge Cox's order failed to make a finding as to whether Toyo's position was substantially justified. *See* Toyo's Obj. to R. & R. at 10–12, ECF No. 288. But implicit in the order granting the motion to compel and the Report and Recommendation is the notion that Toyo's position on the motion was not justified. At the beginning of discovery, Atturo requested documents relating to all iterations and designs of Toyo's OPMT designs. Toyo never indicated that the production and its claims were based only on the commercial OPMT designs and not the racing version. The Court agrees with Magistrate Judge Cox's assessment that, given Toyo's failure to previously limit its asserted trade dress to one type of OPMT design, "the logical inference to be drawn . . . is that *all* OPMT tires bore the protected design." Mem. & Order 9/22/15 at 2. As such, Toyo's position to the contrary was not substantially justified.

Toyo's next two arguments are related. Toyo contends that sanctions are not appropriate here because Atturo did not meet and confer prior to filing its motion to compel and, alternatively, that Magistrate Judge's approach of awarding costs for only the reply brief is improper under the Federal Rules of Civil Procedure. *See* Toyo's Obj. to R. & R. at 7–10, 12–14.

The Court finds the approach used by the Report and Recommendation reasonable given the particular circumstances here. "With a rule as flexible as Rule 37, inevitably a broad discretion must be given the trial judge with regard to sanctions." 8B Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2284 (3d ed.). Atturo provided Toyo with multiple opportunities to provide the information in question. First, Atturo requested the information in person during the deposition. Atturo later reiterated its request in a letter to Toyo following the deposition. Toyo refused, leaving Atturo with little choice but to file the motion. Then, even after Atturo filed its motion, Toyo still had the opportunity to accede to Atturo's

request, rather than filing an opposition and forcing Atturo to file a reply. Magistrate Judge Cox's order limiting the sanctions to the cost of filing the reply brief aptly takes into account all of these particular facts, is amply supported by the record, and illustrates the flexibility that Rule 37 provides to trial courts to promote the purposes of Rule 37.

Finally, Toyo contends that Atturo has not carried its burden of establishing the cost of filing the reply brief. In particular, Toyo argues that (1) Atturo did not sufficiently describe how each amount of time was used, (2) the hours claimed were excessive, (3) the fees were not actually incurred by Atturo, and (4) the rate claimed by Atturo's attorney was not reasonable. *See* Toyo's Obj. to R. & R. at 14–15. As to the level itemization required for the bill, the Seventh Circuit has stated that, if a bill is detailed enough for paying clients, then it is detailed enough for a court. *See In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001). Having reviewed the petition for fees, the Court is satisfied that the time entries are sufficiently detailed. Similarly, the Court finds that the thirty hours spent on preparing the reply brief (twenty by the associate and ten by the partner) are a reasonable amount of time needed to respond to Toyo's arguments. As to whether the fees were actually incurred by Atturo, Toyo points to no requirement that a client must have paid the fees in order to obtain sanctions for them. In any event, the affidavit attached to the petition states that the fees listed "describe[] certain reasonable fees billed for the preparation" of the motion. Atturo's Pet. Fees, Ex. A, Bianco Aff., ECF No. 232. Lastly, the hourly rate Atturo's attorney charge in the market is the correct rate to use in calculating the fees for purposes of the sanction. *See Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993).

Accordingly, the Court adopts Magistrate Judge Cox's Report and Recommendation [273] and overrules Toyo's objections.

Date:  5/3/16                                              /s/ John Z. Lee