UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TOYO TIRE & RUBBER CO., LTD,** et al., <br><br> Plaintiffs, <br><br> v. <br><br> **ATTURO TIRE CORPORATION,** et al., <br><br> Defendants. | No. 14 C 00206 <br><br> Judge Mary Rowland |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Toyo Tire & Rubber Co., Ltd. and Toyo Tire U.S.A Corp. (collectively, "Toyo"), brought this action against Defendants Atturo Tire Corporation ("Atturo") and Svizz-One Corporation, Ltd., alleging in part that Atturo had infringed the trade dress on Toyo's Open Country Mountain Tires ("OPMT"). On July 23, 2018, the Court granted Atturo's motion for sanctions after finding that Toyo had violated at least three court orders by attempting to alter the definition of Toyo's trade dress after the close of fact discovery. (Dkt. 502). As a sanction for violating those orders, the Court ordered Toyo to pay reasonable fees and costs associated with bringing the motion for sanctions. (*Id*.). Atturo then provided the Court with an accounting of its fees, seeking a total of $122,274. (Dkt. 518). Toyo objects to this accounting, arguing that the fees are excessive. For the reasons set forth below, the Court grants Atturo's

motion for fees in part and orders Toyo to pay $103,239 to Atturo by September 30, 2020.

## I. BACKGROUND

During the first five years this case was pending, the Court sanctioned Toyo on four separate occasions. (Dkt. 273; Dkt. 326; Dkt. 333; Dkt. 356; Dkt. 502). As described in earlier orders, Toyo's refusal to provide basic information about its allegations and the bounds of its trade dress required years of motion practice, numerous rounds of Rule 30(b)(6) depositions, and repeated efforts by Atturo to compel Toyo's compliance with both discovery obligations and court orders. While overseeing discovery, the Court admonished Toyo that it was "multiplying the costs and expenses of this litigation" (Dkt. 289, 17:4); Toyo appeared to have a habit of "selectively interpret[ing]" court orders (Dkt. 289, 17:3); Toyo's conduct was "emblematic of the purposeful circumvention of this Court's orders" (Dkt. 333, 14); and that "Toyo's approach to discovery throughout this entire litigation" has been "obfuscation, frustration, and manipulation of discovery to its advantage though any means necessary at all times" (Dkt. 333, 19).

The relevant sanctions order involved Toyo's attempt to change the definition of Toyo's trade dress through expert reports after the close of fact discovery. (Dkt. 502). Some of Toyo's experts "referenced the trade dress Toyo had asserted in a California case also involving OPMT tires." (Dkt. 502, 8). After receiving those expert reports, Atturo had to investigate and analyze the extensive record in this case and in the California case, *Toyo v. CIA Wheel*, No. 8:15-cv-00246 (C.D. Ca.). After it was

2

clear that Toyo was attempting to change the trade dress in this case to the trade dress asserts in the *CIA Wheel* case, Atturo sent Toyo a letter stating that Toyo's conduct violated court orders and requesting that Toyo withdraw those expert opinions. Toyo failed to do so. Atturo devoted significant time and money working with experts to address two different trade dress definitions as well as litigating *Daubert* motions regarding the two different definitions. But Atturo is not seeking fees for that work.

Rather, in addition to that work, Atturo sought sanctions based on Toyo's discovery misconduct. The Court granted Atturo's request for sanctions and found that Atturo is entitled to reasonable attorneys' fees incurred for filing its renewed motion for discovery sanctions. (Dkt. 502). The Court now address the reasonableness of the fees requested.

## II. DISCUSSION

The district court has considerable discretion in establishing the appropriate amount of a fee award. *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 639 (7th Cir. 2011); *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 551 (7th Cir.1999). The Seventh Circuit has consistently noted that "[b]y virtue of its familiarity with the litigation," the district court is in the best position to determine the number of hours reasonably expended in the litigation. *Seventh Ave., Inc. v. Shaf Int'l, Inc.*, 909 F.3d 878, 881 (7th Cir. 2018) (citing *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993)).

3

To determine "a reasonable attorney's fee," the Seventh Circuit has instructed that "the district court must make that assessment, at least initially, based on a calculation of the 'lodestar'—the hours reasonably expended multiplied by the reasonable hourly rate—and nothing else." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012) (citing *Pickett,* 664 F.3d at 639). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett,* 664 F.3d at 639. Once a court has established an attorney's appropriate hourly rate, it next assesses the attorney's time entries and should "exclude hours that are 'excessive, redundant or otherwise unnecessary.'" *Small*, 264 F.3d at 708 (quoting *Hensley*, 461 U.S. at 434). What qualifies as a "reasonable" use of a lawyer's time "is a highly contextual and fact specific enterprise," and the court has "wide latitude" in awarding attorney's fees. *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010) (internal quotation marks omitted). The Seventh Circuit has observed, "[t]here is no one correct formula for determining a fee award." *Tomazzoli v. Sheedy*, 804 F.2d 93, 97 (7th Cir. 1986). However, a court may not arbitrarily cut a fee request; "a concise but clear explanation of its reasons for any reduction" is required. *Id.* (internal quotation omitted). As to the level of itemization required, the Seventh Circuit has stated that, if a bill is detailed enough for paying clients, then it is detailed enough for a court. *See In Re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001).

Toyo first argues that the motion for fees should be denied outright because Atturo failed to meaningfully meet and confer with Toyo. In its July 23, 2018 Order, the Court instructed the parties to confer and attempt to agree on a fee award before

4

bringing the motion. Toyo faults Atturo for waiting until September 26, 2018 to reach out to Toyo, and then for sending a letter requesting Toyo's response in two days. (Dkt. 518, Ex. 2). Atturo counters that it waited until September 26, 2018 to send its letter because the opening and response briefs on the impact of the sanctions order on the ten *Daubert* motions were due on August 24, 2018 and September 14, 2018. (Dkt. 503). Atturo thus states that it sent the letter immediately after completing the other briefing. Atturo further counters that it waited a full nine days before filing its motion, and that Toyo could have at least acknowledged receipt of the letter or stated it needed more time to respond to the letter. Instead, Toyo failed to acknowledge the letter at all. The Court agrees that the parties failed to meaningfully confer before filing the instant motion for fees. However, this is not a basis to deny the motion outright. The Court shall consider Atturo's fee petition.

Atturo seeks to recover the 2017 hourly rates for three attorneys. Those rates are $410 for Julia Lissner, $545 for Brian Bianco, and $600 for Stacy Baim.[1] Toyo does not contest that the hourly rates are reasonable. This Court previously approved the 2016 rates of Ms. Lissner and Mr. Bianco in an earlier fee petition. (Dkt. 333; Dkt. 356). The 2017 rates for Ms. Lissner and Mr. Bianco have increased by $20 and $25, respectively. As this Court recognized for rate increases from 2015 to 2016, the rates are "slightly higher" from one year to the next due to the ordinary course of law firm business and reflect the "additional experience…gained in the interim." (Dkt. 356, 14) (quoting Dkt. 333, 15); *see also Days Inns Worldwide, Inc. v. Lincoln Park Hotels,*

---

[1] Atturo notes that it is only seeking the fees for these three attorneys, even though several other attorneys worked on the sanctions motion. (Dkt. 518, 9).

*Inc.*, 500 F.Supp.2d 770, 789 (N.D. Ill. 2007) (finding trademark attorney rate "increase[ ] from $480 per hour to $510 per hour…in January 2007 as part of the ordinary course of business at the law firm…does not appear to be excessive"). Accordingly, these rates are patently reasonable.

Toyo does challenge the amount of time expended. (Dkt. 520, 3-4). Toyo thinks it unreasonable that Atturo expended 124.8 hours on the 15-page sanctions motion and 130.2 hours on the 15-page reply brief, for a total of $122,274. Toyo identifies nine specific entries that it argues should be stricken. Several of those are for "unnecessary" work relating to the letter sent by Atturo to Toyo and several internal memos. The total fee amount for those entries is $14,590. The other identified entries involve work that Toyo argues is redundant, such as the "filing" of the sanctions motion, totaling $4,445. Together, the identified entries encompass a total of $19,035.[2]

Atturo responds that the time it spent briefing the sanctions motion was "directly proportionate to the magnitude of Toyo's wrongful conduct." (Dkt. 532, 10); *see Johnson v. Kakvand*, 192 F.3d 656, 661-62 (7th Cir. 1999) ("[I]t is a known fact that a party's uncooperativeness with pretrial proceedings will increase the amount of time that the opposing attorney must devote to the case, an increase that will then be reflected in the petition for attorneys' fees."); *Rice v. Sunrise Express*, 273

---

[2] Toyo argues that Atturo's "block-billing" entries are too vague to allow meaningful review. The Court has rejected Toyo's challenge to block billing several times in this case. (Dkts. 273; 326; 333; 356). Block billing "is not a prohibited practice." *Farfaras v. Citizens Bank and Trust of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006). "As to the level of itemization required for the bill … if a bill is detailed enough for paying clients, then it is detailed enough for a court." (Dkt. 326, 3) (citations omitted). The Court again rejects this argument that borders on the frivolous.

6

F.Supp.3d 962, 977-78 (N.D. Ind. 2002) (finding requested attorneys' fees reasonable where opposing party "played a significant role in running up the [party's] legal tab and now has the audacity to suggest that the bill is too high"). Atturo also argues that Toyo mischaracterizes the substantial nature of the work by claiming Atturo merely worked on two 15-page briefs. Atturo's work extended over four months and involved analyzing the records of two complex cases to uncover the changing definition of trade dress, drafting a letter asking Toyo to withdraw its expert reports, drafting the sanctions motion, reviewing the lengthy opposition brief and its 18 exhibits, and drafting the reply brief. (Dkt. 532, 12). Regarding the entries identified by Toyo, Atturo argues that the Court should only reduce Atturo's fee award by those amounts, as those are the only specific entries challenged by Toyo.

After carefully reviewing the fee petition and billing statement, the Court finds that the requested hours are generally reasonable given the complexity of the motion for sanctions and reply brief. The Court also finds that Plaintiff's counsel exercised good billing judgment by limiting its petition to the work of three attorneys even though additional attorneys contributed to the motion for sanctions. (Dkt. 518, 9). Considering the complexity of the issues raised, and the favorable results obtained by Plaintiff, the Court finds the requested hours for the motion and reply brief to be reasonable. *See Kurowski v. Krajewski,* 848 F.2d 767, 776 (7th Cir. 1988).

However, the Court will strike the nine billing entries identified by Toyo totaling $19,035. Toyo cites to no other examples of allegedly excessive or duplicative hours in Atturo's fee petition, and this Court, after a line-by-line review of the billing

7

statements, can find none. Accordingly, the Court reduces Atturo's request for $122,274 by $19,035. Atturo is thus entitled to $103,239 in fees.

### III. CONCLUSION

For the foregoing reasons, Atturo's petition for fees [518] is granted in part. The Court orders Toyo to pay $103,239 to Atturo. The amount should be paid by September 30, 2020.

E N T E R:

Dated: September 2, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge