IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOYO TIRE CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ATTURO TIRE CORPORATION, et al., <br><br> Defendants. | Case No. 14-cv-0206 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs' motion for entry of final judgment of Counts II and VI under Federal Rule of Civil Procedure 54(b) [666] is denied.

**I.   Background**

Plaintiffs Toyo Tire Corporation and Toyo Tire U.S.A. Corp. (collectively, "Toyo"), brought this action against Defendants Atturo Tire Corporation ("Atturo") and Svizz-One Corporation Ltd. ("Svizz-One") asserting a number of claims including that Defendants infringed the trade dress on Toyo's Open Country Mountain Tires ("OPMT" tires). Atturo responded with seven counterclaims. Those counterclaims arise primarily from the settlement agreements that Toyo negotiated in an action Toyo brought in August 2013 before the United States International Trade Commission (ITC) ("ITC Action"). Toyo did not assert trade dress claims or name Atturo as a respondent in the ITC Action. Nevertheless, Toyo's settlement agreements with ITC respondents were conditioned on respondents agreeing not to

1

sell Atturo's Trail Blade M/T tire because Toyo stated that it believed Atturo's tire infringed the trade dress of Toyo's OPMT tire.

In August 2020, more than six and a half years after this case was filed, the parties filed cross motions for summary judgment.[1] On February 9, 2021, the Court entered summary judgment dismissing Toyo's Count II (Lanham Act trade dress infringement) and Count VI (violation of the Illinois Deceptive Trade Practices Act (IDPTA)). (Dkt. 661). The Court ruled that Toyo's asserted trade dress is functional and Toyo failed to establish secondary meaning. Toyo had also moved for summary judgment on Atturo's counterclaims. The Court denied in large part Toyo's motion for summary judgment, also on February 9, 2021. (Dkt. 660). The remaining claims, Atturo's counterclaims, are now scheduled for jury trial in September 2021. (*see* Dkt. 664).[2]

## II. Standard

Under Federal Rule of Civil Procedure 54(b):

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[1] This order assumes familiarity with the long procedural history of this case filed in January 2014.

[2] The parties agree that an appeal in this case would be to the Federal Circuit and identify no difference between Seventh Circuit and Federal Circuit law on Rule 54(b) certification. (Dkt. 666 at 2; Dkt. 670 at 11, 14).

Fed. R. Civ. P. 54(b). "To avoid time-consuming duplicative appeals, the norm in litigation is one appeal per case." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies*, 408 F.3d 935, 940 (7th Cir. 2005). Rule 54(b) certification is permitted, however, if three prerequisites are met: (1) "the action must involve separate claims"; (2) "there must be a final decision as to at least one of these claims"; and (3) "the district court must expressly determine that there is 'no just reason for delay.'" *Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1108 (7th Cir. 1984).

"Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." *Lottie,* 408 F.3d at 939. "It is not enough to resolve something that is designated as a separate claim, if other aspects of the case involve the same underlying subject matter. The claim resolved must dispose of a distinct issue; only then will there be 'no just reason for delay' in the appellate process." *Domanus v. Locke Lord LLP*, 847 F.3d 469, 477 (7th Cir. 2017). "District courts have substantial discretion in determining when there is no just cause for delay." *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001). In making that determination, "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 1465, 64 L. Ed. 2d 1 (1980).

**III. Analysis**

Toyo requests that the Court enter Rule 54(b) judgment on its Counts II and VI brought against Atturo, which were dismissed by this Court in the February 9, 2021 summary judgment ruling.[3]

**A. Separate claims**

Rule 54(b) allows for appeals of claims that are separate and distinct from claims remaining in the district court. The purpose of this requirement is "to 'spare the court of appeals from having to keep relearning the facts of a case on successive appeals.'" *Rodriguez v. Rooney*, 2010 WL 3239446, at *2 (N.D. Ill. Aug. 13, 2010) (quoting *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 702 (7th Cir. 1984)). "The tension between the presumptive rule of one appeal per case and the utility of segregating separate claims for immediate appeal makes it important to define a 'claim' with care, lest the exception swallow the rule…when the questions remaining in the district court factually overlap those on appeal, presenting a specter of sequential appellate resolution, the appeal is impermissible." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990).

Toyo concedes that "both side's claims involve Toyo's assertion of its tire trade dress." (Dkt. 666 at 5). It argues, however, that a Rule 54(b) partial judgment is warranted because Atturo's counterclaims arose out of different events than Toyo's claims. The legal bases of the claims here are different: Toyo's claims are based on its

---

[3] The second element of the analysis is not disputed because the Court granted summary judgment in Atturo's favor, dismissing with prejudice Toyo's claims for trade dress infringement and violation of the IDTPA. (Dkt. 661).

4

allegation that Atturo violated its protectable trade dress in the OPMT tire, and Atturo's counterclaims arise out of Toyo's alleged defamation and wrongful interference with Atturo's contracts related to the 2013 ITC Action. But separate claims does not mean "in the sense of arising under a different statute or legal doctrine…but in the sense of involving different facts." *Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002). "[W]e have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those ongoing in the district court." *Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004). *See also Lottie,* 408 F.3d at 939 ("Rule 54(b) is not intended to provide an option to the district court to certify issues for interlocutory appeal.").

The Court agrees with Atturo that there is factual overlap, weighing against entering Rule 54(b) partial judgment. Atturo points out the following overlap in facts, witnesses, evidence, and legal issues: (1) the allegations in Atturo's counterclaims, which each disputed that Toyo owned an enforceable trade dress in its OPMT tire; (2) Toyo's affirmative defenses, each based on Toyo's claim to own enforceable trade dress in its OPMT tire; (3) the Summary Judgment Order, which expressly incorporated the background facts from the contemporaneously entered order denying summary judgment on Atturo's counterclaims; (4) the briefing on the parties' cross-motions for summary judgment, which involved: (a) the same parties (Atturo and Toyo); (b) same products (the OPMT and TBMT tires); (c) same business industry (tires); (d) testimony from the same witnesses; and (e) evidence concerning the ITC Action.

Toyo does not dispute these specific areas of overlap, but argues that the Federal Circuit will not have to re-learn all of the underlying evidence relevant to secondary meaning and functionality in a second appeal. (Dkt. 673 at 7). The Court acknowledges that if there were two appeals, the Federal Circuit would be deciding separate legal issues and it may not need to review all of the same evidence. But the Federal Circuit would have to re-learn facts in a number of areas. These include the relationship of the parties, the particular tire industry and particular tires at issue, facts about Toyo's development of the OPMT tire and Atturo's development of the TBMT tire. The Federal Circuit also would have to re-review testimony from the same witnesses. As Toyo acknowledges, in cases involving "some but not complete factual overlap between nominally separate claims," this circumstance "invite[s] an exercise of discretion by the district court." *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1367 (7th Cir. 1990).

Toyo relies on two cases where the district courts dismissed patent infringement claims on summary judgment and entered Rule 54(b) judgments although patent-related antitrust counterclaims were still pending. *W.L. Gore & Assocs. v. Int'l Med. Prosthetics Rsch. Assocs., Inc.*, 975 F.2d 858 (Fed. Cir. 1992); *Intellectual Ventures I LLC v. Capital One Fin.Corp.*, 850 F.3d 1332 (Fed. Cir. 2017). In *W.L. Gore,* the party opposing certification made only "conclusory assertions of factual overlap" which did not demonstrate that the lower court abused its discretion in entering Rule 54(b) judgment. 975 F.2d at 864. The Federal Circuit also explained that even with some factual overlap, other factors may justify a district court exercising its discretion to

enter Rule 54(b) certification. *Id.* Moreover, in *W.L. Gore,* when the district court issued its ruling, trial on the antitrust counterclaim was nearly two years away. *Id.* at 860. In *Intellectual Ventures I LLC,* there was a "tenuous relationship between the claims on appeal and counterclaims that remain." 850 F.3d at 1336. In addition to the fact that the defendant's antitrust counterclaims "transcend[ed] issues of mere infringement," the counterclaims implicated plaintiff's "patent portfolio of roughly 3,500 patents", while plaintiff asserted "only a narrow subset…of that broader portfolio." *Id.* By contrast, here, underlying both the claims and counterclaims is Toyo's assertion of protectable trade dress in its OPMT tire.

The overlap in facts and evidence weighs against granting Toyo's motion. Moreover, even if the overlap in the claims is not as significant as in other cases addressing Rule 54(b) motions, other factors heavily weigh against entering Rule 54(b) partial judgment in this case, as explained below.

### B. No just reason for delay

In deciding whether there is no just reason to delay an appeal, "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. The Seventh Circuit in *Bank of Lincolnwood v. Fed. Leasing, Inc.* identified some relevant considerations, relying on the Third Circuit's "catalogue of relevant considerations [] with the caveat that it is not all-inclusive":

> (1) The relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second

> time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

622 F.2d 944, 949 (7th Cir. 1980) (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)). As discussed, the first consideration weighs against entering partial judgment under Rule 54(b). The fifth consideration is also particularly important in this case. As this Court has noted before, Toyo's litigation conduct resulted in delays and Toyo being sanctioned on multiple occasions. Indeed Toyo resisted defining its trade dress—the heart of this case—until multiple court orders required it to do so. Then, *four and a half years* after the case was filed, the Court sanctioned Toyo for changing its definition of the asserted trade dress during expert discovery. (Dkt. 502). That in turn impacted the admissibility of Toyo's experts' opinions. Toyo's own conduct thus contributed to it taking nearly seven years for this case to reach the stage of parties filing summary judgment motions. Trial is now finally scheduled only four months from now. In light of these circumstances, to allow Toyo to expedite a piecemeal appeal instead of adhering to the norm of one appeal per case is contrary to Rule 54(b)'s purpose. *See Indiana Harbor Belt R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1443 (7th Cir. 1988) (Rule 54(b) adopted to address potential "injustice for litigants who had to await the conclusion of the entire litigation even though their rights on certain issues had been conclusively resolved *early on*.") (emphasis added).

Further, Toyo does not identify any particular hardship or injustice that would result from allowing the case to proceed in the usual process. *See Maher v. Rowen Grp., Inc.*, 2015 WL 4111426, at *12 (N.D. Ill. July 7, 2015) (plaintiffs did not identify "any hardship they face by waiting for the proceedings to run their course in the usual manner."); *see also Taco John's of Huron, Inc. v. Bix Produce Co.*, 569 F.3d 401, 402 (8th Cir. 2009) ("Our cases are uniform in holding that we will not assume jurisdiction over a case certified to us under rule 54(b) as a routine matter or as an accommodation to counsel and that we will not do so unless there is some danger or hardship or injustice which an immediate appeal would alleviate.").

Toyo makes the broad statement that an appeal should be permitted now because of the "potential risks of witnesses becoming unavailable and memories fading." Toyo does not identify any specific concerns about witnesses or memories. And again, as Toyo has caused many delays in this case, it cannot now insist on a rushed process to the detriment of judicial efficiency and to Atturo. *ImageCube LLC v. The Boeing Co.*, 2010 WL 331723, at *4 (N.D. Ill. Jan. 22, 2010) ("Having prevailed in setting the case on its current course, Defendants cannot be heard to complain too loudly [about the court's ruling on the Rule 54(b) motion]."). Costs to Atturo (and both parties for that matter) would likely significantly increase if parties had to prepare for an impending trial in this court at the same time as they are separately briefing an appeal to the Federal Circuit. Moreover, as Atturo points out, also weighing against entering Rule 54(b) judgment is the fact that this Court ruled in favor of Atturo on the issues of functionality and secondary meaning, and even one of those issues in Atturo's favor

9

would have been dispositive on summary judgment (a fact Toyo does not dispute). (*see* Dkt. 661 at 4-5).

Toyo also contends that the jury trial may not proceed this September because of the pandemic. However the Court explained at the March 2, 2021 hearing that jury trials were successfully conducted in July, August, September 2020 in the Northern District of Illinois. (Dkt. 672 at 6-7). The Court also explained the procedures aimed at keeping all individuals safe during jury trials. (*Id*.). Jury trials are currently being conducted safely. *See Williams v. City of Chicago*, 17-cv-5186 (verdict returned 4/16/21), *Synnott v. Burgermeister*, 16-cv-9098 (verdict returned 4/13/21), *U.S. v. Garcia*, 18-cr-688 (verdict returned 4/16/21). The Northern District of Illinois' website on Coronavirus/COVID-19 Guidance provides exhaustive guidance and information about the Court's procedures for holding proceedings during the pandemic including specific information for jurors.[4] In light of increasing vaccinations and the procedures in place to specifically allow trials such as this one to proceed, this Court has no reason to believe that the jury trial set for this September will be delayed.

## IV.   Conclusion

For the stated reasons, Toyo's motion for entry of final judgment [666] is denied. Jury trial remains set for the week of September 13, 2021. Final pretrial conference set for August 30, 2021 remains set and along with other deadlines set by the Court (*see* Dkt. 664).

---

[4] *See* https://www.ilnd.uscourts.gov/Pages.aspx?page=guidance_covid19

E N T E R:

Dated: May 10, 2021

_Mary M Rowland_

MARY M. ROWLAND
United States District Judge