**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ATTURO TIRE CORPORATION, | ) | |
| | ) | |
| Plaintiff at Trial, | ) | Case No. 1:14-cv-00206 |
| | ) | |
| v. | ) | Judge Mary M. Rowland |
| | ) | (formerly before Judge John Z. Lee) |
| TOYO TIRE CORPORATION and | ) | |
| TOYO TIRE U.S.A. CORP., | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants at Trial. | ) | |

## ATTURO'S MOTIONS *IN LIMINE* NOS. 1-10

Brian C. Bianco
Julia R. Lissner
John M. Schafer
AKERMAN LLP
71 South Wacker Drive
46th Floor
Chicago, IL 60606
T: (312) 634-5700
F: (312) 424-1905
brian.bianco@akerman.com
julia.lissner@akerman.com
jay.schafer@akerman.com

*Counsel for Plaintiff at Trial*
*Atturo Tire Corporation*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ........................................................................................................ 1

RELEVANT LEGAL STANDARDS ........................................................................... 2

MOTIONS *IN LIMINE* NOS. 1-10 ............................................................................. 3

    I.    Motion No. 1 To Exclude Toyo's Three Affirmative Defenses. ..................................... 3

        A.    Toyo's Affirmative Defenses Are Precluded By ECF No. 661. .................................. 3

        B.    Alternatively, Toyo's Affirmative Defenses Are Equitable Defenses For The Court (Not The Jury) To Decide. .................................................................................... 4

    II.    Motion No. 2 To Bar Any Unpled Affirmative Defenses, Including Evidence And Argument That Toyo Was Allegedly Justified In Interfering With Atturo's Business. ............. 5

    III.    Motion No. 3 To Exclude Evidence And Argument On The ITC Action That Are Inconsistent With ECF Nos. 362 & 660. .................................................................. 6

    IV.    Motion No. 4 To Exclude Evidence And Argument That Toyo Was Of The "Opinion" That It Owned A Trade Dress And Atturo Infringed, As Well As Other Evidence And Argument On The Nature Of Toyo's Statements About Atturo That Are Inconsistent With ECF Nos. 660 & 661. ........................................................................................... 8

    V.    Motion No. 5 To Exclude Evidence And Argument That Toyo Allegedly Had A Good Faith Belief That It Had A Protectable Trade Dress During The Drafting Of The At-Issue Settlement Agreements, As Precluded By ECF No. 661. ................................................. 9

    VI.    Motion No. 6 To Exclude Evidence And Argument Relating To Toyo's California Case As Barred By Multiple Court Orders. .......................................................................... 10

    VII.    Motion No. 7 To Exclude Evidence And Argument That Toyo Has Any OPMT Trade Dress Rights (Asserted Or Unasserted In This Case) As Barred By Multiple Court Orders. .. 11

    VIII.    Motion No. 8 To Bar Yuchi Nakamura From Testifying At Trial And Any Other Witnesses Not Listed In Toyo's Rule 26(a) Disclosures. ........................................... 12

    IX.    Motion No. 9 To Exclude Evidence And Argument On Tire Design And Appearance. ........................................................................................................... 14

    X.    Motion No. 10 To Bar Adrian Puente From Testifying At Trial. .................................. 16

CONCLUSION ............................................................................................................ 17

## TABLE OF AUTHORITIES

**Federal Cases**

*Banister v. Firestone*, No. 17 C 8940, 2018 WL 4224444 (N.D. Ill. Sept. 5, 2018) ..................... 4

*Bebble v. Nat'l Air Traffic Controllers' Ass'n*, No. 00 C 4055, 2001 WL 128241
    (N.D. Ill. Feb. 9, 2001) .................................................................................................. 6

*Deflecto, LLC v. Dundas *Jafine Inc.*, No. 13-0116-CV-W-ODS, 2015 WL 9413148
    (W.D. Mo. Dec. 22, 2015) ............................................................................................. 15

*Jarrard v. CDI Telecommunications, Inc*., 408 F.3d 905 (7th Cir. 2005) .................................... 2

*Jonasson v. Lutheran Child & Family Servs*., 115 F.3d 436 (7th Cir. 1997) ............................... 2

*Luce v. U.S.*, 469 U.S. 38 (1984) ............................................................................................... 2

*Owens v. Ellison,* No. 13-cv-7568, 2017 WL 1251694 (N.D. Ill. Mar. 31, 2017) ..................... 13

*Q Sales & Leasing, LLC. v. Quilt Protection, Inc*., No. 01 C 1993, 2004 WL 2420640
    (N.D. Ill. Oct. 26, 2004) ............................................................................................... 15

*Sibel Prods,, Inc. v. Gaming Partners Int'l Corp*., No. 09-cv-87, 2010 WL 55689
    (S.D. Ill. Jan. 4, 2010) .................................................................................................... 5

*U.S. v. Jinhuang Zheng,* No. 14-cr-424, 2017 WL 3434228 (N.D. Ill. Aug. 10, 2017) ................ 2

*Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997) .............................................................. 5

*Waid v. Merrill Area Pub. Schools*, 130 F.3d 1268 (7th Cir. 1997) ............................................ 2

*Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008) ............................................................... 5

*Walrus Brands, LLC v. Peaches Uniforms, Inc.*, No. 1:12-cv-04892, ECF No. 390
    (N.D. Ill. Apr. 23, 2018) ............................................................................................... 15

*Zimmer, Inc. v. Howmedica Osteonics Corp*., No. 3:14-CV-152, 2018 WL 1062681
    (N.D. Ind. Feb. 27, 2018) ............................................................................................... 4

**State Cases**

*Am. States Ins. Co. v. Bailey*, 285 Ill. App. 3d 687 (1st Dist. 1996) ............................................ 5

*Falcon v. Leger,* 62 Mass. App. Ct. 352 (2004) .......................................................................... 5

*Roy v. Coyne*, 259 Ill. App. 3d 269 (1st Dist. 1994) .................................................................... 5

*Zahl v. Krupa,* 365 Ill. App. 3d 653 (2d Dist. 2006) .................................................................... 4

**Federal Rules**

Fed. R. Civ. P. 26 ................................................................................................... 12, 16

Fed. R. Civ. P. 37 ....................................................................................................... 12

Fed. R. Civ. P. 8 ........................................................................................................... 5

Fed. R. Evid. 402 .................................................................................................. passim

Fed. R. Evid. 403 .................................................................................................. passim

**Other Authorities**

58 U. Cin. L. Rev. 397 (1989) ..................................................................................... 5

*Fed. Civ. Jury Instructions of the Seventh Circuit* (2017 rev.) ...................................... 4

## INTRODUCTION

Pursuant to this Court's March 2, 2021 Order (ECF No. 664) and guidelines for Proposed Pre-trial Orders,[1] Plaintiff at Trial Atturo Tire Corporation ("Atturo") submits the following ten motions in *limine* (Nos. 1-10), in addition to Atturo's pending *Daubert* motion (ECF No. 414). For each motion in *limine*, counsel for Atturo has conferred with counsel for Defendants at Trial Toyo Tire Corporation and Toyo U.S.A. Corp. ("collectively, "Toyo") and has determined that the matter upon which a ruling is sought is actually in dispute.

Atturo's motions are critical to a fair trial. Toyo plans to hijack this trial by introducing evidence and argument that directly contradict multiple Court orders. For example, Toyo plans to circumvent this Court's February 9, 2021 Order holding that Toyo does not, and did not as of the fall of 2012, own a protectable trade dress in Toyo's Open Country M/T ("OPMT") tire. Toyo's effort to relitigate the trade dress issue is demonstrated by its identification of hundreds of exhibits related to Toyo's OPMT (including advertising and physical tire samples), a new previously undisclosed witness on "tire design," and a witness on alleged "consumer confusion" between Toyo's OPMT and Atturo's Trail Blade M/T ("TBMT") tires. These issues have already been resolved by this Court on summary judgment, and Toyo's attempt to get a second bite at the apple should be rejected.

In addition, this Court has sanctioned and admonished Toyo at least five times regarding Toyo's continued effort to interject an unrelated California case into this case. Yet, in defiance of these orders, Toyo plans to introduce evidence and argument regarding the California case at trial. Toyo also further attempts to relitigate this Court's March 30, 2017 and February 9, 2021

---

[1] https://www.ilnd.uscourts.gov/judge-cmp-detail.aspx?cmpid=1098 at § III.

summary judgment findings regarding Atturo's relationship to Toyo's ITC proceeding in an improper effort to get a different result.

The significant progress made by this Court to narrow the issues for trial (by three different judges) should not be tossed aside. Toyo's attempt to undo the last seven years of litigation should be rejected. Absent Atturo's requested relief, Atturo will suffer significant prejudice and this trial will balloon out of control.

## RELEVANT LEGAL STANDARDS

Motions *in limine* are "important tool[s] available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A party may use a motion *in limine* to exclude anticipated inadmissible or prejudicial evidence before it is actually offered at trial. *See Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984). In particular, under Federal Rule of Evidence 403:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403.

Motions *in limine* "may also relate to other matters, such as affirmative defenses and proper lines of inquiry at trial." *U.S. v. Jinhuang Zheng,* No. 14-cr-424, 2017 WL 3434228, at *2 (N.D. Ill. Aug. 10, 2017). One example of an improper line of inquiry pertains to issues that have already been "litigated and decided" by the Court, as "that should be the end of the matter." *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 912 (7th Cir. 2005); *see also Waid v. Merrill Area Pub. Schools*, 130 F.3d 1268, 1272 (7th Cir. 1997) ("A lawsuit, like all good drama,

requires consistency between acts," thus "[t]he law of the case doctrine generally binds a court to its own previous decision on issues arising earlier in the litigation").

## MOTIONS *IN LIMINE* NOS. 1-10

I. **Motion No. 1 To Exclude Toyo's Three Affirmative Defenses.**

A. **Toyo's Affirmative Defenses Are Precluded By ECF No. 661.**

Atturo requests exclusion of Toyo's First, Second, and Third Affirmative Defenses (ECF No. 50 at 58-59) because they are inconsistent with and precluded by this Court's February 9, 2021 Order granting Atturo's motion for summary judgment. *See* ECF No. 661. In that Order, this Court found that:

- Toyo did not own a protectable trade dress right in Toyo's OPMT tire as of the fall of 2012; and

- Atturo's TBMT tire does not infringe an alleged trade dress right in Toyo's OPMT tire.

*See* ECF No. 661 at 23-24. That is the law of the case and should be the end of the matter. *See* § Relevant Legal Standards, *supra*. However, each of Toyo's three affirmative defenses depend on Toyo owning a protectable trade dress right in the OPMT tire and/or Atturo being an infringer of that non-existent right:

- Toyo's Third Affirmative Defense ("Against Public Policy – IP Enforcement") asserts that "Atturo's counterclaims are barred as against public policy" because "***[h]olders of valid intellectual property*** are entitled to police and enforce the full scope of the intellectual property . . . [and] resolve potential disputes regarding violations of intellectual property through contract [and] Atturo's counterclaims attempt to interfere with Toyo's [alleged] right." ECF No. 50 at 59 (emphasis added).

- Toyo's First Affirmative Defense ("Unclean Hands") alleges that "Atturo's claims are barred . . . by the doctrine of unclean hands" because it was allegedly "defamatory, derogatory, and misleading" for Atturo to submit "a letter to the International Trade Commission" in which Atturo raised concerns about Toyo falsely characterizing Atturo as an infringer of Toyo's non-existent trade dress rights in the OPMT tire. *Id.* at 58-59; *see also* ECF No. 331-29.

3

- Toyo's Second Affirmative Defense ("Against Public Policy – Right to Contract / Settle Litigation") claims that "Atturo's counterclaims are barred as against public policy" because Toyo allegedly had "the right to form" settlement agreements in which Toyo falsely stated that Atturo was an infringer of Toyo's non-existent trade dress rights in the OPMT tire. ECF No. 50 at 59.

Toyo's assertion of these affirmative defenses would undermine the law of the case (ECF No. 661) and be highly misleading to the jury and unfairly prejudicial to Atturo (*see* FED. R. EVID. 403). Therefore, they should be fully excluded from the jury's consideration.

### B. Alternatively, Toyo's Affirmative Defenses Are Equitable Defenses For The Court (Not The Jury) To Decide.

To the extent that Toyo's First, Second, and Third Affirmative Defenses somehow survived this Court's February 9, 2021 Order granting Atturo's motion for summary judgment (ECF No. 661), Atturo alternatively requests that Toyo be precluded from presenting these defenses to the jury because they are equitable defenses for the Court to decide, not the jury.

It is well-recognized that Toyo's First Affirmative Defense for "unclean hands" "permits courts to deny equitable relief to parties who have themselves engaged in misconduct or acted in bad faith . . . But it **would not impact a claim for** legal remedies, like the **monetary damages** [Atturo] seeks here" from the jury. *Banister v. Firestone*, No. 17 C 8940, 2018 WL 4224444, at *5 (N.D. Ill. Sept. 5, 2018) (C.J. Castillo) (emphasis added); *see Zahl v. Krupa,* 365 Ill. App. 3d 653, 658 (2d Dist. 2006) ("the unclean hands doctrine . . . does not affect . . . the legal remedy of money damages"); *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 12.7.3 (2017 rev.) ("The Committee has not included an instruction defining the defenses of unclean hands and estoppel because they are issues for the court, not the jury").[2] The same is true for Toyo's Second and Third Affirmative Defenses based on alleged "public policy," which notably lack

---

[2] *See also Zimmer, Inc. v. Howmedica Osteonics Corp*., No. 3:14-CV-152, 2018 WL 1062681, at *6–7 (N.D. Ind. Feb. 27, 2018) (granting motion to exclude equitable affirmative defenses).

4

any defined elements upon which a jury can assess the issues and make a determination. *See generally Falcon v. Leger,* 62 Mass. App. Ct. 352, 365 (2004) ("issue whether public policy was violated is question of law for judge, not jury"); 58 U. CIN. L. REV. 397, 401 (1989) ("Judges, not juries, decide what is public policy"). Accordingly, Toyo's First, Second, and Third Affirmative Defenses should be excluded from the jury's consideration for this alternative reason as well.

## II.    Motion No. 2 To Bar Any Unpled Affirmative Defenses, Including Evidence And Argument That Toyo Was Allegedly Justified In Interfering With Atturo's Business.

Atturo requests that Toyo be barred from presenting any unpled affirmative defenses, including any evidence or argument that Toyo was allegedly "justified" in interfering with Atturo's business. "Federal Rule of Civil Procedure 8(c) requires a defendant to plead . . . any . . . affirmative defense in his answer to the complaint." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997) *see* FED. R. CIV. P. 8 (c). The Seventh Circuit has repeatedly held that failure to plead an affirmative defense is a waiver of that defense. *See, e.g., Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008) (defendants waived affirmative defense by failing to plead it in their answer and by raising it in their motion for summary judgment); *Venters*, 123 F.3d at 967-68 (same).

In particular, courts recognize that "***justification is an affirmative defense which a defendant must plead and subsequently prove***." *Am. States Ins. Co. v. Bailey*, 285 Ill. App. 3d 687, 691 (1st Dist. 1996) (emphasis added); *see Sibel Prods,, Inc. v. Gaming Partners Int'l Corp.*, No. 09-cv-87, 2010 WL 55689, at *2 (S.D. Ill. Jan. 4, 2010) ("whether a defendant was justified to interfere with the existing or future business relationships of another becomes an affirmative defense which he must plead and subsequently prove"); *Roy v. Coyne*, 259 Ill. App. 3d 269, 279 (1st Dist. 1994) (same); *Bebble v. Nat'l Air Traffic Controllers' Ass'n*, No. 00 C

5

4055, 2001 WL 128241, at *3 (N.D. Ill. Feb. 9, 2001) ("justification is an affirmative defense, and the plaintiff need not plead and prove the absence of a justification").

Here, Toyo has not pled "justification" as one of Toyo's three affirmative defense to Atturo's claims.[3] *See* ECF No. 50 at 58-59. In addition, any evidence or argument at trial attempting to prove Toyo's alleged "justification" in interfering with Atturo's business would undermine the law of the case (ECF Nos. 660, 661) and be highly misleading to the jury and unfairly prejudicial to Atturo (*see* FED. R. EVID. 403). This Court has already found on summary judgment that:

- Toyo did not own a protectable trade dress right in Toyo's OPMT tire as of the fall of 2012 (*see* ECF No. 661 at 23-24);

- Atturo's TBMT tire did not infringe that non-existent right (*id.*); and

- Toyo cannot defeat Atturo's claims by alleging that Toyo was of the "opinion" in 2013 and 2014 that Toyo owned a protectable trade dress right in Toyo's OPMT tire and that Atturo's Trail Blade M/T infringed (*see* ECF No. 660 at 14-18).

Thus, Toyo should not be allowed to present evidence and argument on the topic of Toyo's alleged "justification" for interfering with Atturo's business, as well as any other unpled affirmative defenses.

## III. Motion No. 3 To Exclude Evidence And Argument On The ITC Action That Are Inconsistent With ECF Nos. 362 & 660.

Atturo requests that the Court exclude evidence and argument by Toyo that are inconsistent with and attempt to relitigate this Court's findings in its March 30, 2017 and February 9, 2021 summary judgment orders (ECF Nos. 362, 660) relating to the design patent action Toyo commenced before the International Trade Commission ("ITC") in 2013. In particular, Atturo requests that the Court bar Toyo from attempting to contradict or revisit this

---

[3] Toyo's fourth affirmative defense (*Noerr-Pennington* immunity) was previously rejected by the Court on summary judgment. *See* ECF No. 362.

Court's repeated findings that the activities which form the basis for Atturo's claims are unrelated to Toyo's ITC proceedings:

- "***Toyo's conduct as to Atturo in 2013 was unrelated to the ITC proceeding***" (ECF No. 660 at 12 (emphasis added));

- Toyo's "settlement agreements were private agreements that did not require ITC approval to become effective in the first place" (*id.* at 13 (citing ECF No. 362)).

- "the agreement between Toyo and various ITC respondents with regard to Atturo was an action that was taken by the parties [to the agreements] themselves, unrelated to the ITC proceeding" (*id.*);

- "the agreements between Toyo and the ITC respondents regarding Atturo are beyond the scope of Toyo's [ITC] complaint and the ITC investigation" (*id.*);

- "the settlement agreements that Toyo submitted to the ITC were a *fait accompli*. They did not need the approval of the ITC judge to become effective" (*id.*);

- "Toyo's efforts to shoehorn whatever claims it may have with respect to the Atturo tires into the ITC proceeding (when it could have, but did not, list them in its ITC complaint) under the guise of motions to terminate conceals an attempt to interfere directly with the business relationships of a competitor by using the ITC proceeding as an 'anticompetitive weapon'" (*id.* at n. 12 (quoting ECF No. 362));

- Even though "Atturo submitted a letter to the ITC regarding the propriety of [Toyo's] settlement agreements," the ITC did not "specifically consider[]" or "endorse[] the injuries underlying" the claims Atturo brings against Toyo at this trial (*id.* at 15); and

- "Nowhere do the regulations [of the ITC] require the [ITC] administrative judge to consider the reasonableness or fairness of the settlement terms or any impact the settlement agreement may have on third parties directly" "[w]hen reviewing a request to terminate a [ITC] proceeding based upon a settlement agreement between the parties" to the ITC proceeding (*id.* at 3).

In light of the Court's prior summary judgment findings, discussion of the ITC at the upcoming trial should be nearly non-existent and extremely limited to only occasional points for foundation and background. For example, Toyo should not be permitted to present any evidence and argument on ITC customs, procedures, statutes, regulations, public interest factors, judges, staff, investigations, or terminations of investigations. Toyo also should not be permitted to

contend that settlement of ITC proceedings should be entitled to a "presumption of regularity." To allow otherwise would undermine the law of the case, would be highly misleading to the jury, and would be unfairly prejudicial to Atturo. *See* § Relevant Legal Standards, *supra*; *see also* ECF Nos. 414-1, 474 (briefs in support of Atturo's pending *Daubert* motion to exclude Toyo's ITC expert). Much of the progress made by the parties and the Court over the last seven years of litigation to narrow the issues for trial would be thrown out the door.

## IV.  Motion No. 4 To Exclude Evidence And Argument That Toyo Was Of The "Opinion" That It Owned A Trade Dress And Atturo Infringed, As Well As Other Evidence And Argument On The Nature Of Toyo's Statements About Atturo That Are Inconsistent With ECF Nos. 660 & 661.

Atturo requests that the Court bar evidence and argument by Toyo that Toyo was of the "opinion" that Toyo owned a trade dress in its OPMT tire and Atturo infringed. Atturo also seeks exclusion of other evidence and argument that are likewise inconsistent with and attempt to relitigate this Court's findings in its two February 9, 2021 summary judgment orders (ECF Nos. 660, 661) on the nature of Toyo's statements about Atturo in Toyo's settlement agreements with ITC respondents. In particular, Atturo requests that the Court preclude Toyo from attempting to contradict or revisit this Court's findings that Toyo's statements in the settlement agreements that Atturo's complains about at this trial:

- "were precise and involved verifiable facts";

- were not "statements of opinion";

- were false statements because Toyo did not own "protectable trade dress rights in the Open Country M/T" as of the fall of 2012;

- were false statements because Atturo's TBMT tire did not infringe alleged trade dress rights in the OPMT tire;

- "prejudice" Atturo and "impute lack of ability in [Atturo's] trade, profession, or business"; and

- were "defamatory *per se.*"

ECF No. 660 at 14-18; *see* ECF No. 661. To allow otherwise would undermine the law of the case, would be highly misleading to the jury, and would be unfairly prejudicial to Atturo. *See* § Relevant Legal Standards, *supra*. These issues were extensively briefed by the parties and evaluated by the Court, and the results of those substantial efforts should not now fall to the wayside at trial.

**V.    Motion No. 5 To Exclude Evidence And Argument That Toyo Allegedly Had A Good Faith Belief That It Had A Protectable Trade Dress During The Drafting Of The At-Issue Settlement Agreements, As Precluded By ECF No. 661.**

Atturo requests that the Court bar evidence and argument by Toyo that Toyo allegedly had a good faith belief that it had a protectable trade dress in its OPMT tire during the drafting of Toyo's eleven settlement agreements in 2013 and 2014 upon which Atturo's claims are based. This Court has already decided this issue in its Court's February 9, 2021 order granting Atturo's motion for summary judgment against Toyo's trade dress claims (ECF No. 661), and Toyo should not be permitted to attempt to undo that order.

Specifically, to have a protectable trade dress right in the OPMT tire, Toyo was required to prove (among other things) that the alleged trade dress "acquired secondary meaning ***by the 2012***, time Atturo began using its alleging infringing tire." ECF No. 661 at 21 (emphasis added, and stating that "Toyo does not dispute" that); *see also id.* at 4. This Court found on summary judgment that Toyo could not prove that. *See id.* at 24. As a consequence, Toyo should now be barred from attempting to claim at trial that, after the relevant 2012 date (and during the drafting of the at-issue settlement agreements ***in 2013 and 2014***), Toyo nevertheless had a good faith belief that it had a trade dress and was therefore somehow justified in interfering with and otherwise harming Atturo's business. To allow otherwise would undermine the law of the case;

9

would ignore the relevant legal standards for assessing trade dress ownership, secondary meaning, and infringement; would be highly misleading to the jury; and would be unfairly prejudicial to Atturo. *See* § Relevant Legal Standards, *supra*. Moreover, if this evidence and argument is allowed to come in, the scope of this trial will likely spiral out of control and require re-evaluation and inclusion of all the evidence, testimony (fact and expert), and issues already considered and decided in the February 9 summary judgment order. *See* ECF No. 661.

Furthermore, during discovery in this case, Toyo never produced any evidence in response to Atturo's request that Toyo:

> Identify each search, opinion, study, analysis or evaluation prepared by or on behalf of Toyo relating to infringement, non-infringement, validity, invalidity, protectability, unprotectability, enforceability, or unenforcability of the Toyo Trade Dress, including, without limitation, an identification of each person who conducted or authored such search, opinion, study, analysis, or evaluation; whether it was written or oral; each recipient; the date; the substance; and any conclusions referenced therein.

*See* Toyo's Responses to Atturo's Interrogatory No. 7.[4] To the extent any such evidence exists, Toyo has withheld it on the basis of attorney-client privilege, and it would be fundamentally improper and unduly prejudicial to allow Toyo to use that attorney-client privilege as both a sword and a shield against Atturo in this case.

## VI. Motion No. 6 To Exclude Evidence And Argument Relating To Toyo's California Case As Barred By Multiple Court Orders.

Atturo requests that the Court exclude any evidence or argument by Toyo relating to *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Grp.*, *et. al.*, C.D. Ca. Case No. 15-0246 (the "California Case"), including reference to the alleged trade dress in that case; to the stipulated, default, and consent judgments in that case; and to any other filings and orders in that case. This Court has repeatedly sanctioned and reprimanded Toyo for trying to interject the California Case

---

[4] Toyo's discovery responses are available for submission to the Court upon request. Atturo has not included them as exhibits hereto because Toyo marked them "Confidential – Attorneys' Eyes Only."

into this case. *See, e.g.,* ECF No. 564[5]; ECF No. 502[6]; ECF No. 625[7]; ECF No. 652-2;[8] ECF No. 661. Most recently, in granting Atturo's motion for summary judgment, this Court found that:

> ***Toyo's continued attempt to rely on the California case is improper*** as that case involved a different trade dress and different defendants.

ECF 661 at 18 (emphasis added). Any evidence or argument concerning the California Case also should not be allowed at trial because it is simply not relevant to this case, is highly prejudicial to Atturo, and is likely to mislead and confuse the jury. *See* FED. R. EVID. 402, 403.

## VII. Motion No. 7 To Exclude Evidence And Argument That Toyo Has Any OPMT Trade Dress Rights (Asserted Or Unasserted In This Case) As Barred By Multiple Court Orders.

Atturo requests that the Court bar Toyo from presenting any evidence or argument that Toyo has any OPMT trade dress rights (asserted or unasserted in this case). Such evidence and argument is inconsistent with and precluded by this Court's February 9, 2021 Order granting Atturo's motion for summary judgment and finding that:

- Toyo does not own a protectable trade dress right in its OPMT tire; and

- Atturo's TBMT tire does not infringe Toyo's OPMT tire.

---

[5] 12/20/19 Order from Judge Rowland explaining that the trade dress asserted by Toyo in the California Case is the "***the wrong trade dress***" for purposes of this case, and striking Toyo's three experts who opined on that trade dress (emphasis added).

[6] 7/23/18 Order from Judge Lee "grant[ing] Atturo's motion to bar Toyo from asserting that the trade dress is limited to the two-dimensional surface layer of the tire's center and shoulder blocks" as claimed in the California Case, and explaining that "the determination by the district judge in ***California has little bearing*** on how Toyo described the relevant trade dress during the discovery period in this case" (emphasis added).

[7] 9/2/20 Order from Judge Rowland granting Atturo $103,239 in attorneys' fees incurred due to Toyo's improper "attempt[] to alter the definition of Toyo's trade dress after the close of fact discovery" in this case, and recounting that "the trade dress in this case" is different than "the trade dress assert[ed] in the *CIA Wheel* case" in California.

[8] 12/4/14 Court Hearing Transcript at 10:13-11:1, where Magistrate Judge Cox instructed that, to the extent Toyo asserts a different trade dress definition in another case, any inconsistency will not impact the asserted trade dress in this case or adversely affect Atturo because Toyo will be bound by its discovery disclosures in this case.

*See* ECF No. 661 at 23-24. That is the law of the case and should be the end of the matter. *See* §

Relevant Legal Standards, *supra*. In addition, this Court has repeatedly sanctioned and

reprimanded Toyo for its wrongful efforts to interject different alleged OPMT trade dress rights

into this case. *See, e.g.,* ECF No. 564; ECF No. 502; ECF No. 625; ECF No. 652-2; ECF No.

661 at 18 (each recapped in *See* § VI, *supra*). Any evidence and argument regarding different

OPMT trade dress rights is simply not relevant to this trial, is highly prejudicial to Atturo, and is

likely to mislead and confuse the jury. *See* FED. R. EVID. 402, 403.

**VIII.   Motion No. 8 To Bar Yuchi Nakamura From Testifying At Trial And Any Other Witnesses Not Listed In Toyo's Rule 26(a) Disclosures.**

Atturo requests that the Court exclude Yuchi Nakamura (who is on Toyo's "may call"

list) from testifying at trial, as well as any other Toyo witnesses that Toyo failed to list in its Rule

26(a) discovery disclosures. Rule 26(a) requires parties to list each individual likely to have

discoverable information before the close of discovery. *See* FED. R. CIV. P. 26(a)(1)(A)(i)). "If a

party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party

is not allowed to use that information or witness to supply evidence . . . at a trial, unless the

failure was substantially justified or is harmless." FED. R. CIV. P. 37(C)(1).

Toyo's eleventh hour attempt to identify Mr. Nakamura is another example of what

Magistrate Judge Cox called a pattern by Toyo of "obfuscation, frustration, and manipulation of

discovery to [Toyo's] advantage through any means necessary at all times." ECF No. 558 at n.2

(citing ECF No. 333). This is further conduct by Toyo that is "emblematic of the purposeful

circumvention" of Toyo's obligations in this case and that continues to "multiply[] the cost and

expenses of this litigation." ECF No. 333 at 14; ECF No. 289 (2/10/16 Hr'g Tr.) at 17:4. Indeed,

Toyo's pattern of dilatory and oppressive conduct was again recapped and condemned by this

Court at the most recent hearing (ECF No. 665 at 8:6-9:3, 22:7-14) and in the most recent Order (ECF No. 674 at 8).

As Atturo's counsel has already explained to Toyo's counsel (*see* <u>Exhibit A</u>), Toyo's failure to timely identify Mr. Nakamura is not substantially justified or harmless. Discovery closed several years ago (*see* ECF No. 268), and this case is finally on the brink of trial after 7.5 years of litigation (*see* ECF Nos. 1, 664).[9] Reopening fact discovery at this late stage would significantly disrupt Atturo's trial preparations and be highly prejudicial. *See, e.g., Owens v. Ellison,* No. 13-cv-7568, 2017 WL 1251694, at *2 (N.D. Ill. Mar. 31, 2017) (excluding untimely disclosed witness). Further, the alleged issue of "tire design" upon which Mr. Nakamura supposedly would testify is not relevant to any defense at the upcoming trial. *See* FED. R. EVID. 402 ("Evidence which is not relevant is not admissible"). The Court has already ruled that Toyo does not have a trade dress in the OPMT tire and Atturo's TBMT tire does not infringe. *See* ECF No 661.

In addition, Toyo's claim that COVID-19 "stands to impede Toyo's ability to present Japan-based ***witnesses***" (<u>Exhibit A</u>) appears to be a red-herring, as there was ***only one*** Japan-based witness listed in Toyo's Rule 26(a) disclosures (Masaaki Ohara) and the subjects of his knowledge (excerpted below) were the alleged "OPMT Trade Dress" that this Court has determined does not exist (*see* ECF No. 661):

> 2. Masaaki Ohara, Mold Design Engineering Manager, Toyo Tire & Rubber Co., Ltd., Contact through Counsel Only
>   - Design and development of Open Country M/T ("OPMT") tires which embody the OPMT Trade Dress;
>   - Design and development of other Toyo tires that do not embody the OPMT Trade Dress;
>   - Lack of functionality of OPMT Trade Dress; and
>   - Functionality of tires that do not incorporate the OPMT Trade Dress.

---

[9] Among the extensive discovery, Atturo was forced to take a total of six Rule 30(b)(6) depositions of Toyo as a result of Toyo's various discovery misconduct.

Toyo also has known since at least 2017 that Mr. Ohara has a criminal record that had prevented him and could continue to prevent him from traveling to the United States. *See* Exhibit B (2/22/17 Ohara Dep. in California Case at 27:22-32:24). Despite this knowledge, Toyo never attempted to disclose Mr. Nakamura or any other alternative witness in place of Mr. Ohara. Thus, Toyo's belated identification of Mr. Nakamura is clear gamesmanship and should not be allowed.

## IX. Motion No. 9 To Exclude Evidence And Argument On Tire Design And Appearance.

Atturo requests that the Court bar Toyo from presenting any evidence and argument on tire design and appearance, including:

- Bringing any physical tires into the courtroom;

- Displaying any images of tires to the jury;

- Comparing the designs of Toyo's OPMT and Atturo's TBMT tires;

- Describing the processes for designing Toyo's OPMT and/or Atturo's TBMT tires; and

- Claiming that Atturo copied Toyo's OPMT tire.

Such evidence and argument is irrelevant to the trial issues because this Court has already ruled that Toyo does not have a trade dress in its OPMT tire and Atturo's TBMT does not infringe. *See* ECF No. 661; *see also* FED. R. EVID. 402. The only remaining issues for trial are Atturo's business-related tort claims.

Additionally, any alleged "probative value" of tire design and appearance considerations is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." FED. R. EVID. 403. For example, Toyo's presentation of evidence and argument on this topic would amount to an improper second bite at Toyo's

rejected trade dress claims – and, notably, one without the detailed legal framework necessary to evaluate those previously-adjudicated issues. *See, e.g.,* ECF No. 661 at 5-6, 19-20, 23. In effect, Toyo would be arguing trade dress infringement to the jury without being required to prove the various required elements. *See* ECF No. 661. This will be highly prejudicial to Atturo and significantly confusing to the jury.

Relatedly, Toyo should not be permitted to describe Atturo's tires as "copycats," "knock-offs, "rip-offs," or similar characterizations. These words are "inflammatory, pejorative, [and] loaded" and would be unduly harmful to Atturo. *Deflecto, LLC v. Dundas *Jafine Inc.*, No. 13-0116-CV-W-ODS, 2015 WL 9413148, at *1 (W.D. Mo. Dec. 22, 2015) (prohibiting the words "copycat," "knockoff," and "ripped off" in opening statements, questions, witness answers, closing arguments, or otherwise throughout trial); *Q Sales & Leasing, LLC. v. Quilt Protection, Inc.*, No. 01 C 1993, 2004 WL 2420640, at *4 (N.D. Ill. Oct. 26, 2004) (granting motion in limine "to bar [a party's] use of the term 'knockoff' to describe [opposing party's] products"); *Walrus Brands, LLC v. Peaches Uniforms, Inc.*, No. 1:12-cv-04892, ECF No. 390 at 30-31 (N.D. Ill. Apr. 23, 2018) (granting motion in limine "to Bar Use of the Term 'Knockoff'" and directing counsel "to prepare the witnesses and to be cautious in their questioning so as to minimize the chances the term will be used"). In addition, such characterizations are inconsistent with and undermine this Court's February 9, 2021 summary judgment ruling that Atturo's TBMT tire does not infringe Toyo's alleged trade dress rights. *See* ECF No. 661 at 23.[10]

---

[10] Among other things, "[]he Court agree[d] with Atturo that Toyo ha[d] provided no evidence that Atturo intended to pass off its Trail Blade M/T tire as Toyo's." *Id.* at 21. The Court specifically noted that "[o]ne of the emails relied on by Toyo refers to tire styles from two companies *other than* Toyo that Atturo was reviewing for its tire . . . [a]nd none of emails demonstrate any intent by Atturo to confuse consumers and pass of its product as Toyo's." *Id.*

## X.       Motion No. 10 To Bar Adrian Puente From Testifying At Trial.

Atturo requests that the Court exclude Adrian Puente (who is on Toyo's "will call" list) from testifying at trial. Mr. Puente's testimony is part of Toyo's backdoor effort to relitigate this Court's February 9, 2021 Order granting Atturo's motion for summary judgment and finding that:

- Toyo does not own a protectable trade dress right in Toyo's OPMT tire; and

- Atturo's TBMT tire does not infringe an alleged trade dress right in Toyo's OPMT tire.

*See* ECF No. 661 at 23-24. If Mr. Puente is allowed to testify, this trial will likely balloon out of control to necessitate all the evidence, testimony (fact and expert), and issues already considered and decided in that summary judgment order. *See id.*

Mr. Puente is Toyo's Motorsports Coordinator, who Toyo listed in its Rule 26(a) disclosures (excerpted below) on the following subjects:

> 5.      Adrian Puente, Motorsports Coordinator, Toyo Tire U.S.A., Corp., Contact through Counsel Only
> - Advertising, marketing, and promotional efforts directed to Toyo's off-road tires; and
> - Evidence of consumer confusion between the Toyo Open Country M/T and the Atturo Trail Blade M/T.

Mr. Puente should not be permitted to testify at trial because these subjects are not relevant to the issues at the upcoming trial on Atturo's counterclaims. *See* FED. R. EVID. 402. Instead, these two subjects directly concern Toyo's rejected trade dress infringement claims. *See, e.g.,* ECF No. 661 at 4, 7, 20, 22, 23. Further, Toyo has never informed Atturo that Mr. Puente has knowledge of any other subjects that could be relevant to the issues at the upcoming trial on Atturo's business-related tort claims. *See* FED. R. CIV. P. 26(a)(1)(A)(i) (requiring Toyo to identify, before the close of discovery, "each individual likely to have discoverable information—along with the subjects of that information—that [Toyo] may use to support its claims or defenses").

Additionally, Mr. Puente should not be permitted to testify at trial because any alleged "probative value" of his testimony is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." FED. R. EVID. 403. Mr. Puente's testimony on the topics of advertising and confusion would amount to an improper attempt to relitigate Toyo's rejected trade dress claims – and, importantly, one without the detailed legal framework necessary to evaluate those previously-adjudicated issues. *See, e.g.,* ECF No. 661 at 5-6, 19-20, 22-23. Mr. Puente's testimony would effectively allow Toyo a second chance to argue trade dress ownership and infringement to the jury without being required to prove the various required elements that this Court has found Toyo could not meet.[11] *See* ECF No. 661. This will be highly prejudicial to Atturo and significantly confusing to the jury and undermine the law of the case.

## CONCLUSION

For the foregoing reasons, Atturo respectfully requests that the Court grant its motions *in limine* Nos. 1-10 and grant Atturo such other and further relief as the Court deems just and proper, including granting Atturo's pending *Daubert* motion (ECF No. 414).

---

[11] Moreover, as detailed in Atturo's successful motion for summary judgment, when asked about alleged consumer confusion between the OPMT and TBMT tires at his deposition, Mr. Puente could name only seven specific individuals (out of the hundreds of thousands of people who have purchased the parties' products) and testified that he did not know names of any other people who allegedly thought the OPMT and TBMT look similar. *See* ECF No. 619-1 at pp. 46-47. Furthermore, as discussed in Atturo's summary judgment motion, the testimony he provided on the few alleged instances were vague summaries of hearsay statements. *See id.*

s/      Brian C. Bianco
Brian C. Bianco
Julia R. Lissner
John M. Schafer
AKERMAN LLP
71 South Wacker Drive
46th Floor
Chicago, IL 60606
T: (312) 634-5700
F: (312) 424-1905
brian.bianco@akerman.com
julia.lissner@akerman.com
jay.schafer@akerman.com

*Counsel for Plaintiff at Trial*
*Atturo Tire Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system on August 16, 2021.

/s/ Brian C. Bianco

Brian C. Bianco
Julia R. Lissner
AKERMAN LLP
71 South Wacker Drive
46th Floor
Chicago, IL 60606
Tel: (312) 634-5700
Fax: (312) 424-1905

*Counsel for Plaintiff at Trial*
*Atturo Tire Corporation*