**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

TOYO TIRE CORPORATION and
TOYO TIRE U.S.A. CORP.,

      Plaintiffs,

v.

ATTURO TIRE CORPORATION, *et al.*

      Defendants.

_____

ATTURO TIRE CORPORATION,

      Counter-Plaintiff,

v.

TOYO TIRE CORPORATION and
TOYO TIRE U.S.A. CORP.,

      Counter-Defendants.

_____

Case No. 1:14-cv-00206

Judge Mary M. Rowland
(formerly before Judge John Z. Lee)

Magistrate Judge Susan E. Cox

**<u>PROPOSED JURY INSTRUCTIONS</u>**

## <u>TABLE OF CONTENTS</u>

INTRODUCTORY COMMENTS AND OBJECTIONS ................................................................... 1

I.    PRELIMINARY INSTRUCTIONS ...................................................................................... 3

    Agreed Upon Preliminary Instructions ............................................................................... 3

    A.    Seventh Circuit Sample Preliminary Instructions ..................................................... 3

        1.    Introductory Paragraphs ................................................................................ 3

        2.    Order of Trial ................................................................................................. 3

        3.    Claims and Defenses ..................................................................................... 3

        4.    Burden of Proof – Preponderance ................................................................. 3

        5.    Province of Judge and Jury ............................................................................ 3

        6.    Evidence in the Case ...................................................................................... 3

        7.    Credibility of Witnesses ................................................................................ 3

        8.    Direct and Circumstantial Evidence ............................................................. 3

        9.    Inferences ....................................................................................................... 4

        10.    What is Not Evidence; Evidence for Limited Purpose ................................. 4

        11.    Rulings on Objections ................................................................................... 4

        12.    Bench Conferences ........................................................................................ 4

        13.    Note-Taking – Allowed ................................................................................. 4

        14.    No Transcript Available to Jury .................................................................... 4

        15.    Questions by Jurors Forbidden ..................................................................... 4

        16.    Judge's Questions .......................................................................................... 4

        17.    Jury Conduct ................................................................................................. 4

    Atturo's Proposed Preliminary Instruction on Pretrial Judicial Determinations ........................ 5

    B.    Preliminary Instruction on Pretrial Judicial Determinations ............................................. 5

    Atturo's Proposed Preliminary Instruction on Judicial Notice ........................................... 6

    C.    Preliminary Instruction on Judicial Notice ............................................................... 6

    Toyo's Proposed Preliminary Instructions Regarding The U.S. International Trade Commission ................................................................................................................... 7

    D.    Instructions Regarding The U.S. International Trade Commission ............................ 7

II.    IN-TRIAL INSTRUCTIONS; LIMITING INSTRUCTIONS ........................................... 10

    Agreed Upon In-Trial Instructions; Limiting Instructions ............................................... 10

    A.    Cautionary Instruction Before Recess ..................................................................... 10

    B.    Depositions as Substantive Evidence ...................................................................... 10

        1.    Dennis King of Dunlap & Kyle Tire Company .......................................... 10

2. Bryan Thomas of J.P. Thomas Tire Company ........................................................ 10

3. Roy Bromfield of Toyo ................................................................................ 10

**Agreed Upon In-Trial Instructions; Limiting Instructions Continued** .......................... 12

4. Dennis King of Dunlap & Kyle Tire Company ..................................................... 12

5. Bryan Thomas of J.P. Thomas Tire Company ..................................................... 12

**Atturo's Proposed Limiting Instruction on Privilege Log as Substantive Evidence** ........... 14

C. Privilege Log as Substantive Evidence ........................................................ 14

**Toyo's Proposed Modification In the Event Toyo's Motion in Limine No. 10 is Denied** ....... 15

D. Privilege Log as Substantive Evidence ........................................................ 15

**Atturo's Proposed Limiting Instructions on Pretrial Judicial Determinations** ............... 17

E. Pretrial Judicial Determinations ............................................................. 17

1. General Explanation of Pretrial Judicial Determinations ..................................... 17

2. No Trade Dress ................................................................................ 17

3. No Trade Dress Infringement ................................................................... 17

4. Defendants' Conduct as to Plaintiff ........................................................... 17

5. Scope of Defendants' ITC Action .............................................................. 17

6. Defendants' Conduct in ITC Action ............................................................ 18

7. Plaintiff's Letter to the ITC ................................................................. 18

8. Rules of the ITC .............................................................................. 18

9. Nature of Defendants' Statements about Plaintiff ............................................. 19

**Atturo's Proposed Limiting Instructions on Judicial Notice** ................................. 21

F. Judicial Notice .............................................................................. 21

III. POST-TRIAL INSTRUCTIONS – GENERAL ............................................................ 25

**Agreed Upon Post-Trial General Instructions** ................................................ 25

A. General Cautionary Instructions .............................................................. 25

1. Functions of the Court and the Jury ........................................................... 25

2. No Inference From Judge's Questions ........................................................... 25

3. All Litigants Equal Before the Law ............................................................ 25

B. What Is and What Is Not Evidence .............................................................. 25

1. Evidence ...................................................................................... 25

2. Deposition Testimony .......................................................................... 25

**Atturo's Proposed Post-Trial General Instruction on Privilege Log** ......................... 26

3. Privilege Log ................................................................................. 26

**Toyo's Proposed Modification In the Event Toyo's Motion in Limine No. 10 is Denied** ....... 26

4.    Privilege Log ................................................................................................ 26

**Agreed Upon Post-Trial General Instructions Continued**.................................... 28

5.    What is Not Evidence ................................................................................... 28

6.    Note-Taking .................................................................................................. 28

C.    Weighing and Considering the Evidence ............................................................ 28

1.    Consideration of All Evidence Regardless of Who Produced .................... 28

2.    Limited Purpose of Evidence ...................................................................... 28

3.    Weighing the Evidence ................................................................................ 28

4.    Definition of "Direct" and "Circumstantial" Evidence ............................. 28

D.    Witness Testimony .............................................................................................. 28

1.    Testimony of Witness (Deciding What to Believe)..................................... 28

2.    Prior Inconsistent Statements ...................................................................... 28

3.    Absence of Evidence ................................................................................... 28

**Toyo's Proposed Post-Trial General Instruction on Presumption of Regularity**................ 29

E.    Presumption of Regularity .................................................................................. 29

**Agreed Upon Post-Trial General Instructions Continued**.................................... 30

F.    Particular Types of Evidence .............................................................................. 30

1.    Expert Witnesses ......................................................................................... 30

2.    Demonstrative Evidence .............................................................................. 30

G.    Burden of Proof................................................................................................... 30

H.    Conduct of Deliberations .................................................................................... 30

1.    Selection of Presiding Juror; General Verdict ............................................ 30

2.    Communication with Court .......................................................................... 30

3.    Disagreement Among Jurors ........................................................................ 30

IV.    POST-TRIAL INSTRUCTIONS – SPECIFIC................................................................. 31

**Atturo's Proposed Specific Post-Trial Instructions on Pretrial Judicial Determinations** ......... 31

A.    Pretrial Judicial Determinations ......................................................................... 31

1.    General Explanation of Pretrial Judicial Determinations ........................... 31

2.    No Trade Dress.............................................................................................. 31

3.    No Trade Dress Infringement ...................................................................... 31

4.    Defendants' Conduct as to Plaintiff............................................................. 31

5.    Scope of Defendants' ITC Action ............................................................... 31

6.    Defendants' Conduct in ITC Action ............................................................ 32

7.    Plaintiff's Letter to the ITC ......................................................................... 32

8. Rules of the ITC ................................................................................................ 32

9. Nature of Defendants' Statements about Plaintiff ............................................. 33

B. Plaintiff Atturo's Claims ............................................................................................ 35

1. CLAIM 1: Tortious Interference with Existing Contracts ................................ 35

Atturo's Proposed Instruction on Claim 1 ......................................................... 35

Toyo's Proposed Modification ........................................................................... 36

2. CLAIM 2: Tortious Interference with Prospective Business Expectancy ................. 38

Atturo's Proposed Instruction on Claim 2 ......................................................... 38

Toyo's Proposed Modification ........................................................................... 39

a) Claims 1 & 2 – Defendants' Knowledge ................................................... 41

Atturo's Proposed Instruction on Claims 1 & 2 – Defendants' Knowledge ................. 41

Toyo's Proposed Modification ........................................................................... 41

3. CLAIM 3: Defamation ...................................................................................... 43

Atturo's Proposed Instruction on Claim 3 ......................................................... 43

Toyo's Proposed Modification ........................................................................... 44

Atturo's Proposed Instruction on Claim 3 – Damages Presumed ......................... 46

a) Claim 3 – Damages Presumed ................................................................... 46

Toyo's Proposed Modification ........................................................................... 46

a) Claim 3 – Damages ~~Presumed~~ Presumption ......................................... 46

4. CLAIM 4: Unfair Competition .......................................................................... 48

Atturo's Proposed Instruction on Claim 4 ......................................................... 48

Toyo's Proposed Modification ........................................................................... 48

5. CLAIM 5: Unjust Enrichment ........................................................................... 50

Atturo's Proposed Instruction on Claim 5 ......................................................... 50

Toyo's Proposed Modification ........................................................................... 51

6. CLAIM 6: Violation of Illinois Deceptive Trade Practices Act ................................ 53

Atturo's Proposed Instruction on Claim 6 ......................................................... 53

Toyo's Proposed Modification ........................................................................... 54

7. CLAIM 7: Violation of Section 43(a)(1)(B) of the Lanham Act .............................. 55

Atturo's Proposed Instruction on Claim 7 ......................................................... 55

Toyo's Proposed Modification ........................................................................... 55

C. Defendant Toyo's Affirmative Defenses .................................................................... 57

1. DEFENSE 1: Against Public Policy – Right to Contract / Settle Litigation ............. 57

Atturo's Proposed Instruction on Defense 1 ....................................................... 57

iv

Toyo's Proposed Modification ................................................................... 58

    2.    DEFENSE 2: Against Public Policy – IP Enforcement ................. 59

Atturo's Proposed Instruction on Defense 2 .......................................... 59

Toyo's Proposed Modification ................................................................... 59

D.    Plaintiff Atturo's Damages ............................................................ 61

Agreed Upon Instruction ........................................................................... 61

    1.    Compensatory Damages .......................................................... 61

Toyo's Proposed Instruction on Lost Profits ......................................... 62

    2.    Lost Profits .............................................................................. 62

Toyo's Proposed Instruction Lost Profits – Amount ........................... 62

    3.    Lost Profits – Amount ............................................................ 62

    4.    Punitive Damages ................................................................... 64

Atturo's Proposed Instruction on Punitive Damages ......................... 64

Toyo's Proposed Modification ................................................................... 65

## INTRODUCTORY COMMENTS AND OBJECTIONS

### Atturo's General Comment:

Plaintiff Atturo Tire Corporation has proposed that all the jury instructions refer to the parties as "Plaintiff" and "Defendants." This is the most appropriate approach for this case because it is simple and straightforward and allows the jury to easily understand the issues. *See, e.g., Ripmax Ltd. v. Horizon Hobby, Inc.*, No. 07-CV-2133, 2009 WL 1329142, at *14 (C.D. Ill. May 11, 2009) ("to avoid confusing the jury, Horizon should be referred to as 'plaintiff' during the trial"); *Starr Int'l Co. v. Am. Int'l Grp., Inc.*, 623 F. Supp. 2d 497, 500 n.1 (S.D.N.Y. 2009) ("To simplify matters for the jury, at the time of the trial AIG, which is the counterclaim plaintiff, will be referred to as the 'plaintiff' and its counterclaims as 'claims'"). This approach also is consistent with Seventh Circuit's model jury instructions. *See Fed. Civ. Jury Instructions of the Seventh Circuit* (using the terms Plaintiff and Defendant, rather than party names). Likewise, in the event that the Court provides the jury with a case caption (*e.g.,* on the first pages of the jury instructions or the verdict form), Atturo requests that it be presented as follows:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ATTURO TIRE CORPORATION, | ) | |
| | ) | |
| Plaintiff at Trial, | ) | Case No. 1:14-cv-00206 |
| | ) | |
| v. | ) | |
| | ) | |
| TOYO TIRE CORPORATION and | ) | |
| TOYO TIRE U.S.A. CORP., | ) | |
| | ) | |
| Defendants at Trial. | ) | |

Atturo opposes the general request by Defendants Toyo Tire Corporation and Toyo Tire U.S.A. Corp. to ban the use of the words "Plaintiff" and "Defendants" in the jury instructions, verdict form, and at trial. The Plaintiff at Trial is Atturo Tire Corporation, and the Defendants at Trial are Toyo Tire Corporation and Toyo Tire U.S.A. Corp. The parties and the Court cannot hide this basic and foundational fact from the jury. In the (unlikely) event that evidence describing Atturo as the Defendant/Counter-Plaintiff and/or describing Toyo as the Plaintiffs/Counter-Defendants comes before the jury, the Court can quickly and easily address any potential jury confusion with an in-trial curative instruction.

### Toyo's General Objection:

Toyo objects to using "Plaintiff" and "Defendant" and would prefer to use "Toyo" and "Atturo" in the jury instructions and verdict form. Toyo believes it is inherently easier for people to identify the parties by names, rather than by Plaintiff and Defendant. Atturo would like to be called the Plaintiff for purposes of trial because it has the burden of proof on the remaining claims

1

(its counterclaims). There is a danger of confusion in referring to Atturo as the Plaintiff (and Toyo as the Defendant) because there may be documents admitted into evidence or shown to the jury with the original case caption (with the roles reversed). Accordingly, Toyo respectfully requests that the Court refer to the parties by name when addressing the jury, including in the jury instructions and verdict form.

I.   <u>**PRELIMINARY INSTRUCTIONS**</u>

<mark>**<u>Agreed Upon Preliminary Instructions</u>**</mark>

A.  <u>**Seventh Circuit Sample Preliminary Instructions**</u>

**1. Introductory Paragraphs**

<u>Source</u>:    *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 411 (2017 rev.)

**2. Order of Trial**

<u>Source</u>:    *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 411-12 (2017 rev.)

**3. Claims and Defenses**

<u>Source</u>:    *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 412 (2017 rev.)

**4. Burden of Proof – Preponderance**

<u>Source</u>:    *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 412 (2017 rev.)

**5. Province of Judge and Jury**

<u>Source</u>:    *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 413 (2017 rev.)

**6. Evidence in the Case**

<u>Source</u>:    *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 413 (2017 rev.)

**7. Credibility of Witnesses**

<u>Source</u>:    *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 413 (2017 rev.)

**8. Direct and Circumstantial Evidence**

<u>Source</u>:    *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 414 (2017 rev.)

**9. Inferences**

<u>Source</u>:  *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 414 (2017 rev.)

**10. What is Not Evidence; Evidence for Limited Purpose**

<u>Source</u>:  *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 414-15 (2017 rev.)

**11. Rulings on Objections**

<u>Source</u>:  *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 415 (2017 rev.)

**12. Bench Conferences**

<u>Source</u>:  *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 415-16 (2017 rev.)

**13. Note-Taking – Allowed**

<u>Source</u>:  *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 416 (2017 rev.)

**14. No Transcript Available to Jury**

<u>Source</u>:  *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 416-17 (2017 rev.)

**15. Questions by Jurors Forbidden**

<u>Source</u>:  *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 47 (2017 rev.)

**16. Judge's Questions**

<u>Source</u>:  *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 418 (2017 rev.)

**17. Jury Conduct**

<u>Source</u>:  *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 418 (2017 rev.)

==**Atturo's Proposed Preliminary Instruction on Pretrial Judicial Determinations**==

### B. Preliminary Instruction on Pretrial Judicial Determinations

This lawsuit was filed in 2014 and has been ongoing for 7.5 years. Prior to this trial, the Court has made various pretrial determinations. You will be instructed on these findings as the trial proceeds. These are issues you do not need to decide, and these are findings that you must accept.

Sources:    ECF Nos. 362, 660, 661

==**Toyo's Objection**==

For the reasons stated in its Motion *in Limine* No. 1, Toyo objects to this instruction as the alleged pretrial determinations made by the Court should not be admitted into evidence, let alone included as a jury instruction. These rulings are not relevant, are not binding on the jury, and any probative value would be substantially outweighed by a danger of unfair prejudice.

Toyo also objects to the language of Atturo's proposed pretrial judicial determination instructions for the reasons set forth below.

==**Atturo's Objection to Toyo's Removal of the Preliminary Instruction on Pretrial Judicial Determinations**==

Atturo's proposed preliminary instruction on pretrial judicial determinations should be given, and Atturo objects to Toyo's removal of this instruction for the reasons stated in Atturo's Opposition to Toyo's Motion in Limine No. 1 and in Atturo's Motions in Limine (ECF No. 678).

==Atturo's Proposed Preliminary Instruction on Judicial Notice==

### C.  Preliminary Instruction on Judicial Notice

I have decided to take judicial notice of certain facts and accept them as proven. You will be instructed on these facts as the trial proceeds. You must treat these facts as having been proved for the purpose of this case:

Source:     *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 2.06 (2017 rev.) – modified

==Toyo's Objection==

Toyo objects to this instruction as the Court has not yet taken judicial notice of any facts. Further, Atturo appears to be requesting the Court to take judicial notice of proposed facts that are not "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F.R.E. 201 (b). Thus, these are not the "kind[] of facts that may be judicially noticed." *Id.*

Toyo also objects to the language of Atturo's proposed judicial notice instructions for the reasons set forth below.

==Atturo's Objection to Toyo's Removal of the Preliminary Instruction on Judicial Notice==

Atturo's proposed preliminary instruction on judicial notice should be given, and Atturo objects to Toyo's removal of this instruction for the following reasons:

1.     Toyo's position on judicial notice is overly-narrow and wrong. Judicial notice is an important tool in this Court's disposal to "streamline trials" and "increase judicial efficiency." *Proof of Matters By Judicial Notice*, 60 AM. JUR. PROOF OF FACTS 3D 175 (Aug. 2021). The Court "may take judicial notice of documents that are part of the public record, including pleadings, orders, and transcripts from prior proceedings in the case," and including "undisputed facts . . . on summary judgment." *King v. Chapman*, No. 09 C 1184, 2014 WL 6883434, at *1 (N.D. Ill. Dec. 5, 2014); *see also What Constitutes "Adjudicative Facts" Within Meaning of Rule 201 of Federal Rules of Evidence Concerning Judicial Notice of Adjudicative Facts,* 150 A.L.R. FED. 543 ("for purposes of Rule 201, adjudicative facts are simply the facts of the particular case").

2.     In a subsequent section of these proposed jury instructions, Atturo has requested that the Court take judicial notice of 21 facts that were undisputed by the parties in connection with summary judgment briefings in this case. Despite previously admitting these facts to be true, Toyo has refused to stipulate to them at trial.

==Toyo's Proposed Preliminary Instructions Regarding==
==The U.S. International Trade Commission==

**D.  Instructions Regarding The U.S. International Trade Commission**

Part of this case deals with actions that occurred in a previous litigation before the International Trade Commission, which is also referred to as the "ITC" or "USITC". I am providing you with some background information about the ITC's procedures. The parties may also present evidence as to the ITC's procedures, which you must weigh and consider as you would any other evidence.

**1. Background**

The ITC is an independent, nonpartisan, quasi-judicial federal agency that fulfills a range of trade-related mandates. It provides high-quality, leading-edge analysis of international trade issues to the President and the Congress. The Commission is a highly regarded forum for the adjudication of intellectual property and trade disputes.

The stated mission of the ITC is to investigate and make determinations in proceedings involving imports claimed to injure a domestic industry or violate U.S. intellectual property rights; provide independent analysis and information on tariffs, trade and competitiveness; and maintain the U.S. tariff schedule.

The ITC investigates and makes determinations in proceedings involving imports claimed to injure a domestic industry or violate U.S. intellectual property rights; provides independent analysis and information on tariffs, trade and competitiveness; and maintains the U.S. tariff schedule. The ITC is headed by six Commissioners. They are nominated by the President and confirmed by the U.S. Senate.

To support its mission, the ITC maintains a professional staff of trade and nomenclature analysts, investigators, financial analysts, statisticians, attorneys, economists, information technology specialists, and administrative support personnel.

Source:          https://www.usitc.gov/press_room/about_usitc.htm

**2. Investigations**

A patent or trade dress case in the ITC is called an "investigation" and begins with the filing of a complaint by the patentee. The party filing the complaint is called the "complainant" and the parties to whom the complaint is directed are called "respondents." There is no obligation by the complainant to include all of its intellectual property in an investigation or to include all potential respondents. After a complaint is filed, the Staff reviews the complaint and recommends whether or not to institute an investigation.

Once an investigation is instituted, the Commission assigns it to an administrative law judge ("ALJ"). The ALJ then presides over the case, holds a hearing or trial, and issues what is called an "initial determination" on the issues in the case. The ALJ's decision is then reviewed by the six Commissioners who can accept, reject or modify the decision. After this review, the ITC issues its final determination and, when appropriate, remedial orders.

The ITC cannot award money damages and instead is only allowed to issue one of three types of relief to the Complainant. A limited exclusion order is the most common remedy and directs the U.S Customs and Border Protection to exclude all infringing articles from the United States that are imported by the respondents. A general exclusion order directs the U.S. Customs and Border Protection to exclude infringing goods from the United States regardless of whether the person importing those goods was part of the investigation or not. Finally, a cease and desist order directs a respondent to cease domestic unfair acts such as selling previously imported infringing articles in the U.S.

### 3. Staff Attorneys

During an Investigation, a lawyer employed by the ITC, also called "the Staff" or "the Staff attorney" participates and serves as an independent trial attorney whose primary function is to protect the public interest by ensuring all issues are fully explored and a complete factual and legal record is developed.

### 4. Termination of an Investigation By Settlement

Any party may move at any time to terminate an investigation in whole or in part as to any or all respondents on the basis of a settlement. The motion for termination by settlement shall contain copies of the licensing or other settlement agreements, any supplemental agreements, any documents referenced in the motion or attached agreements, and a statement that there are no other agreements, written or oral, express or implied between the parties concerning the subject matter of the investigation.

Regarding terminations by settlement agreement, the parties may file statements regarding the impact of the proposed termination on the public interest, and the administrative law judge may hear argument, although no discovery may be compelled with respect to issues relating solely to the public interest. Thereafter, the administrative law judge shall consider and make appropriate findings in the initial determination regarding the effect of the proposed settlement on the public health and welfare, competitive conditions in the U.S. economy, the production of like or directly competitive articles in the United States, and U.S. consumers.

<u>Source</u>:        19 CFR § 210.21, § 210.50(b)(2)

**Proponent Toyo's Justification**

Much of this case involves the proceedings that occurred in the ITC. This is a topic that the jury is likely unfamiliar with and thus would benefit from this instruction regarding the ITC, such as what the ITC is generally, how investigations are initiated, the use of staff attorneys, and how investigations can be terminated via settlement.

**Atturo's Objection to Toyo's Proposed Preliminary Instruction on the ITC**

Toyo's proposed instructions above in Section D and its subsections should not be given. Atturo objects to Toyo's proposed instructions for the reasons stated in Atturo's Motion in Limine No. 3 (ECF No. 678). In addition, Atturo objects on the basis that Toyo's proposed language is irrelevant, highly-charged, confusing, misleading, unduly prejudicial, full of legal jargon, and largely unsupported by Toyo's proposed source materials.

II.    **IN-TRIAL INSTRUCTIONS; LIMITING INSTRUCTIONS**

**Agreed Upon In-Trial Instructions; Limiting Instructions**

A.    **Cautionary Instruction Before Recess**

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 2.01 (2017 rev.)

B.    **Depositions as Substantive Evidence**

*To be read in Plaintiff's case-in-chief*

**1.  Dennis King of Dunlap & Kyle Tire Company**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Dennis King of the Dunlap & Kyle Tire Company is about to be presented to you by video. The deposition was recorded on April 2, 2015. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 2.08 (2017 rev.) – modified

**2.  Bryan Thomas of J.P. Thomas Tire Company**

The deposition of Bryan Thomas of J.P. Thomas Tire Company is about to be presented to you by video. The deposition was recorded on January 16, 2015.

As I explained before, a deposition is sworn testimony, and the witness is placed under oath to tell the truth. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 2.08 (2017 rev.) – modified

**3.  Roy Bromfield of Toyo**

The deposition of Roy Bromfield of Toyo is about to be presented to you by video. The deposition was recorded on March 1, 2016.

As I explained before, a deposition is sworn testimony, and the witness is placed under oath to tell the truth. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 2.08 (2017 rev.) – modified

## **Toyo's Objection**

Toyo objects to these instructions solely to the extent any of these videos are not played during trial due to rulings on one or more motions *in limine* and/or rulings on objections to deposition designations.

**Agreed Upon In-Trial Instructions; Limiting Instructions Continued**

*To be read in Toyo's case-in-chief if Toyo's designations are
not played at the same time as Atturo's*

**4. Dennis King of Dunlap & Kyle Tire Company**

Additional portions of the deposition of Dennis King of the Dunlap & Kyle Tire Company are about to be presented to you by video. The deposition was recorded on April 2, 2015.

As I explained before, a deposition is sworn testimony, and the witness is placed under oath to tell the truth. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Source:     *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 2.08 (2017 rev.) – modified

**5. Bryan Thomas of J.P. Thomas Tire Company**

Additional portions of the deposition of Bryan Thomas of J.P. Thomas Tire Company are about to be presented to you by video. The deposition was recorded on January 16, 2015.

As I explained before, a deposition is sworn testimony, and the witness is placed under oath to tell the truth. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Source:     *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 2.08 (2017 rev.) – modified

**Further Statement by Toyo**

Toyo prefers that its designations be presented at the same time as Atturo's. Much of the designated testimony closely precedes or follows the testimony designated by Atturo and is necessary to place Atturo's designations in context. Presenting one-sided designations with a long delay for counter-designations would be like preventing cross-examination of a witness until days later and after other witnesses and would improperly prejudice Toyo. If such testimony is not presented at the same time as Atturo's designations, some of Atturo's designations would nevertheless have to be presented a second time during Toyo's case to provide context for Toyo's designations, again unfairly emphasizing Atturo's designations as well as wasting time.

However, if the Court does not allow Toyo to present its designations at the same time as Atturo's, Toyo presents these additional instructions to be read during Toyo's case.

**Further Statement by Atturo**

As stated in the Proposed Pretrial Order, Atturo requests that Toyo's additional designations of video deposition testimony be presented separately by Toyo in Toyo's defense case and that Atturo not be required to present them in Atturo's case-in-chief. Atturo also has asserted various objections to Toyo's additional designations, including that many are unrelated to

Atturo's proposed designations and irrelevant to the issues at trial. *See* Proposed Pretrial Order at Exhibits A, B. If Atturo is forced to present Toyo's additional designations in Atturo's case-in-chief, then Atturo will unfairly lose control of its affirmative trial presentation. In addition, Toyo's additional designations will significantly increase the length of the videos played for the jury at one time, resulting in the risk that the jury loses interest and does not pay close attention.

==Atturo's Proposed Limiting Instruction on Privilege Log as Substantive Evidence==

### C.  Privilege Log as Substantive Evidence

*To be read in Plaintiff's case-in-chief*

Evidence will now be presented to you in the form of a privilege log. A privilege log is a document that a party creates to show that the party had certain communications with its lawyers on specific dates. A privilege log lists the topic of the attorney-client communication without revealing the substance of the communication.

The privilege log that will now be presented to you was created by the Defendants for purposes of this case in order to respond to the Plaintiff's requests for documents and information.

This privilege log states that, on October 7, 2013, Toyo had 17 email communications with its attorneys on the topic of "Atturo seeking intervention" into Toyo's "ITC settlement proceedings." Toyo's Privilege Log of ITC Settlement Documents at Entry Nos. 217, 224, 225, 257, 320, 321, 421, 429, 494, 499, 510, 1340, 1669-72, 1792. The privilege log also identifies the sender and recipients of those 17 email communications.

You must give the information contained in this privilege log the same consideration as if the Defendants provided it as testimony from the witness stand. You should consider the entries in this privilege log to be admissions by the Defendants.

Sources:     *Mutual Ins. Co., Ltd. v. Murphy*, 630 F. Supp. 2d 158, 168 n. 3 (D. Mass. 2009); *Siemens v. Seagate Tech.*, No. SACV 06-788, 2009 WL 8762978, at *8-9; *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 2.09 (2017 rev.) – modified

==Toyo's Objection==

For the reasons stated in its Motion *in Limine* No. 10, Toyo objects all evidence and argument regarding Toyo's privilege log and documents/e-mails on Toyo's privilege log under Rules 401, 402, and 403.

In addition, Toyo objects to Atturo's proposed instruction for several reasons.  First, there is no need for the Court to provide an instruction as to what is included in the privilege log, that information would be evident from the privilege log itself.

Second, the case law cited by Atturo does not stand for the principle that the Court should instruct the jury that entries in a privilege log are to be considered "admissions." The footnote cited by Atturo in the *Mutual Ins.* case states that the privilege log is not hearsay because it falls under the exception of an admission of a party opponent, not that the Court should instruct the jury to treat the entries in the log "admissions."

Third, the Seventh Circuit jury instructions cited by Atturo (§ 2.09) is for interrogatory responses, not privilege logs.  Unlike a privilege log, an interrogatory response must be signed by the person answering them.  Fed. R. Civ. P. 33.

If the Court denies Toyo's Motion *in Limine* No. 10 and is inclined to give a jury instruction on the issue, Toyo proposes the following modifications to Atturo's proposed

instruction. Toyo's proposed modifications to this instruction are to lower the risk that the jury makes an improper inference from the admission of the privilege log as evidence, such as speculating that because communications were withheld as privileged, they must be damaging. Additionally, Atturo provides no support for the following sentence: "You must give the information contained in this privilege log the same consideration as if the Defendants provided it as testimony from the witness stand."

==**Toyo's Proposed Modification In the Event Toyo's Motion in Limine No. 10 is Denied**==

### D. <u>Privilege Log as Substantive Evidence</u>

*To be read in Plaintiff's case-in-chief*

Evidence will now be presented to you in the form of a privilege log. A privilege log is a document that a party creates to show that the party had certain communications with its lawyers on specific dates. A privilege log lists the topic of the attorney-client communication without revealing the substance of the communication <span style="color:red">as such substance is protected under attorney-client privilege</span>.

The privilege log that will now be presented to you was created by <span style="color:red">Toyo</span> ~~the Defendants~~ for purposes of this case in order to respond to the ~~Plaintiff's~~ <span style="color:red">Atturo's</span> requests for documents and information. <span style="color:red">Toyo was entitled to protect its privileged communications from Atturo.</span>

~~This privilege log states that, on October 7, 2013, Toyo had 17 email communications with its attorneys on the topic of "Atturo seeking intervention" into Toyo's "ITC settlement proceedings." Toyo's Privilege Log of ITC Settlement Documents at Entry Nos. 217, 224, 225, 257, 320, 321, 431, 429, 494, 499, 510, 1340, 1669-72, 1792. The privilege log also identifies the sender and recipients of those 17 email communications.~~

~~You must give the information contained in this privilege log the same consideration as if the Defendants provided it as testimony from the witness stand. You should consider the entries in this privilege log to be admissions by the Defendants.~~

<span style="color:red">You may only consider this privilege log as evidence that the communications it describes occurred. You may not speculate as to the contents of those communications. You also may not infer that because the communications were withheld from Atturo that they contain damaging information to Toyo.</span>

<u>Sources</u>:    *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, 2017 WL 7052463, at *2 (E.D. Tex. Sept. 20, 2017); *Siemens v. Seagate Tech.*, No. SACV 06-788, 2009 WL 8762978, at *8-9.

15

## **Atturo's Response to Toyo's Proposed Modification of the Privilege Log Instruction**

Atturo's proposed instruction on privilege logs is supported by its source citations and is the most appropriate approach for the facts and circumstances of this case. Atturo objects to Toyo's proposed modification for the following reasons:

1. Toyo's privilege log should be admitted into evidence for the reasons stated in Atturo's Opposition to Toyo's Motion in Limine No. 10.

2. Toyo's proposed modification improperly deletes Atturo's proposed language identifying the 17 privilege log entries in which Toyo stated that, on October 7, 2013, Toyo had email communications with its attorneys on the topic of "Atturo seeking intervention" into Toyo's "ITC settlement proceedings." Toyo's Privilege Log of ITC Settlement Documents at Entry Nos. 217, 224, 225, 257, 320, 321, 421, 429, 494, 499, 510, 1340, 1669-72, 1792. A clear identification of these 17 entries is critical to the jury's understanding because the privilege log is 160 pages long, and its entries are not in chronological order. These 17 entries are directly relevant to proving the second elements of Atturo's Claims 1 & 2 (Toyo's knowledge). Atturo's President (Michael Mathis) will testify at trial (consistent with discovery in this case) that, on October 7, 2013, he had a telephone conversation with Toyo's attorney (Dan Smith) about Toyo's interference with Atturo's business relationships and expectancies. *See* ECF No. 627-1 at ¶ 13. The 17 entries in Toyo's privilege log support this testimony.

3. Toyo's proposed modification to include the following two sentences is inconsistent with the instructions on circumstantial evidence: "You may only consider this privilege log as evidence that the communications it describes occurred. You may not speculate as to the contents of those communications." *See Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.12 (2017 rev.); *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 414 (2017 rev.).

==Atturo's Proposed Limiting Instructions on Pretrial Judicial Determinations==

### E.  Pretrial Judicial Determinations

*To be read at the end of Plaintiff's case-in-chief.*

**1.  General Explanation of Pretrial Judicial Determinations**

As I previously advised you, this lawsuit was filed in 2014 and has been ongoing for 7.5 years. Prior to this trial, the Court made various pretrial determinations. I will now instruct you on these findings. These are issues you do not need to decide, and these are findings that you must accept.

Sources:        ECF Nos. 362, 660, 661

**2.  No Trade Dress**

The Court has determined, and now instructs you, that Defendants do not own a protectable trade dress right in Defendants' Open Country M/T tire.

This is an issue you not need to decide, and this is a finding that you must accept.

Source:         ECF No. 661 at 23-24

**3.  No Trade Dress Infringement**

The Court has determined, and now instructs you, that Plaintiff's Trail Blade M/T tire does not infringe an alleged trade dress right in Defendants' Open Country M/T tire.

This is an issue you not need to decide, and this is a finding that you must accept.

Source:         ECF No. 661 at 23-24

**4.  Defendants' Conduct as to Plaintiff**

The Court has determined, and now instructs you, that "[Defendant] Toyo's conduct as to [Plaintiff] Atturo in 2013 was unrelated to the ITC proceeding."

This is an issue you do not need to decide, and this is a finding that you must accept.

Source:         ECF No. 660 at 12

**5.  Scope of Defendants' ITC Action**

The Court has determined, and now instructs you, that:

- Defendant Toyo's "settlement agreements were private agreements that did not require ITC approval to become effective in the first place"

- "the agreement between [Defendant] Toyo and various ITC respondents with regard to Atturo was an action that was taken by the parties [to the agreements] themselves, unrelated to the ITC proceeding"

- "the agreements between [Defendant] Toyo and the ITC respondents regarding [Plaintiff] Atturo are beyond the scope of Toyo's [ITC] complaint and the ITC investigation"

- "the settlement agreements that [Defendant] Toyo submitted to the ITC were a *fait accompli*. They did not need the approval of the ITC judge to become effective."

These are issues you do not need to decide, and these are findings that you must accept.

Sources:     ECF No. 660 at 13 (citing ECF No. 362)

### 6. Defendants' Conduct in ITC Action

The Court has determined, and now instructs you, that: "[Defendant] Toyo's efforts to shoehorn whatever claims it may have with respect to the Atturo tires into the ITC proceeding (when it could have, but did not, list them in its ITC complaint) under the guise of motions to terminate conceals an attempt to interfere directly with the business relationships of a competitor by using the ITC proceeding as an 'anticompetitive weapon.'"

This is an issue you do not need to decide, and this is a finding that you must accept.

Sources:     ECF No. 660 at n. 12 (quoting ECF No. 362)

### 7. Plaintiff's Letter to the ITC

*Instruction need not be given if the Court grants Plaintiff's motion in limine no. 1 to exclude Defendants' first affirmative defense based on Plaintiff's letter to the ITC.*

The Court has determined, and now instructs you, that, even though Plaintiff had "submitted a letter to the ITC regarding the propriety of [Defendants'] settlement agreements," the ITC did not specifically consider or endorse "the injuries underlying" the claims Plaintiff brings against Defendants at this trial.

This is an issue you do not need to decide, and this is a finding that you must accept.

Source:     ECF No. 362 at 15

### 8. Rules of the ITC

The Court has determined, and now instructs you, that: "Nowhere do the regulations [of the ITC] require the [ITC] administrative judge to consider the reasonableness or fairness of the

settlement terms or any impact the settlement agreement may have on third parties directly" "[w]hen reviewing a request to terminate a [ITC] proceeding based upon a settlement agreement between the parties" to the ITC proceeding.

This is an issue you do not need to decide, and this is a finding that you must accept.

<u>Source:</u>        ECF No. 362 at 3

### 9. Nature of Defendants' Statements about Plaintiff

The Court has determined, and now instructs you, that Defendants' statements in the settlement agreements that Plaintiff complains of in this case:

- "were precise and involved verifiable facts"

- were not "statements of opinion"

- were false statements because Defendants do not own "protectable trade dress rights in the Open Country M/T"

- were false statements because Plaintiff's Trail Blade M/T does not infringe alleged trade dress rights in the Open Country M/T

- "prejudice" Plaintiff and "impute lack of ability in [Plaintiff's] trade, profession, or business."

These are issues you do not need to decide, and these are findings that you must accept.

<u>Source:</u>        ECF No. 660 at 14-17; ECF No. 661

## <mark>Toyo's Objection</mark>

For the reasons stated in its Motion *in Limine* No. 1 and in opposition to Atturo's Motion *in Limine* Nos. 3 & 4, Toyo objects to these instructions as the alleged pretrial determinations made by the Court should not be admitted into evidence. For the same reasons, the pretrial determinations should not be included as jury instructions. These rulings are not evidence under Rules 401/402, are not binding on the jury, and inadmissible under Rule 403.

In addition, Toyo objects to the particular language of the proposed instructions as follows:
- No. 2 regarding "No Trade Dress": The Court has not determined that Toyo has "no trade dress." The Court has merely determined that Toyo failed to create a genuine issue of fact about the secondary meaning and functionality of the specific trade dress asserted in this case.
- No. 3 regarding "No Trade Dress Infringement": The Court did not reach the issue of infringement (likelihood of confusion) because it determined that Toyo failed to create a genuine issue of fact about the secondary meaning and functionality of the trade dress asserted in this case. *Bodum USA, Inc. v. A Top New Casting Inc.*, 927 F. 3d 486, 491 (7th

Cir. 2019) (trade dress infringement requires proof of ownership of a valid trade dress, that the trade dress is not functional, and that the accused product was likely to cause consumer confusion as to its source). In addition, the Court's summary judgment was limited to the specific trade dress asserted in this case.

- Nos. 4-8 regarding "Defendants' Conduct as to Plaintiff," "Scope of Defendants' ITC Action," "Defendants' Conduct in the ITC Action," and "Rules of the ITC": The Court's findings were with respect to application of the *Noerr-Pennington* doctrine, and are not binding on the jury with respect to other issues in the case.

- No. 9 regarding "Nature of Defendants' Statements about Plaintiff": The Court's findings were made in conjunction of denial of Toyo's motion for summary judgment, and are not binding on the jury. The Court merely held that "the Court cannot find as a matter of law that the statements at issue are not defamatory, . . . ." (ECF #660 at 18.)

## Atturo's Objection to Toyo's Removal of the Limiting Instructions on Pretrial Judicial Determinations

Atturo's proposed limiting instructions on pretrial judicial determinations should be given, and Atturo objects to Toyo's removal of this instruction for the reasons stated in Atturo's Opposition to Toyo's Motion in Limine No. 1 and in Atturo's Motions in Limine (ECF No. 678).

==Atturo's Proposed Limiting Instructions on Judicial Notice==

**F.  Judicial Notice**

*To be read at the end of Plaintiff's case-in-chief.*

I have decided to take judicial notice of the following facts and accept them as proven. You must now treat these facts as having been proved for the purpose of this case:

1)  In August 2013, Toyo filed a Complaint with the U.S. International Trade Commission against more than 20 companies in the tire industry for alleged infringement of design patents. *See* ECF No. 340-3[1] at ¶¶ 5, 7, 8, 12; *see also* ECF No. 362[2] at 1-2; ECF No. 660[3] at 3-4. That action is referred to as the "ITC Action."

2)  Toyo did not assert any trade dress claims in the ITC Action. *See* ECF No. *See* 627-1[4] at ¶ 11; ECF No. 344-1[5] at ¶¶ 41-42; *see also* ECF No. 660 at 4.

3)  Atturo was not a respondent in the ITC Action. *See* ECF No. 344-1 at ¶¶ 39-40; *see also* ECF No. 362 at 2; ECF No. 660 at 4.

4)  On October 7, 2013, Toyo had 17 email communications with its attorneys on the topic of "Atturo seeking intervention" into Toyo's "ITC settlement proceedings." Toyo's Privilege Log of ITC Settlement Documents at Entry Nos. 217, 224, 225, 257, 320, 321, 431, 429, 494, 499, 510, 1340, 1669-72, 1792.

5)  Those 17 entries are excerpted, compiled, and admitted into evidence as Joint Exhibit No. ___. *See id.*

6)  From October 21, 2013 through February 20, 2014, Toyo entered into ten settlement agreements with companies that were respondents to the ITC Action. *See* ECF No. 656[6] at ¶ 47 (citing ECF No. 344-1 at ¶ 59); *see also* ECF No. 362 at 2; ECF No. 660 at 4.

---

[1] ECF No. 340-3 is Atturo's Responses to Toyo's Statement of Facts for Toyo's Motion for Summary Judgment on Toyo's *Noerr-Pennington* Affirmative Defense to Atturo's Counterclaims.

[2] ECF No. 362 is the Court's March 30, 2017 summary judgment order rejecting Toyo's *Noerr-Pennington* affirmative defense.

[3] ECF No. 660 is the Court's February 9, 2021 summary judgment order denying Toyo's motion for summary judgment on Atturo's counterclaims.

[4] ECF No. 627-1 is Atturo's Responses to Toyo's Statement of Facts for Toyo's Motion for Summary Judgment on Atturo's Counterclaims..

[5] ECF No. 344-1 is Toyo's Responses to Atturo's Statement of Additional Facts for Toyo's Motion for Summary Judgment on Toyo's *Noerr-Pennington* Affirmative Defense to Atturo's Counterclaims.

[6] ECF No. 656 is Toyo's Responses to Atturo's Statement of Additional Facts for Toyo's Motion for Summary Judgment on Atturo's Counterclaims.

7) Toyo's settlement agreements with respondents to the ITC Action are admitted into evidence as Joint Exhibit Nos. _____ - _____. *See* ECF No. 344-1 at ¶ 59.

8) Toyo's settlement agreements with respondents to the ITC Action stated that "Toyo is aware of additional tires that it believes infringe other Toyo intellectual property not asserted in the ITC Action" and listed Atturo's Trail Blade M/T tire as one of those "additional tires" in the body of the agreements under the heading "Toyo's Open Country M/T Trade Dress" and in an exhibit to the agreements. *See* ECF No. 656 at ¶ 47 (citing ECF No. 344-1 at ¶ 52); *see also* ECF No. 362 at 2; ECF No. 660 at 4.

9) Toyo's settlement agreements with respondents to the ITC Action included a provision requiring that the respondents permanently cease and desist from selling, offering for sale, manufacturing, distributing, and/or importing those additional tires. *See* ECF No. 344-1 at ¶ 52.

10) Toyo filed public versions of its settlement agreements on the docket in the ITC Action that included the statements and preclusions about Atturo. *See* ECF No. 656 at ¶ 47 (citing ECF No. 344-1 at ¶¶ 52, 54, 59); *see also* ECF No. 660 at 4.

11) The public versions of Toyo's settlement agreements with respondents to the ITC Action are admitted into evidence as Joint Exhibit Nos. _____ - _____. *See* ECF No. 344-1 at ¶ 59.

12) The public versions of Toyo's settlement agreements with respondents to the ITC Action were served on all of the parties in the ITC Action and were also available to the general public. *See* ECF No. 344-1 at ¶ 59.

13) One of Toyo's settlement agreements was with the Dunlap & Kyle Tire Company, which Toyo entered into on November 18, 2013. *See* ECF No. 656 at ¶ 47; ECF No. 344-1 at ¶ 59.

14) Prior to the settlement agreement between Toyo and Dunlap & Kyle, Dunlap & Kyle had ordered 1024 Atturo Trail Blade M/T tires. *See* ECF No. *See* 627-1 at ¶ 21.

15) In 2014, Toyo entered into an additional settlement agreement with the J.P. Thomas tire company. *See* ECF No. 656 at ¶ 49 (citing ECF No. 344-1 at ¶¶ 62-63).

16) Toyo's settlement agreement with J.P. Thomas is admitted into evidence as Joint Exhibit No. _____. *See* ECF No. 344-1 at ¶ 62.

17) Toyo's settlement agreement with J.P. Thomas stated that "Toyo is aware of additional tires that it believes infringe other Toyo intellectual property not asserted in" an Illinois lawsuit that Toyo filed against J.P. Thomas for design patent infringement and listed Atturo's Trail Blade M/T tire as one of those "additional tires" in the body of the agreement under the heading "Toyo's Open Country M/T Trade Dress" and in an exhibit to the agreement. *See* ECF No. 656 at ¶ 49 (citing ECF No. 344-1 at ¶¶ 62-63).

18) Toyo's settlement agreement with J.P. Thomas included a provision requiring that J.P. Thomas permanently cease and desist from the manufacture, sale, offer for sale, distribution, and/or importation of those additional tires. *See* ECF No. 344-1 at ¶ 64.

19) In March 2015, Toyo sent a letter to The Off-Road Champions, a racing organization also known as "TORC." *See* ECF No. 656 at ¶ 51 (citing Dep. Ex. 178).

20) Toyo's letter to TORC is admitted into evidence as Joint Exhibit No. __. *See* ECF No. 656 at ¶ 51 (citing Dep. Ex. 178).

21) Toyo's letter to TORC stated, in part, that:
It has come to our attention that TORC, in its press release dated February 24, 2015 . . . announced that it has partnered with Atturo. . . . We believe that Atturo has joined TORC for the purpose of legitimizing its Atturo Trail Blade M/T and that the 'story' Atturo wants to tell is a false one. Accordingly, TORC should proceed carefully relative to your announced partnership.
*See* ECF No. 656 at ¶ 51 (citing Dep. Ex. 178).

Source:      *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 2.06 (2017 rev.) – modified

<mark>**Toyo's Objection**</mark>

Toyo objects to these instructions as the Court has not yet taken judicial notice of any facts. Further, some of the facts Atturo appears to be requesting the Court to take judicial notice of are not "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F.R.E. 201 (b). Thus, these are not the "kind[] of facts that may be judicially noticed." *Id.*
In addition with respect to the specific proposed facts for judicial notice:

- Atturo's proposed fact #4-5, 14 are not proper for judicial notice. F.R.E. 201 (b).
- With respect to proposed facts #4-5, Toyo objects to admission of all evidence and arguments regarding its privilege log and the documents/e-mails on its privilege log for the reasons set forth in Motion *in Limine* No. 10.
- With respect to proposed fact #1, 6-12, 15-18, Toyo objects to the admission of all evidence and arguments regarding settlement agreements and damages stemming from settlement agreements other than the settlement agreement with Dunlap & Kyle for the reasons set forth in Toyo's Motions *in Limine* Nos. 2-3.
- With respect to proposed fact #19-21, Toyo objects to the admission of all evidence and argument regarding the letter to The Off-Road Champions ("TORC") for the reasons set forth in Toyo's Motion *in Limine* No. 7.

<mark>**Atturo's Objection to Toyo's Removal of the Limiting Instructions on Judicial Notice**</mark>

Atturo's proposed preliminary instruction on judicial notice should be given, and Atturo objects to Toyo's removal of this instruction for the following reasons:
1.      Toyo's position on judicial notice is overly-narrow and wrong. Judicial notice is an important tool in this Court's disposal to "streamline trials" and "increase judicial efficiency."

*Proof of Matters By Judicial Notice*, 60 Am. Jur. Proof of Facts 3d 175 (Aug. 2021). The Court "may take judicial notice of documents that are part of the public record, including pleadings, orders, and transcripts from prior proceedings in the case," and including "undisputed facts . . . on summary judgment." *King v. Chapman*, No. 09 C 1184, 2014 WL 6883434, at *1 (N.D. Ill. Dec. 5, 2014); *see also What Constitutes "Adjudicative Facts" Within Meaning of Rule 201 of Federal Rules of Evidence Concerning Judicial Notice of Adjudicative Facts,* 150 A.L.R. Fed. 543 ("for purposes of Rule 201, adjudicative facts are simply the facts of the particular case").

2. Through this proposed instruction, Atturo is requesting that the Court take judicial notice of 21 facts that were undisputed by the parties in connection with summary judgment briefings in this case. Despite previously admitting these facts to be true, Toyo has refused to stipulate to them at trial.

3. Toyo's removal of this instruction is also improper for the reasons stated in Atturo's Opposition to Toyo's Motion in Limine Nos. 2-3, 7, 10 and in Atturo's Motions in Limine (ECF No. 678).

### III. POST-TRIAL INSTRUCTIONS – GENERAL

<mark>**Agreed Upon Post-Trial General Instructions**</mark>

#### A. General Cautionary Instructions

**1. Functions of the Court and the Jury**

<u>Source</u>:   *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.01 (2017 rev.)

**2. No Inference From Judge's Questions**

<u>Source</u>:   *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.02 (2017 rev.)

**3. All Litigants Equal Before the Law**

In this case the plaintiff and defendants are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give to any individual person.

<u>Source</u>:   *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.03 (2017 rev.) - modified

#### B. What Is and What Is Not Evidence

**1. Evidence**

<u>Source</u>:   *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.04 (2017 rev.)

**2. Deposition Testimony**

During the trial, certain testimony was presented to you by videos. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

<u>Source</u>:   *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.05 (2017 rev.) - modified

==**Atturo's Proposed Post-Trial General Instruction on Privilege Log**==

**3. Privilege Log**

During the trial, certain evidence was presented to you in the form of a privilege log. You should give this information the same consideration you would give it had witnesses appeared and testified here in court.

Sources:     *Mutual Ins. Co., Ltd. v. Murphy*, 630 F. Supp. 2d 158, 168 n. 3 (D. Mass. 2009); *Siemens v. Seagate Tech.*, No. SACV 06-788, 2009 WL 8762978, at *8-9; *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 2.09 (2017 rev.) – modified

==**Toyo's Objection**==

For the reasons stated in its Motion *in Limine* No. 10, Toyo objects all evidence and argument regarding Toyo's privilege log and documents/e-mails on Toyo's privilege log under Rules 401, 402, and 403.

In addition, Toyo objects to Atturo's proposed instruction. The Seventh Circuit jury instructions cited by Atturo (§ 2.09) is for interrogatory responses, not privilege logs. Unlike a privilege log, an interrogatory response must be signed by the person answering them. Fed. R. Civ. P. 33.

If the Court denies Toyo's Motion *in Limine No.* 10 and is inclined to give a jury instruction on the issue, Toyo proposes the following modifications to Atturo's proposed instruction. Toyo's proposed modifications to this instruction are to lower the risk that the jury makes an improper inference from the admission of the privilege log as evidence, such as speculating that because communications were withheld as privileged, they must be damaging. Additionally, Atturo provides no support for the following sentence: "You should give this information the same consideration you would give it had witnesses appeared and testified here in court."

==**Toyo's Proposed Modification In the Event Toyo's Motion in Limine No. 10 is Denied**==

**4. Privilege Log**

During the trial, certain evidence was presented to you in the form of a privilege log. ~~You should give this information the same consideration you would give it had witnesses appeared and testified here in court.~~ You may only consider this privilege log as evidence that the communications it describes occurred. You may not speculate as to the contents of those communications. You also may not infer that because the communications were withheld from Atturo that they contain damaging information to Toyo.

Sources:     *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, 2017 WL 7052463, at *2 (E.D. Tex. Sept. 20, 2017); *Siemens v. Seagate Tech.*, No. SACV 06-788, 2009 WL 8762978, at *8-9.

**<mark>Atturo's Response to Toyo's Proposed Modification of the Privilege Log Instruction</mark>**

Atturo's proposed instruction on privilege logs is supported by its source citations and is the most appropriate approach for the facts and circumstances of this case. Atturo objects to Toyo's proposed modification for the following reasons:

1.      Toyo's privilege log should be admitted into evidence for the reasons stated in Atturo's Opposition to Toyo's Motion in Limine No. 10.

2.      Toyo's proposed modifications are inconsistent with the instructions on circumstantial evidence. *See Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.12 (2017 rev.); *Fed. Civ. Jury Instructions of the Seventh Circuit*, at Appendix (Sample Preliminary Instructions) at 414 (2017 rev.).

<mark>**Agreed Upon Post-Trial General Instructions Continued**</mark>

**5. What is Not Evidence**

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.06 (2017 rev.)

**6. Note-Taking**

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.07 (2017 rev.)

### C. Weighing and Considering the Evidence

**1. Consideration of All Evidence Regardless of Who Produced**

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.08 (2017 rev.)

**2. Limited Purpose of Evidence**

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.09 (2017 rev.)

**3. Weighing the Evidence**

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.11 (2017 rev.)

**4. Definition of "Direct" and "Circumstantial" Evidence**

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.12 (2017 rev.)

### D. Witness Testimony

**1. Testimony of Witness (Deciding What to Believe)**

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.13 (2017 rev.)

**2. Prior Inconsistent Statements**

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.14 (2017 rev.)

**3. Absence of Evidence**

Source:        *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.18 (2017 rev.)

**Toyo's Proposed Post-Trial General Instruction on Presumption of Regularity**

### E. Presumption of Regularity

Unless outweighed by evidence to the contrary, you may find an official duty has been regularly performed, private transactions have been fair and regular, the ordinary course of business or employment has been followed, things have happened according to the ordinary course of nature and the ordinary habits of life, and the law has been obeyed.

Source:       3 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Fed. Jury Prac. & Instr.* § 104:21 (6th Ed.)

**Atturo's Objection To A "Presumption of Regularity"**

Toyo's proposed instruction should not be given. Atturo objects to Toyo's proposed instruction for the reasons stated in Atturo's Motions In Limine No. 3 (ECF No. 678). In addition, Atturo objects on the basis that Toyo's proposed language is vague and ambiguous, confuses the issues, and is highly likely to mislead the jury and unfairly prejudice Atturo.

## **Agreed Upon Post-Trial General Instructions Continued**

### F.  **Particular Types of Evidence**

#### 1.  **Expert Witnesses**

<u>Source</u>:          *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.21 (2017 rev.)

#### 2.  **Demonstrative Evidence**

<u>Source</u>:          *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.24 (2017 rev.)

### G.  **Burden of Proof**

<u>Source</u>:          *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.27 (2017 rev.)

### H.  **Conduct of Deliberations**

#### 1.  **Selection of Presiding Juror; General Verdict**

<u>Source</u>:          *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.32 (2017 rev.)

#### 2.  **Communication with Court**

<u>Source</u>:          *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.33 (2017 rev.)

#### 3.  **Disagreement Among Jurors**

<u>Source</u>:          *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.34 (2017 rev.)

## IV. POST-TRIAL INSTRUCTIONS – SPECIFIC

**Atturo's Proposed Specific Post-Trial Instructions on Pretrial Judicial Determinations**

### A. Pretrial Judicial Determinations

#### 1. General Explanation of Pretrial Judicial Determinations

As I previously advised you, this lawsuit was filed in 2014 and has been ongoing for 7.5 years. Prior to this trial, the Court made various pretrial determinations. I will now remind you of these findings. These are issues you do not need to decide, and these are findings that you must accept.

Sources:        ECF Nos. 362, 660, 661

#### 2. No Trade Dress

The Court has determined, and now instructs you, that Defendants do not own a protectable trade dress right in Defendants' Open Country M/T tire.

This is an issue you not need to decide, and this is a finding that you must accept.

Source:        ECF No. 661 at 23-24

#### 3. No Trade Dress Infringement

The Court has determined, and now instructs you, that Plaintiff's Trail Blade M/T tire does not infringe an alleged trade dress right in Defendants' Open Country M/T tire.

This is an issue you not need to decide, and this is a finding that you must accept.

Source:        ECF No. 661 at 23-24

#### 4. Defendants' Conduct as to Plaintiff

The Court has determined, and now instructs you, that "[Defendant] Toyo's conduct as to [Plaintiff] Atturo in 2013 was unrelated to the ITC proceeding."

This is an issue you do not need to decide, and this is a finding that you must accept.

Source:        ECF No. 660 at 12

#### 5. Scope of Defendants' ITC Action

The Court has determined, and now instructs you, that:

- Defendant Toyo's "settlement agreements were private agreements that did not require ITC approval to become effective in the first place"

- "the agreement between [Defendant] Toyo and various ITC respondents with regard to Atturo was an action that was taken by the parties [to the agreements] themselves, unrelated to the ITC proceeding"

- "the agreements between [Defendant] Toyo and the ITC respondents regarding [Plaintiff] Atturo are beyond the scope of Toyo's [ITC] complaint and the ITC investigation"

- "the settlement agreements that [Defendant] Toyo submitted to the ITC were a *fait accompli*. They did not need the approval of the ITC judge to become effective."

These are issues you do not need to decide, and these are findings that you must accept.

Sources:      ECF No. 660 at 13 (citing ECF No. 362)

### 6. Defendants' Conduct in ITC Action

The Court has determined, and now instructs you, that: "[Defendant] Toyo's efforts to shoehorn whatever claims it may have with respect to the Atturo tires into the ITC proceeding (when it could have, but did not, list them in its ITC complaint) under the guise of motions to terminate conceals an attempt to interfere directly with the business relationships of a competitor by using the ITC proceeding as an 'anticompetitive weapon.'"

This is an issue you do not need to decide, and this is a finding that you must accept.

Sources:      ECF No. 660 at n. 12 (quoting ECF No. 362)

### 7. Plaintiff's Letter to the ITC

*Instruction need not be given if the Court grants Plaintiff's motion in limine no. 1 to exclude Defendants' first affirmative defense based on Plaintiff's letter to the ITC.*

The Court has determined, and now instructs you, that, even though Plaintiff had "submitted a letter to the ITC regarding the propriety of [Defendants'] settlement agreements," the ITC did not specifically consider or endorse "the injuries underlying" the claims Plaintiff brings against Defendants at this trial.

This is an issue you do not need to decide, and this is a finding that you must accept.

Source:      ECF No. 362 at 15

### 8. Rules of the ITC

The Court has determined, and now instructs you, that: "Nowhere do the regulations [of the ITC] require the [ITC] administrative judge to consider the reasonableness or fairness of the

settlement terms or any impact the settlement agreement may have on third parties directly" "[w]hen reviewing a request to terminate a [ITC] proceeding based upon a settlement agreement between the parties" to the ITC proceeding.

This is an issue you do not need to decide, and this is a finding that you must accept.

<u>Source</u>:        ECF No. 362 at 3

### 9.  Nature of Defendants' Statements about Plaintiff

The Court has determined, and now instructs you, that Defendants' statements in the settlement agreements that Plaintiff complains of in this case:

- "were precise and involved verifiable facts"

- were not "statements of opinion"

- were false statements because Defendants do not own "protectable trade dress rights in the Open Country M/T"

- were false statements because Plaintiff's Trail Blade M/T does not infringe alleged trade dress rights in the Open Country M/T

- "prejudice" Plaintiff and "impute lack of ability in [Plaintiff's] trade, profession, or business."

These are issues you do not need to decide, and these are findings that you must accept.

<u>Source</u>:        ECF No. 660 at 14-17; ECF No. 661

<mark>**Toyo's Objection**</mark>

For the reasons stated in its Motion *in Limine* No. 1 and in opposition to Atturo's Motion *in Limine* Nos. 3 & 4, Toyo objects to these instructions as the alleged pretrial determinations made by the Court should not be admitted into evidence.  For the same reasons, the pretrial determinations should not be included as jury instructions. These rulings are not under Rules 401/402, are not binding on the jury, and inadmissible under Rule 403.

In addition, Toyo objects to the particular language of the proposed instructions as follows:
- No. 2 regarding "No Trade Dress":  The Court has not determined that Toyo has "no trade dress."  The Court has merely determined that Toyo failed to create a genuine issue of fact about the secondary meaning and functionality of the trade dress asserted in this case.
- No. 3 regarding "No Trade Dress Infringement":  The Court did not reach the issue of infringement (likelihood of confusion) because it determined that Toyo failed to create a genuine issue of fact about the secondary meaning and functionality of the trade dress asserted in this case. *Bodum USA, Inc. v. A Top New Casting Inc.*, 927 F. 3d 486, 491

33

(7th Cir. 2019) (trade dress infringement requires proof of ownership of a valid trade dress, that the trade dress is not functional, and that the accused product was likely to cause consumer confusion as to its source).

- Nos. 4-8 regarding "Defendants' Conduct as to Plaintiff," "Scope of Defendants' ITC Action," "Defendants' Conduct in the ITC Action," and "Rules of the ITC": The Court's findings were with respect to application of the Noerr-Pennington doctrine, and are not binding on the jury with respect to other issues in the case.
- No. 9 regarding "Nature of Defendants' Statements about Plaintiff": The Court's findings were made in conjunction of denial of Toyo's motion for summary judgment, and are not binding on the jury. The Court merely held that "the Court cannot find as a matter of law that the statements at issue are not defamatory, . . . ." (ECF #660 at 18.)

**Atturo's Objection to Toyo's Removal of the Post-Trial Instructions on Pretrial Judicial Determinations**

Atturo's proposed post-trial instructions on pretrial judicial determinations should be given, and Atturo objects to Toyo's removal of this instruction for the reasons stated in Atturo's Opposition to Toyo's Motion in Limine No. 1 and in Atturo's Motions in Limine (ECF No. 678).

### B. Plaintiff Atturo's Claims

1. **CLAIM 1: Tortious Interference with Existing Contracts**

<mark>Atturo's Proposed Instruction on Claim 1</mark>

Plaintiff contends that Defendants tortiously interfered with Plaintiff's existing contracts with Dunlap & Kyle Tire Company to purchase Plaintiff's Trail Blade M/T tires.

To succeed on this claim, Plaintiff must prove the following by a preponderance of the evidence:

1. Plaintiff had a contractual relationship with Dunlap & Kyle.

2. Defendants had knowledge of this contractual relationship.

3. Defendants intentionally induced a breach of this contractual relationship.

4. Dunlap & Kyle actually breached this contractual relationship.

5. Plaintiff suffered damages as a result.

Plaintiff does not need to prove that Defendants acted with malice towards Plaintiff.

You will address this claim in Question 1 on your verdict form.

Sources:    *Leonel & Noel Corp. v. Cerveceria Centro Americana, S.A.,* 758 F. Supp. 2d 596, 606 (N.D. Ill. 2010); *Diamond Blade Warehouse, Inc. v. Paramount Diamond Tools, Inc.*, 420 F. Supp. 2d 866, 871 (N.D. Ill. 2006); *Cody v. Harris*, 409 F.3d 853, 859 (7th Cir. 2005); *Roy v. Coyne*, 259 Ill. App. 3d 269, 275-279 (1st Dist. 1994); *Sibel Prods,, Inc. v. Gaming Partners Int'l Corp.*, No. 09-cv-87, 2010 WL 55689, at *2 (S.D. Ill. Jan. 4, 2010); *Am. States Ins. Co. v. Bailey*, 285 Ill. App. 3d 687, 690-91 (1st Dist. 1996)

<mark>Toyo's Objection</mark>

Atturo's claim requires proof of a "valid and enforceable contract."  *Kirschenbaum v. Asta Healthcare Co.*, 2013 WL 5718436, at *5 (N.D. Ill. Oct. 21, 2013) (J. Rowland); *Rehabcare Grp. E., Inc. v. CC Care, LLC*, 2016 WL 2595108, at *2 (N.D. Ill. May 4, 2016).  Atturo has the burden of proving that Toyo's conduct was "unjustified" for the reasons explained in Toyo's opposition to Atturo's Motion *in Limine* No. 2 (ECF #681 at 6-8).  *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E. 2d 672, 676 (Ill. 1989); *Swager v. Couri*, 395 N.E. 2d 921, 925 (Ill. 1979); *Imperial Apparel v. Cosmo's Designer Direct, Inc.*, 882 N.E. 2d 1011, 1019 (Ill. 2008).  At best the case law in Illinois is unsettled.*Cromeens, Holloman, Siber, Inc. v. AB Volvo*, 349 F.3d 376, 398-99 (7th Cir. 2003).  Atturo also must prove a causal relationship, which is

why Toyo included the language "Dunlap & Kyle actually breached this contract **because of** Toyo's wrongful contract." *Kirschenbaum*, 2013 WL 5718436, at *5; *Rehabcare Grp. E.*, 2016 WL 2595108, at *2. The language regarding proof that "Atturo did what the contract required it to do" and "Dunlap & Kyle failed to perform its obligations under the contract is from model jury instructions regarding breach of contract. Ill. Pattern Jury Instructions- Civil 700.07 – modified; ll. Pattern Jury Instructions- Civil 700.10 – modified.

<mark>**Toyo's Proposed Modification**</mark>

~~Plaintiff~~ Atturo contends that ~~Defendants~~ Toyo tortiously interfered with ~~Plaintiff's~~ Atturo's existing contracts with Dunlap & Kyle Tire Company to purchase ~~Plaintiff's~~ Atturo's Trail Blade M/T tires.

To succeed on this claim, ~~Plaintiff~~ Atturo must prove the following by a preponderance of the evidence:

1. ~~Plaintiff~~ Atturo had a valid and enforceable contract ~~contractual relationship~~ with Dunlap & Kyle.

2. ~~Defendants~~ Toyo had knowledge of this ~~contractual relationship~~ contract.

3. ~~Defendants~~ ~~Toyo~~ ~~intentionally~~ induced a breach of this ~~contractual relationship~~ contract.

4. Toyo's inducement was intentional and unjustified.

5.~~4.~~ Dunlap & Kyle actually breached this ~~contractual relationship~~ contract because of Toyo's wrongful conduct.

6.~~5.~~ ~~Plaintiff~~ Atturo suffered damages as a result of this breach.

~~Plaintiff does not need to prove that Defendants acted with malice towards Plaintiff.~~

In order to prove that Dunlap & Kyle actually breached the contract, Atturo must also prove the following by a preponderance of the evidence:

1. Atturo did what the contract required it to do.

2. Dunlap & Kyle failed to perform its obligations under the contract.

You will address this claim in Question 1 on your verdict form

Sources: *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E. 2d 672, 676 (Ill. 1989); *Swager v. Couri*, 395 N.E. 2d 921, 925 (Ill. 1979); *Imperial Apparel v. Cosmo's Designer Direct, Inc.*, 882 N.E. 2d 1011, 1019 (Ill. 2008); *Cromeens, Holloman, Siber, Inc. v. AB Volvo*, 349 F.3d 376, 398-99 (7th Cir. 2003); *Kirschenbaum v. Asta Healthcare Co.*, 2013 WL 5718436,

at *5 (N.D. Ill. Oct. 21, 2013) (J. Rowland); *Rehabcare Grp. E., Inc. v. CC Care, LLC*, 2016 WL 2595108, at *2 & n.2 (N.D. Ill. May 4, 2016).

<mark>**Atturo's Objection to Toyo's Proposed Modification on Claim 1**</mark>

Atturo's proposed instruction on Claim 1 is directly supported by its source cases and is the most appropriate approach for the facts and circumstances of this case. Atturo objects to Toyo's proposed modification for the following reasons:

1.      Toyo's proposed modification is not an accurate recitation of this claim and is unduly misleading because it purports to list eight elements for this claim, while Toyo's three source cases only identify five elements. Moreover, several of Toyo's purported elements appear to be duplicative (*e.g.,* three separate elements about breaches/failure to perform by the Dunlap & Kyle Tire Company). Toyo's proposal also includes legal jargon (*e.g.,* "valid and enforceable") and is not as simple and straightforward for the jury to understand as Atturo's proposal.

2.      Toyo improperly attempts to impose a burden on Atturo to prove that Toyo's conduct was not justified, when this is not supported by the law or the facts and circumstances of this case. Cases recognize that "***justification is an affirmative defense which a defendant must plead and subsequently prove***." *Am. States Ins. Co. v. Bailey*, 285 Ill. App. 3d 687, 691 (1st Dist. 1996) (emphasis added); *see Sibel Prods,, Inc. v. Gaming Partners Int'l Corp*., No. 09-cv-87, 2010 WL 55689, at *2 (S.D. Ill. Jan. 4, 2010) ("whether a defendant was justified to interfere with the existing or future business relationships of another becomes an affirmative defense which he must plead and subsequently prove"); *Roy v. Coyne*, 259 Ill. App. 3d 269, 279 (1st Dist. 1994) (same); *Bebble v. Nat'l Air Traffic Controllers' Ass'n*, No. 00 C 4055, 2001 WL 128241, at *3 (N.D. Ill. Feb. 9, 2001) ("justification is an affirmative defense, and the plaintiff need not plead and prove the absence of a justification" in a tortious interference claim). Here, Toyo has not pled "justification" as one of Toyo's three affirmative defenses to Atturo's claims, and, thus, under no circumstances should a justification issue go to the jury. *See* ECF No. 50 at 58-59; *see also* Atturo's Motion in Limine No. 2 (ECF No. 678).

3.      Even assuming, *arguendo*, that Atturo did bear the burden to prove that Toyo's conduct was not justified or that Toyo had properly pled justification as an affirmative defense, the Court has already resolved that issue in Atturo's favor in summary judgment orders. The Court found that: (i) Toyo did not own a protectable trade dress right in Toyo's Open Country M/T tire as of the fall of 2012 (*see* ECF No. 661 at 23-24); Atturo's Trail Blade M/T tire did not infringe that non-existent right (*id.*); and Toyo cannot defeat Atturo's claims by alleging that Toyo was of the "opinion" in 2013 and 2014 that Toyo owned a protectable trade dress right in Toyo's Open Country M/T tire and that Atturo's Trail Blade M/T infringed (*see* ECF No. 660 at 14-18). *See also* Atturo's Opposition to Toyo's Motion in Limine No. 1 and Atturo's Motions in Limine (ECF No. 678). Furthermore, under Illinois law, a defendant's property interest in intellectual property does not justify interference in a plaintiff's business relationships with a third party. *See Mannion v. Stallings & Co., Inc.,* 204 Ill. App. 3d 179, 190 (1st Dist. 1990). Thus, again, under no circumstances should a justification issue go to the jury.

### 2. CLAIM 2: Tortious Interference with Prospective Business Expectancy

Plaintiff contends that Defendants tortiously interfered with Plaintiff's prospective business relationship with Dunlap & Kyle Tire Company to purchase Plaintiff's Trail Blade M/T tires and other tire products.

To succeed on this claim, Plaintiff must prove the following by a preponderance of the evidence:

    1.    Plaintiff had a reasonable expectation of entering into a valid business relationship with Dunlap & Kyle.

    2.    Defendants had knowledge of Plaintiff's expectation.

    3.    Defendants purposefully interfered with Plaintiff's expectation, preventing it from becoming a valid business relationship.

    4.    Plaintiff suffered damages as a result.

This claim has less stringent proof requirements than Plaintiff's Claim 1 for tortious interference with Plaintiff's existing contracts.

You will address this claim in Question 2 on your verdict form.

Sources:    *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 483-84 (1998); *Leonel & Noel Corp. v. Cerveceria Centro Americana, S.A.*, 758 F. Supp. 2d 596, 606 (N.D. Ill. 2010); *Diamond Blade Warehouse, Inc. v. Paramount Diamond Tools, Inc.*, 420 F. Supp. 2d 866, 872 (N.D. Ill. 2006); *Cody v. Harris*, 409 F.3d 853, 859 (7th Cir. 2005); *Newman-Green, Inc. v. Alfonzo-Larrain*, 590 F. Supp. 1083, 1088 (N.D. Ill. 1984)

Atturo has the burden of proving that Toyo's conduct was "unjustified" for the reasons explained in Toyo's opposition to Atturo's Motion *in Limine* No. 2 (ECF #681 at 6-8). *Voyles v. Sandia Mortg. Corp.*, 751 N.E.2d 1126, 1133-34 (Ill. 2001); *see also HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 676 (Ill. 1989); *Swager v. Couri*, 395 N.E.2d 921, 925 (Ill. 1979); *Imperial Apparel v. Cosmo's Designer Direct, Inc.*, 882 N.E.2d 1011, 1019 (Ill. 2008). At best, the case law in Illinois seems is unsettled. *Cromeens, Holloman, Siber, Inc. v. AB Volvo*, 349 F.3d 376, 398-99 (7th Cir. 2003); *Everite Transworld Ltd. v. MIEH, Inc.*, 2020 WL 887373, at *5 (N.D. Ill. Feb. 24, 2020) (J. Rowland); *Maroon Society v. Unison Consulting, Inc.*, 2020 WL 5076688, at *9 (N.D. Ill. Aug. 26, 2020) (J. Rowland); *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 508 (7th Cir. 2007); *Anderson v. Vanden Dorpel*, 667 N.E.2d

1296, 1299 (Ill. 1996)..  Atturo must also prove causation between Toyo's alleged conduct and its failure to enter into the desired business relationship.  *Id.*

<mark>**Toyo's Proposed Modification**</mark>

~~Plaintiff~~ Atturo contends that ~~Defendants~~ Toyo tortiously interfered with ~~Plaintiff's~~ Atturo's prospective business relationship with Dunlap & Kyle Tire Company to purchase ~~Plaintiff's~~ Atturo's Trail Blade M/T tires and other tire products.

To succeed on this claim, ~~Plaintiff~~ Atturo must prove the following by a preponderance of the evidence:

1.  ~~Plaintiff had a reasonable~~ A reasonable person in Atturo's position would have had a legitimate expectation of entering into a valid business relationship with Dunlap & Kyle.

2.  ~~Defendants~~ Toyo had knowledge of ~~Plaintiff's~~ Atturo's expectation.

3.  ~~Defendants~~ Toyo ~~purposefully~~ intentionally and unjustifiably interfered with ~~Plaintiff's~~ Atturo's expectation~~, preventing it from becoming a valid business relationship~~.

4.  Toyo's interference caused the termination of Atturo's expectation.

~~4.~~5.  ~~Plaintiff suffered damages as a result.~~ In the absence of the interference of Toyo, it is reasonably probable that Atturo would have realized its economic advantage or benefit.


~~This claim has less stringent proof requirements than Plaintiff's Claim 1 for tortious interference with Plaintiff's existing contracts.~~

Interference is "intentional" if Toyo knew that interference with the Atturo's expectation was substantially certain to occur as a result of its actions. Interference is "unjustifiable" if the Toyo acted for the sole or primary purpose of interfering with the Atturo's expectation.

You will address this claim in Question 2 on your verdict form.

<u>Sources</u>:  *Voyles v. Sandia Mortg. Corp.*, 751 N.E. 2d 1126, 1133-34 (Ill. 2001); *see also HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E. 2d 672, 676 (Ill. 1989); *Swager v. Couri*, 395 N.E. 2d 921, 925 (Ill. 1979); *Imperial Apparel v. Cosmo's Designer Direct, Inc.*, 882 N.E. 2d 1011, 1019 (Ill. 2008); *Cromeens, Holloman, Siber, Inc. v. AB Volvo*, 349 F.3d 376, 398-99 (7th Cir. 2003); ECF No. 660 at 14-17; Jury Instructions from *Installation Servs., Inc. v. Elecs Research, Inc.*, No. 04 C 6906, ECF No. 235 at 21 (J. Kennelly); 3 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Fed. Jury Prac. & Instr. § 127:01 (6th Ed.) (modified); *Everite Transworld Ltd. v. MIEH, Inc.*, 2020 WL 887373, at *5 (N.D. Ill. Feb. 24, 2020) (J. Rowland);

*Maroon Society v. Unison Consulting, Inc.*, 2020 WL 5076688, at \*9 (N.D. Ill. Aug. 26, 2020) (J. Rowland); *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 508 (7th Cir. 2007); *Anderson v. Vanden Dorpel*, 667 N.E.2d 1296, 1299 (Ill. 1996).

## Atturo's Objection to Toyo's Proposed Modification on Claim 2

Atturo's proposed instruction on Claim 2 is directly supported by its source cases and is the most appropriate approach for the facts and circumstances of this case. Atturo objects to Toyo's proposed modification for the following reasons:

1.    Toyo's proposed modification is not an accurate recitation of this claim and is unduly misleading because it purports to list five elements for this claim, while Toyo's four source cases only identify four elements. Toyo's proposed modification is also full of legal jargon that will be unduly difficult for the jury to understand (*e.g.,* "a reasonable person in Atturo's position," "it is reasonably probable that Atturo would have realized its economic advantage") and is not as simple and straightforward as Atturo's proposal.

2.    Toyo improperly attempts to impose a burden on Atturo to prove that Toyo's conduct was not justified, when this is not supported by the law or the facts and circumstances of this case. Cases recognize that "***justification is an affirmative defense which a defendant must plead and subsequently prove***." *Am. States Ins. Co. v. Bailey*, 285 Ill. App. 3d 687, 691 (1st Dist. 1996) (emphasis added); *see Sibel Prods,, Inc. v. Gaming Partners Int'l Corp.*, No. 09-cv-87, 2010 WL 55689, at \*2 (S.D. Ill. Jan. 4, 2010) ("whether a defendant was justified to interfere with the existing or future business relationships of another becomes an affirmative defense which he must plead and subsequently prove"); *Roy v. Coyne*, 259 Ill. App. 3d 269, 279 (1st Dist. 1994) (same); *Bebble v. Nat'l Air Traffic Controllers' Ass'n*, No. 00 C 4055, 2001 WL 128241, at \*3 (N.D. Ill. Feb. 9, 2001) ("justification is an affirmative defense, and the plaintiff need not plead and prove the absence of a justification" in a tortious interference claim). Here, Toyo has not pled "justification" as one of Toyo's three affirmative defenses to Atturo's claims, and, thus, under no circumstances should a justification issue go to the jury. *See* ECF No. 50 at 58-59; *see also* Atturo's Motion in Limine No. 2 (ECF No. 678).

3.    Even assuming, *arguendo*, that Atturo did bear the burden to prove that Toyo's conduct was not justified or that Toyo had properly pled justification as an affirmative defense, the Court has already resolved that issue in Atturo's favor in summary judgment orders. The Court found that: (i) Toyo did not own a protectable trade dress right in Toyo's Open Country M/T tire as of the fall of 2012 (*see* ECF No. 661 at 23-24); Atturo's Trail Blade M/T tire did not infringe that non-existent right (*id.*); and Toyo cannot defeat Atturo's claims by alleging that Toyo was of the "opinion" in 2013 and 2014 that Toyo owned a protectable trade dress right in Toyo's Open Country M/T tire and that Atturo's Trail Blade M/T infringed (*see* ECF No. 660 at 14-18). *See also* Atturo's Opposition to Toyo's Motion in Limine No. 1 and Atturo's Motions in Limine (ECF No. 678). Furthermore, under Illinois law, a defendant's property interest in intellectual property does not justify interference in a plaintiff's business relationships with a third party. *See Mannion v. Stallings & Co., Inc.*, 204 Ill. App. 3d 179, 190 (1st Dist. 1990). Thus, again, under no circumstances should a justification issue go to the jury.

40

a) **Claims 1 & 2 – Defendants' Knowledge**

**Atturo's Proposed Instruction on Claims 1 & 2 – Defendants' Knowledge**

The knowledge elements of Plaintiff's tortious interference claims (Claims 1 and 2) do not require that Defendants have knowledge of specific details, only an awareness of some kind of business relationship. The knowledge element is satisfied if Defendants know of facts giving rise to the existence of the relationship.

An attorney's knowledge is imputed to the client—that is, it is presumed that Defendants know what Defendants' attorneys know, regardless of whether Defendants' attorneys actually communicated such knowledge to Defendants.

Sources: *D 56, Inc. v. Berry's Inc.,* 955 F. Supp. 908, 918 (N.D. Ill. 1997); *Malatesta v. Leichter*, 186 Ill. App. 3d 602, 619 (1st Dist. 1989); 44B Am. Jur. 2d Interference § 11 (2d ed. May 2021); 12 Bus. & Com. Litig. Fed. Cts. § 118:29 (4th ed. Dec. 2020); *Lansing v. Carroll*, No. 11 CV 4153, 2014 WL 5343781, at *7 (N.D. Ill. Oct. 20, 2014); *Segal v. Dept. of Ins.,* 404 Ill. App. 3d 998, 1002 (1st Dist. 2010)

**Toyo's Objection**

The knowledge elements for Atturo's two, separate intentional interference claims are distinct. Intentional interference with existing contract requires Toyo's knowledge of the contract. *Manuel Intern., Inc. v. M.R. Berlin Co., Inc.*, 525 F.Supp.90, 93 (N.D. Ill. 1981); *Sirajullah v. Ill. St. Med. Inter-Insurance Exchange*, 1988 WL 53210, at *9 (N.D. Ill. May 17, 1988); *Pampered Chef v. Alexanian*, 804 F.Supp.2d 765, 797 (N.D. Ill. 2011). The knowledge element for intentional interference with prospective business expectancy is not as stringent. *D 56, Inc. v. Berry's Inc.*, 955 F. Supp. 908, 918 (N.D. Ill. 1997); *Malatesta v. Leichter*, 186 Ill. App. 3d 602, 619 (1st Dist. 1989).

Atturo does not explain why an instruction regarding imputing an attorney's knowledge to the client is relevant to this case. In the absence of any relevance, it should be omitted.

**Toyo's Proposed Modification**

The knowledge element of Atturo's tortious interference with existing contracts claim (Claim 1) requires that Toyo had knowledge of the existence of the contract between Atturo and its customer.

The knowledge elements of ~~Plaintiff's~~ Atturo's tortious interference with prospective business expectancy claims (Claims ~~1 and~~ 2) do~~es~~ not require that ~~Defendants~~ Toyo ~~have~~ had knowledge of specific details of the relationship, ~~only an awareness of some kind of business relationship~~ but does require that Toyo was aware of some kind of business relationship between Atturo and its prospective customer. The knowledge element is satisfied if ~~Defendants~~ Toyo ~~know~~ knew of facts giving rise to the existence of the relationship.

41

~~An attorney's knowledge is imputed to the client – that is, it is presumed that Defendants know what Defendants' attorneys know, regardless of whether Defendants' attorneys actually communicated such knowledge to Defendants.~~

Sources:    *D 56, Inc. v. Berry's Inc.,* 955 F. Supp. 908, 918 (N.D. Ill. 1997); *Malatesta v. Leichter*, 186 Ill. App. 3d 602, 619 (1st Dist. 1989); 44B AM. JUR. 2D INTERFERENCE § 11 (2d ed. May 2021); *Manuel Intern., Inc. v. M.R. Berlin Co., Inc.*, 525 F.Supp.90, 93 (N.D. Ill. 1981); *Sirajullah v. Ill. St. Med. Inter-Insurance Exchange*, 1988 WL 53210, at *9 (N.D. Ill. May 17, 1988); *Pampered Chef v. Alexanian*, 804 F.Supp.2d 765, 797 (N.D. Ill. 2011); 12 BUS. & COM. LITIG. FED. CTS. § 118:29 (4th ed. Dec. 2020)

## Atturo's Objection to Toyo's Proposed Modification on Claims 1 & 2 – Knowledge

Atturo's proposed instruction on the knowledge elements of Claims 1 & 2 is directly supported by its source cases and is the most appropriate approach for the facts and circumstances of this case. Atturo objects to Toyo's proposed modification for the following reasons:

1.    Toyo's proposed modification seeks to impose an improperly high burden of proof on the knowledge requirement in Atturo's Claim 1. "All that is required is knowledge of the facts giving rise to a contract." *The elements of tortious interference—Knowledge*, 2 CALLMANN ON UNFAIR COMP., TR. & MONO. § 9:13 (4th Ed. June 2021); *see, e.g., McCoy v. Iberdrola Renewables, Inc.,* 760 F.3d 674, 685 n. 1 (7th Cir. 2014) ("doubt[ing] that complete knowledge of details is necessary" for "an action for tortious interference with contract" under Illinois law); *see also* Atturo's above source citations.

2.    The knowledge of Toyo's counsel is directly relevant to proving Claims 1 & 2 and, thus, Toyo's attempt to delete such language must be rejected. Atturo's President (Michael Mathis) will testify at trial (consistent with discovery in this case) that, on October 7, 2013, he had a telephone conversation with Toyo's attorney (Dan Smith) about Toyo's interference with Atturo's business relationships and expectancies. *See* ECF No. 627-1 at ¶ 13. Atturo also intends to present to the jury a privilege log that Toyo produced to Atturo in discovery in this case in which Toyo states that, on October 7, 2013, Toyo had 17 email communications with its attorneys (including Dan Smith) on the topic of "Atturo seeking intervention" into Toyo's "ITC settlement proceedings."

42

### 3. CLAIM 3: Defamation

<u>**Atturo's Proposed Instruction on Claim 3**</u>

Plaintiff claims that Defendants are liable for defamation by making false statements about Plaintiff to Dunlap & Kyle Tire Company, J.P. Thomas Tire Company, and other companies in the tire industry.

To succeed on this claim, Plaintiff must prove the following by a preponderance of the evidence:

1. Defendants made a defamatory statement(s) about Plaintiff to someone else.

2. The defamatory statement(s) prejudiced Plaintiff or attributed to Plaintiff a lack of ability, in Plaintiff's trade, profession, or business.

A defamatory statement is one that tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with that person.

The Court has determined, and now instructs you, that Defendants' statements that Plaintiff complains of in this case are "defamatory *per se*" because they are words that "prejudice" Plaintiff and "impute lack of ability in [Plaintiff's] trade, profession, or business."

The Court also has determined, and now instructs you, that Defendants cannot avoid liability on Plaintiff's defamation claim by claiming that Defendants' statements were merely expressing opinions because Defendants' statements "were precise and involved verifiable facts" that were false.

As a result of these judicial determinations, the above Element 2 is satisfied and you do not need to make this determination.

You will address this claim in Question 3 on your verdict form.

<u>Sources:</u>    ECF No. 660 at 14-17; Jury Instructions from *Installation Servs., Inc. v. Elecs Research, Inc.,* No. 04 C 6906, ECF No. 235 at 21 (J. Kennelly)

<u>**Toyo's Objection**</u>

Atturo's proposed instruction lacks language that is supported by the case law regarding statements made "within a legitimate business context" and malice. *Maroon Society, Inc. v. Unison Consulting Inc.*, 2021 WL 2809515, at *8 (N.D. Ill. July 6, 2021) (J. Rowland).

**Toyo's Proposed Modification**

~~Plaintiff~~ Atturo claims that ~~Defendants~~ Toyo ~~are~~ is liable for defamation by making false statements about ~~Plaintiff~~ Atturo to Dunlap & Kyle Tire Company, J.P. Thomas Tire Company, and other companies in the tire industry.

To succeed on this claim, ~~Plaintiff~~ Atturo must prove the following by a preponderance of the evidence:

1. ~~Defendants~~ Toyo made a ~~defamatory~~ false statement(s) about ~~Plaintiff~~ Atturo to someone else.

2a. Toyo's statement was not made within a legitimate business context

   OR

2b. Toyo acted maliciously, with knowledge of the falsity of the statement(s), or with wanton disregard for the rights of others when it published the statement(s).

~~2~~3. The ~~defamatory~~ statement(s) ~~prejudiced Plaintiff or~~ attributed to ~~Plaintiff~~ Atturo a lack of ability, in Plaintiff's trade, profession, or business.

~~A defamatory statement is one that tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with that person.~~

~~The Court has determined, and now instructs you, that Defendants' statements that Plaintiff complains of in this case are "defamatory per se" because they are words that "prejudice" Plaintiff and "impute lack of ability in [Plaintiff's] trade, profession, or business."~~

~~The Court also has determined, and now instructs you, that Defendants cannot avoid liability on Plaintiff's defamation claim by claiming that Defendants' statements were merely expressing opinions because Defendants' statements "were precise and involved verifiable facts" that were false.~~

~~As a result of these judicial determinations, the above Element 2 is satisfied and you do not need to make this determination.~~

Malice is defined as a positive desire and intention to annoy or injure another.

You will address this claim in Question 3 on your verdict form.

Sources:     Jury Instructions from *Installation Servs., Inc. v. Elecs Research, Inc.,* No. 04-cv-06906, ECF No. 235 at 21 (N.D. Ill. July 31, 2006) (J. Kennelly); *Maroon Society, Inc. v. Unison Consulting Inc.*, 2021 WL 2809515, at *8 (N.D. Ill. July 6, 2021) (J. Rowland).

## **Atturo's Objection to Toyo's Proposed Modification on Claim 3**

Atturo's proposed instruction on the Claim 3 is directly supported by its source citations and is the most appropriate approach for the facts and circumstances of this case. Atturo objects to Toyo's proposed modification for the following reasons:

1.     Atturo's proposal mirrors the jury instruction given in *Installation Servs., Inc. v. Elecs. Research, Inc.,* No. 04 C 6906, ECF No. 235 at 22 (N.D. Ill. July 31, 2006) (J. Kennelly).

2.     Toyo's proposed deletions of this Court's prior summary judgment rulings are improper for the reasons discussed in Atturo's Opposition to Toyo's Motion in Limine No. 1 and in Atturo's Motions in Limine (ECF No. 678).

3.     Toyo's proposed modifications (regarding "legitimate business context" and "malice") are buzz words for a backdoor attempt to invoke a "qualified privilege" to Atturo's defamation claim (by citing *Maroon Society, Inc. v. Unison Consulting Inc.*, 2021 WL 2809515, at *8 (N.D. Ill. July 6, 2021)). However, "[p]rivilege, whether absolute or qualified, is ***an affirmative defense, not an element of a plaintiff's claim*** for defamation." *Kainrath v. Grider*, 2018 IL App (1st) 172270, ¶ 34 (emphasis added). Toyo has not pled such a privilege as one of Toyo's three affirmative defenses to Atturo's claims, and Toyo cannot invoke it now for the first time as part of the proposed jury instructions. *See* ECF No. 50 at 58-59; *see also* Atturo's Motion in Limine No. 2 (ECF No. 678).

==Atturo's Proposed Instruction on Claim 3 – Damages Presumed==

### a) Claim 3 – Damages Presumed

If you find in favor of Plaintiff on Plaintiff's defamation claim (Claim 3), then you are to presume that Plaintiff suffered damage to its reputation, and you must fix the amount of money that will reasonably compensate Plaintiff for the presumed damage to Plaintiff's reputation caused by Defendants. Plaintiff is not required to prove actual damage to Plaintiff's reputation. You may, however, consider any evidence of actual damage in determining the amount of money to award Plaintiff on this claim.

Sources:     ECF No. 660 at n. 5; Jury Instructions from *Installation Servs., Inc. v. Elecs. Research, Inc.,* No. 04 C 6906, ECF No. 235 at 22 (J. Kennelly)

==Toyo's Objection==

In order to be entitled to a presumption of damages, Atturo must prove that the allegedly defamatory statements constitute defamation *per se*, which is limited to certain categories of statements. *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009). Toyo has included the two potential categories that Atturo relied upon at summary judgment.

==Toyo's Proposed Modification==

### a) Claim 3 – Damages ~~Presumed~~ Presumption

If you find in favor of Plaintiff on Plaintiff's defamation claim (Claim 3), then you are to also consider whether Atturo is entitled to a presumption that it ~~presume that Plaintiff~~ suffered damage to its reputation~~.~~

To be entitled to a presumption of damage, Atturo must prove the following by a preponderance of the evidence:

1.   Toyo made false statements that impute Atturo lacks integrity.

2.   Toyo made false statements that impute Atturo lacks ability or otherwise prejudices Atturo in its business.

If you find that Toyo made false statements but that the statements did not fall into either of these categories, then you must determine whether the statements caused any damage to Atturo.

If you find that Toyo made false statements and the statements do fall into one of these categories, ~~and~~ you must fix the amount of money that will reasonably compensate ~~Plaintiff~~ Atturo for the presumed damage to ~~Plaintiff's~~ Atturo's reputation caused by ~~Defendants~~ Toyo. ~~Plaintiff is not required to prove actual damage to Plaintiff's reputation.~~ You may, however, consider any evidence of actual damage in determining the amount of money to award ~~Plaintiff~~ Atturo on this claim.

46

<u>Sources:</u>    Jury Instructions from *Installation Servs., Inc. v. Elecs. Research, Inc.,* No. 04 C 6906, ECF No. 235 at 22 (J. Kennelly); *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009).

### Atturo's Objection to Toyo's Proposed Modification on Claim 3 - Damages

Atturo's proposed instruction on damages for Claim 3 is directly supported by its source citations and is the most appropriate approach for the facts and circumstances of this case. Atturo objects to Toyo's proposed modification for the following reasons:

1.    Atturo's proposed instruction mirrors the jury instruction given in *Installation Servs., Inc. v. Elecs. Research, Inc.,* No. 04 C 6906, ECF No. 235 at 23 (N.D. Ill. July 31, 2006) (J. Kennelly).

2.    Toyo's proposed modifications improperly try to impose burdens upon Atturo that are inconsistent with this Court's prior summary judgment findings that:

- Toyo's statements that Atturo complains of in this case are "defamatory *per se*" because "Atturo's identified statements fall into the category of words that prejudice" Atturo and "impute lack of ability in [Atturo's] trade, profession, or business" (ECF No. 660 at 15); and

- Such circumstances do "not require proof of actual damages" (as "Toyo concede[d] on summary judgment) (ECF No. 660 at n. 5).

*See also* Atturo's Opposition to Toyo's Motion in Limine No. 1; Atturo's Motions in Limine (ECF No. 678).

4. **CLAIM 4: Unfair Competition**

<mark>**Atturo's Proposed Instruction on Claim 4**</mark>

Plaintiff contends that Defendants are liable for unfair competition because Defendants conditioned the settlement of unrelated patent claims on agreements by other companies in the tire industry to permanently cease and desist from selling, offering for sale, manufacturing, distributing, and/or importing Plaintiff's Trial Blade M/T tire.

To succeed on this claim, Plaintiff must prove, by a preponderance of the evidence, that Defendants' actions shock judicial sensibilities or violate standards of commercial morality.

As I previously instructed you, the Court has already determined that: "Toyo's efforts to shoehorn whatever claims it may have with respect to the Atturo tires into the ITC proceeding (when it could have, but did not, list them in its ITC complaint) under the guise of motions to terminate 'conceals an attempt to interfere directly with the business relationships of a competitor' by using the ITC proceeding as an 'anticompetitive weapon.'"

You will address this claim in Question 4 on your verdict form.

<u>Sources</u>:       *Wilson v. Electro Marine Sys., Inc.,* 915 F.2d 1110, 1118 (7th Cir. 1990); *Anic v. DVI Fin. Servs., Inc.,* No. 01 C 0383, 2001 WL 477139, at *4 (N.D. Ill. May 3, 2001); ECF No. 660 at n. 12

<mark>**Toyo's Objection**</mark>

The case law Atturo relies upon supports the inclusion of element (1) set forth below. The Court should not include an instruction regarding its prior ruling on the *Noerr-Pennington* doctrine for the reasons set forth in Toyo's Motion *in Limine* No. 1 and in opposition to Atturo's Motion *in Limine* No. 3. The Court's findings were with respect to application of the *Noerr-Pennington* doctrine, and are not binding on the jury with respect to other issues in the case.

<mark>**Toyo's Proposed Modification**</mark>

~~Plaintiff~~ Atturo contends that ~~Defendants are~~ Toyo is liable for unfair competition because ~~Defendants~~ Toyo conditioned the settlement of unrelated patent claims on agreements by other companies in the tire industry to permanently cease and desist from selling, offering for sale, manufacturing, distributing, and/or importing Plaintiff's Trial Blade M/T tire.

To succeed on this claim, ~~Plaintiff~~ Atturo must prove each of the following, by a preponderance of the evidence:

1. Atturo misappropriated the labors and expenditures of the Atturo to the benefit of the Defendant and to the Detriment to the Atturo; and that

2.    ~~, that Defendants'~~ Toyo's actions shock judicial sensibilities or violate standards of commercial morality.

~~As I previously instructed you, the Court has already determined that: "Toyo's efforts to shoehorn whatever claims it may have with respect to the Atturo tires into the ITC proceeding (when it could have, but did not, list them in its ITC complaint) under the guise of motions to terminate 'conceals an attempt to interfere directly with the business relationships of a competitor' by using the ITC proceeding as an 'anticompetitive weapon.'"~~

You will address this claim in Question 4 on your verdict form.

Sources:    *Wilson v. Electro Marine Sys., Inc.,* 915 F.2d 1110, 1118 (7th Cir. 1990); *Anic v. DVI Fin. Servs., Inc.,* No. 01 C 0383, 2001 WL 477139, at *4 (N.D. Ill. May 3, 2001)

## Atturo's Objection to Toyo's Proposed Modification on Claim 4

Atturo's proposed instruction on Claim 4 is directly supported by its source citations and is the most appropriate approach for the facts and circumstances of this case. Atturo objects to Toyo's proposed modification for the following reasons:

1.    Toyo's proposed modification improperly tries to impose an irrelevant and overly-restrictive standard under New York law. *See Wilson v. Electro Marine Sys., Inc.,* 915 F.2d 1110, 1118 (7th Cir 1990) ("The essence of an unfair competition claim under New York law is that the defendant has misappropriated the labors and expenditures of another"); *see also Anic v. DVI Fin. Servs., Inc.,* No. 01 C 0383, 2001 WL 477139, at *4 (N.D. Ill. May 3, 2001) ("Normally, claims of unfair competition are broadly construed").

2.    Toyo's proposed deletion of this Court's prior summary judgment rulings is improper for the reasons discussed in Atturo's Opposition to Toyo's Motion in Limine No. 1 and in Atturo's Motions in Limine (ECF No. 678).

### 5. CLAIM 5: Unjust Enrichment

**Atturo's Proposed Instruction on Claim 5**

Plaintiff contends that Defendants were unjustly enriched because Defendants conditioned the settlement of unrelated patent claims on agreements by other companies in the tire industry to permanently cease and desist from selling, offering for sale, manufacturing, distributing, and/or importing Plaintiff's Trial Blade M/T tire.

To succeed on this claim, Plaintiff must prove the following by a preponderance of the evidence:

1.   Defendants unjustly retained a benefit to Plaintiff's detriment.

2.   Defendants' retention of the benefit violated the fundamental principles of justice, equity, and good conscience.

Plaintiff does not need to prove fault or illegality by Defendants.

Plaintiff does not need to prove that Plaintiff suffered loss or damages.

You will address this claim in Question 5 on your verdict form.

<u>Sources:</u>     ECF No. 660 at n. 5 (quoting *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 518-9 (7th Cir. 2011)); *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 161 (1989); *Firemen's Annuity & Benefit Fund of City of Chicago v. Mun. Employees', Officers' & Officials' Annuity & Ben. Fund,* 9 Ill. App. 3d 707, 712 (1st Dist. 1991)

**Toyo's Objection**

Atturo must prove a causal connection between the alleged unjust conduct and the alleged enrichment.  *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 518-19 (7th Cir. 2011).

## Toyo's Proposed Modification

~~Plaintiff~~ Atturo contends that ~~Defendants were~~ Toyo was unjustly enriched because ~~Defendants~~ Toyo conditioned the settlement of unrelated patent claims on agreements by other companies in the tire industry to permanently cease and desist from selling, offering for sale, manufacturing, distributing, and/or importing Plaintiff's Trial Blade M/T tire.

To succeed on this claim, ~~Plaintiff~~ Atturo must prove the following by a preponderance of the evidence:

1. ~~Defendants~~ Toyo unjustly retained a benefit to ~~Plaintiff's~~ Atturo's detriment.

2. There is a connection between the detriment to Atturo and Defendant's retention of the benefit.

~~2~~3. ~~Defendants'~~ Toyo's retention of the benefit violated the fundamental principles of justice, equity, and good conscience.

~~Plaintiff does not need to prove fault or illegality by Defendants.~~

~~Plaintiff does not need to prove that Plaintiff suffered loss or damages.~~

You will address this claim in Question 5 on your verdict form.

Sources:      ECF No. 660 at n. 5 (quoting *Cleary v. Philip Morris Inc*., 656 F.3d 511, 518-9 (7th Cir. 2011)); *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 161 (1989); *Firemen's Annuity & Benefit Fund of City of Chicago v. Mun. Employees', Officers' & Officials' Annuity & Ben. Fund,* 219 Ill. App. 3d 707, 712 (1st Dist. 1991)

## Atturo's Objection to Toyo's Proposed Modification on Claim 5

Atturo's proposed instruction on Claim 5 is directly supported by its source citations and is the most appropriate approach for the facts and circumstances of this case. Atturo objects to Toyo's proposed modification for the following reasons:

1.      Atturo's proposal is consistent with Illinois case law, and Toyo's modifications delete relevant language from that Illinois case law: "[For] unjust enrichment, a plaintiff must allege that [1] the defendant has unjustly retained a benefit to the plaintiff's detriment, and [2] that the defendant's retention of that benefit violates fundamental principles of justice, equity, and good conscience. The cause of action based on unjust enrichment . . . does not require fault or illegality on the part of the defendant." *Firemen's Annuity & Benefit Fund of City of Chicago v. Mun. Employees', Officers' & Officials' Annuity & Ben. Fund,* 9 Ill. App. 3d 707, 712 (1st Dist. 1991) (citing *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 161 (1989)).

2.      Toyo's proposed element number 2 ("a connection") is entirely duplicative of element number 1, as indicated in *Cleary v. Philip Morris Inc*., 656 F.3d 511, 518-9 (7th Cir. 2011).

3.　　　Toyo's final deletion is inconsistent with this Court's prior summary judgment order that Atturo "need not show loss or damages for an unjust enrichment claim" (ECF No. 660 at n.5 (citing the Seventh Circuit)). *See also* Atturo's Opposition to Toyo's Motion in Limine No. 1 and in Atturo's Motions in Limine (ECF No. 678).

6. **CLAIM 6: Violation of Illinois Deceptive Trade Practices Act**

<mark>**Atturo's Proposed Instruction on Claim 6**</mark>

Plaintiff contends the Defendants violated an Illinois statute called the Deceptive Trade Practices Act by making false and misleading statements to Dunlap & Kyle Tire Company, J.P. Thomas Tire Company, and other companies in the tire industry that disparaged Plaintiff's products and business.

To succeed on this claim, Plaintiff must prove, by a preponderance of the evidence, that Defendants disparaged the goods, services, or business of Plaintiff by false or misleading representation of fact or engaged in any other conduct which similarly created a likelihood of confusion or misunderstanding.

Plaintiff does not need to prove competition between Plaintiff and Defendants or actual confusion or misunderstanding.

As I previously instructed you, the Court has already determined that Defendants' statements that Plaintiff complains of in this case are factual statements that are verifiably false and "prejudice" Plaintiff and "impute lack of ability in [Plaintiff's] trade, profession, or business."

You will address this claim in Question 6 on your verdict form.

Sources:     815 ILCS 510/2(a)(8), (12); 815 ILCS 510/2(b); ECF No. 660 at 14-17; ECF No. 661

<mark>**Toyo's Objection**</mark>

Atturo has not provided an authority suggesting that it can prevail on a claim under 815 ILCS 510/2(a)(12) based on the allegations in this case. Accordingly, Toyo proposes an instruction that deletes the language related to that subsection.

Toyo also objects to the inclusion of language from the Court's previous rulings as explained in Toyo's Motion *in Limine* No. 1.

Toyo proposes the following modifications to Atturo's proposed instruction.

## **Toyo's Proposed Modification**

~~Plaintiff~~ Atturo contends ~~the Defendants~~ Toyo violated an Illinois statute called the Deceptive Trade Practices Act by making false and misleading statements to Dunlap & Kyle Tire Company, J.P. Thomas Tire Company, and other companies in the tire industry that disparaged ~~Plaintiff's~~ Atturo's products and business.

To succeed on this claim, ~~Plaintiff~~ Atturo must prove, by a preponderance of the evidence, that ~~Defendants~~ Toyo disparaged the goods, services, or business of ~~Plaintiff~~ Atturo by false or misleading representation of fact ~~or engaged in any other conduct which similarly created a likelihood of confusion or misunderstanding~~.

Plaintiff does not need to prove competition between ~~Plaintiff~~ Atturo and ~~Defendants~~ Toyo ~~or actual confusion or misunderstanding~~.

~~As I previously instructed you, the Court has already determined that Defendants' statements that Plaintiff complains of in this case are factual statements that are verifiably false and "prejudice" Plaintiff and "impute lack of ability in [Plaintiff's] trade, profession, or business."~~

You will address this claim in Question 6 on your verdict form.

Sources:     815 ILCS 510/2(a)(8), (12); 815 ILCS 510/2(b)

## **Atturo's Objection to Toyo's Proposed Modification on Claim 6**

Atturo's proposed instruction on Claim 6 is directly supported by its source citations and is the most appropriate approach for the facts and circumstances of this case. Atturo objects to Toyo's proposed modification for the following reasons:

1.      Atturo's proposal largely mirrors the jury instruction given in *Miller UK Ltd. et al v. Caterpillar, Inc.*, No. 1:10-cv-03770, ECF No. 1020, at 52 (N.D. Ill. Dec. 18, 2015) (J. Wood) on 815 ILCS 510/2(a)(8) and (12).

2.      Toyo's proposed deletion of the 815 ILCS 510/2(a)(12) liability standard is contrary to the statutory language and otherwise unsupported by Toyo in its above objection.

3.      Toyo's proposed deletion of this Court's prior summary judgment rulings is improper for the reasons discussed in Atturo's Opposition to Toyo's Motion in Limine No. 1 and in Atturo's Motions in Limine (ECF No. 678).

## 7. CLAIM 7: Violation of Section 43(a)(1)(B) of the Lanham Act

### Atturo's Proposed Instruction on Claim 7

Plaintiffs contend that Defendants violated a federal statute called the Lanham Act by making false statements to Dunlap & Kyle Tire Company, J.P. Thomas Tire Company, and other companies in the tire industry about Plaintiff's products and business.

To succeed on this claim, Plaintiff must prove, by a preponderance of the evidence, that Defendants made a false statement(s) of fact about the nature, quality, or characteristic of Plaintiff's products or commercial activities.

As I previously instructed you, the Court has already determined that Defendants' statements that Plaintiff complains of in this case are factual statements that are verifiably false and "prejudice" Plaintiff and "impute lack of ability in [Plaintiff's] trade, profession, or business."

You will address this claim in Question 7 on your verdict form.

Sources:        15 U.S.C. § 1125(a)(1)(B); ECF No. 660 at 14-17; ECF No. 661

### Toyo's Objection

Atturo's proposed instruction fails to include all the elements of Atturo's claim. Atturo's proposed instruction also fails to instruct the jury that the allegedly false statements were made in commercial advertising. Toyo's proposed additions are supported by the authority cited below.

Toyo also objects to the inclusion of language from the Court's previous rulings as explained in Toyo's Motion *in Limine* No. 1.

Toyo proposes the following modifications to Atturo's proposed instruction.

### Toyo's Proposed Modification

~~Plaintiffs~~ Atturo contends that ~~Defendants~~ Toyo violated a federal statute called the Lanham Act by making false statements to Dunlap & Kyle Tire Company, J.P. Thomas Tire Company, and other companies in the tire industry about ~~Plaintiff's~~ Atturo's products and business.

To succeed on this claim, ~~Plaintiff~~ Atturo must prove, by a preponderance of the evidence~~,~~:

1.    ~~that Defendants~~ Toyo made a false statement(s) of fact in a commercial advertisement about the nature, quality, or characteristic of Plaintiff's products or commercial activities.

55

2.    The statement actually deceived or had the tendency to deceive a substantial segment of Defendant's audience

3.    Plaintiff has been injured as a result of the false statement.

A commercial advertisement is a form of promotion to anonymous recipients, as distinguished from face-to-face communication.

~~As I previously instructed you, the Court has already determined that Defendants' statements that Plaintiff complains of in this case are factual statements that are verifiably false and "prejudice" Plaintiff and "impute lack of ability in [Plaintiff's] trade, profession, or business."~~

You will address this claim in Question 7 on your verdict form.

Sources:    Fed. Civ. Jury Instr. 7th Cir.13.3.1 (2021); 15 U.S.C. § 1125(a)(1)(B); *First Health Grp. Corp. v. BCE Emergis Corp.*, 269 F.3d 800 (7th Cir. 2001); Eli Lilly and Co. v. Arla Foods, Inc., 893 F. 3d 375, 381-82 (7th Cir. 2018).

## Atturo's Objection to Toyo's Proposed Modification on Claim 7

Atturo's proposed instruction on Claim 7 is directly supported by its source citations and is the most appropriate approach for the facts and circumstances of this case. Atturo objects to Toyo's proposed modifications for the following reasons:

1.    Toyo's proposed modifications are inconsistent with the Court's various prior summary judgment rulings and should be rejected for the reasons discussed in Atturo's Opposition to Toyo's Motion in Limine No. 1 and in Atturo's Motions in Limine (ECF No. 678). For example, because this Court has already determined that Toyo's at-issue statements were "literally false," Atturo does not need to prove the second element (deception) of Toyo's proposed instruction. *Eli Lilly and Co. v. Arla Foods, Inc*., 893 F.3d 375, 382 (7th Cir. 2018); *see also Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 820 (7th Cir. 1999). Indeed, the explanatory notes for Toyo's own source citation (Fed. Civ. Jury Instr. 7th Cir.13.3.1) direct that no instructions need to be given "where the facts are not in dispute or the element has been resolved as a matter of law."

2.    Toyo's proposed modifications misstate the law. For example, Toyo improperly attempts to limit this claim to Toyo's "commercial advertisements" to "anonymous recipients." However, "[t]here is no basis for limiting the Lanham Act to advertising or promotion directed to the *general* public, and the case law does not do that." *Neuros Co., Ltd. v. KTurbo, Inc*., 698 F.3d 514, 523 (7th Cir. 2012) (emphasis in original) (statements made in-person to consulting engineers); *see also Envirox, L.L.C. v. Wayne Concept Manufacturing Co*., No. 15–CV–2061, 2015 WL 13604128, at *3 (C.D. Ill. Dec. 28, 2015) (letter sent to business partners and distributor customers); *Zhejiang Med. Co., Ltd. v. Kaneka Corp*., NO. H–11–1052, 2012 WL 12893418, at *5-6 (S.D. Tex. Aug. 13, 2012) (letters sent to customers).

### C.  Defendant Toyo's Affirmative Defenses

<mark>**Atturo's General Objection to Affirmative Defenses**</mark>

*No instructions should be given. As detailed in Plaintiff's motions in limine, Defendants' affirmative defenses are no longer applicable since this Court has ruled that Defendants do not have a trade dress right in Defendants' Open Country M/T tire and Plaintiff's Trail Blade M/T tire does not infringe. See ECF No. 661. Alternatively, Defendants' three affirmative defenses should be excluded from the jury's consideration because they are issues for the Court (not the jury) to decide.*

*To the extent Plaintiff's motions in limine are not granted, the following instructions should be given on two of Defendants' affirmative defenses. The parties agree that no instruction should be given on Defendants' unclean hands affirmative defense.*

### 1.  DEFENSE 1: Against Public Policy – Right to Contract / Settle Litigation

<mark>**Atturo's Proposed Instruction on Defense 1**</mark>

Defendants contend that all of Plaintiff's claims are barred by public policy because Defendants allegedly had the right to form settlement agreements in which Defendants stated that Plaintiff was an infringer of Defendants' trade dress rights.

Defendants must prove this affirmative defense by the preponderance of the evidence.

As I previously instructed you, the Court has already determined that Defendants do not own a protectable trade dress right in Defendants' Open Country M/T tire and Plaintiff's Trail Blade M/T tire does not infringe that alleged right.

Sources:    ECF No. 661; *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.27 (2017 rev.)

<mark>**Toyo's Objection**</mark>

Toyo objects to the use of the word "allegedly" in this instruction as "allegedly" is not used in any of the instructions regarding Atturo's allegations. To the extent the Court thinks this word is appropriate, Toyo asks that the word "allegedly" be inserted into the instructions regarding each of Atturo's claims.

Toyo objects to the inclusion of language from the Court's previous rulings as explained in Toyo's Motion *in Limine* No. 1.

Toyo proposes the following modifications to Atturo's proposed instruction.

## **Toyo's Proposed Modification**

~~Defendants~~ Toyo contend~~s~~ that all of ~~Plaintiff's~~ Atturo's claims are barred by public policy because ~~Defendants~~ Toyo ~~allegedly~~ had the right to form settlement agreements in which ~~Defendants~~ Toyo stated that ~~Plaintiff~~ Atturo was an infringer of ~~Defendants'~~ Toyo's trade dress rights.

Defendants must prove this affirmative defense by the preponderance of the evidence.

~~As I previously instructed you, the Court has already determined that Defendants do not own a protectable trade dress right in Defendants' Open Country M/T tire and Plaintiff's Trail Blade M/T tire does not infringe that alleged right.~~

Sources:    *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.29 (2017 rev.)

## **Atturo's Objection to Toyo's Proposed Modification for Defense 1**

To the extent this affirmative defense reaches the jury, Atturo's proposed instruction is the most appropriate approach. This not a real affirmative defense and lacks any defined elements upon which a jury can assess the issues and make a determination. Under these circumstances, the language from this Court's prior summary judgment order (ECF No. 661) that Toyo has struck from its modification is essential to guide the jury in making any kind of assessment of this purported "defense."

2. **DEFENSE 2: Against Public Policy – IP Enforcement**

==Atturo's Proposed Instruction on Defense 2==

Defendants contend that all of Plaintiff's claims are barred by public policy because Defendants allegedly were entitled to police, enforce, and resolve potential disputes regarding Defendants' valid intellectual property rights.

Defendants must prove this affirmative defense by the preponderance of the evidence.

As I previously instructed you, the Court has already determined that Defendants do not own a protectable trade dress right in Defendants' Open Country M/T tire and Plaintiff's Trail Blade M/T tire does not infringe that alleged right.

Sources:     ECF No. 661; *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.29 (2017 rev.)

==Toyo's Objection==

Toyo objects to the use of the word "allegedly" in this instruction as "allegedly" is not used in any of the instructions regarding Atturo's allegations. To the extent the Court thinks this word is appropriate, Toyo asks that the word "allegedly" be inserted into the instructions regarding each of Atturo's claims.

Toyo objects to the inclusion of language from the Court's previous rulings as explained in Toyo's Motion *in Limine* No. 1.

Toyo proposes the following modifications to Atturo's proposed instruction.

==Toyo's Proposed Modification==

~~Defendants~~ Toyo contends that all of ~~Plaintiff's~~ Atturo's claims are barred by public policy because ~~Defendants~~ Toyo ~~allegedly were~~ was entitled to police, enforce, and resolve potential disputes regarding ~~Defendants'~~ Toyo's valid intellectual property rights.

Defendants must prove this affirmative defense by the preponderance of the evidence.

~~As I previously instructed you, the Court has already determined that Defendants do not own a protectable trade dress right in Defendants' Open Country M/T tire and Plaintiff's Trail Blade M/T tire does not infringe that alleged right.~~

Sources:     *Fed. Civ. Jury Instructions of the Seventh Circuit*, at § 1.29 (2017 rev.)

==Atturo's Objection to Toyo's Proposed Modification for Defense 2==

To the extent this affirmative defense reaches the jury, Atturo's proposed instruction is the most appropriate approach. This not a real affirmative defense and lacks any defined elements

upon which a jury can assess the issues and make a determination. Under these circumstances, the language from this Court's prior summary judgment order (ECF No. 661) that Toyo has struck from its modification is essential to guide the jury in making any kind of assessment of this purported "defense."

### D. <u>Plaintiff Atturo's Damages</u>

<mark><u>Agreed Upon Instruction</u></mark>

### 1. **Compensatory Damages**

If you decide for Plaintiff on the question of liability for Claims 1 (tortious interference with existing contracts), 2 (tortious interference with prospective business expectancy), 3 (defamation), 4 (unfair competition), 5 (unjust enrichment), and/or 7 (violation of Lanham Act), you must then fix the amount of money that will reasonably and fairly compensate Plaintiff.

The evidence need only afford a reasonable basis for the computation of damages which, with a reasonable degree of certainty, can be traced to Defendants' wrongful conduct.

Even if Plaintiff establishes that it is entitled to damages but fails to prove the amount of those damages to a reasonable degree of certainty, Plaintiff can still recover nominal damages.

<u>Sources</u>:        ECF No. 660 at 8; Ill. Pattern Jury Instructions- Civil 30.01 – modified

**Toyo's Proposed Instruction on Lost Profits**

**2. Lost Profits**

To recover lost profits, Atturo must prove three things:

1.  A reasonable probability that, if Defendant had not engaged in the wrongful conduct, Atturo would have made additional sales.

2.  The amount of profit Atturo would have made on those sales to a reasonable degree of certainty. Atturo does not need to prove this amount with precision.

3.  Toyo reasonably should have foreseen that Plaintiff would have lost profits.

If you conclude that Atturo has proven that it lost profits because of Defendant's wrongful conduct, the lost profits that you award should be the amount that Atturo would have made on any sales that Atturo lost because of that wrongful conduct, minus the additional costs that Atturo would have incurred in making those sales. Atturo is required to prove the amount of its lost profits to a reasonable probability and may not recover amounts that are speculative. However, mathematical certainty is not required.

<u>Sources</u>:     Fed. Civ. Jury Inst. 7th Cir. 11.4.3, 11.4.3.6 (2008 rev.) - modified; Ill. Pattern Jury Instructions- Civil 30.01 – modified; *Dowd and Dowd, Ltd. v. Gleason*, 816 NE 2d 754, 770-773 (Ill. App. Ct. 2004)

**Atturo's Objection to Toyo's Proposed Instruction on Lost Profits**

Toyo's proposed instruction should not be given. Atturo objects to Toyo's proposed instruction for the following reasons:

1.     The issue of lost profits is subsumed in the above instruction on compensatory damages from the Illinois Pattern Jury Instructions. Those model instructions do not offer a separate lost profits instruction for these circumstances and, to do so in this case, would mislead the jury and highly prejudice Atturo.

2.     Toyo's proposed instruction is based on the Seventh Circuit model instruction for damages in *patent infringement* cases and, therefore, is irrelevant to the claims at trial. *See* Fed. Civ. Jury Instructions of the Seventh Circuit, at 11.4.3 (2017 rev.).

3.

**Toyo's Proposed Instruction Lost Profits – Amount**

**3. Lost Profits – Amount**

If you conclude that Atturo has proved that it lost profits because of Defendant's actions, the lost profits that you award should be the amount that Atturo would have made on any sales that Atturo lost because of the Defendant's actions, minus the additional costs that Atturo would have incurred in making those sales.

Atturo is required to prove the amount of its lost profits to a reasonable degree of certainty and may not recover amounts that are speculative. However, mathematical certainty is not required.

Fed. Civ. Jury Instructions of the Seventh Circuit, at 11.4.3.6 (2017 rev.); *Dowd and Dowd, Ltd. v. Gleason*, 816 N.E. 2d 754, 770-773 (Ill. App. Ct. 2004).

### Atturo's Objection To Toyo's Proposed Instruction on Lost Profits – Amount

Toyo's proposed instruction should not be given. Atturo objects to Toyo's proposed instruction for the following reasons:

1.      The issue of lost profits is subsumed in the earlier instruction on compensatory damages from the Illinois Pattern Jury Instructions. Those model instructions do not offer a separate lost profits instruction for these circumstances and, to do so in this case, would mislead the jury and highly prejudice Atturo.

2.      Toyo's proposed instruction is based on the Seventh Circuit model instruction for damages in *patent infringement* cases and, therefore, is irrelevant to the claims at trial. *See* Fed. Civ. Jury Instructions of the Seventh Circuit, at 11.4.3 (2017 rev.).

3.      Toyo's proposed instruction is duplicative of its immediately preceding proposed instruction on lost profits.

### 4. Punitive Damages

<mark>**Atturo's Proposed Instruction on Punitive Damages**</mark>

In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages.

If you find for Plaintiff on the question of liability for Claims 1 (tortious interference with existing contracts), 2 (tortious interference with prospective business expectancy), 3 (defamation), and/or 4 (unfair competition), and if you find that Defendants' conduct was willful and wanton and proximately caused damages to Plaintiff, and if you believe that justice and the public good require it, you may award an additional amount of money which will punish Defendants and discourage Defendants and others from similar conduct.

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the rights or interests of another.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced Plaintiff's damages. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the damage to Plaintiff.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1. How reprehensible was Defendants' conduct? On this subject, you should consider the following:

    a) The facts and circumstances of Defendants' conduct

    b) The financial vulnerability of Plaintiff

    c) The duration of the misconduct

    d) The frequency of Defendants' misconduct

2. What actual and potential harm did Defendants' conduct cause to Plaintiff in this case?

3. What amount of money is necessary to punish Defendants and discourage Defendants and others from future wrongful conduct in light of Defendants' financial condition?

The amount of punitive damages must be reasonable.

<u>Source:</u>    Ill. Pattern Jury Instructions- Civil 14.01, 15.01, 35.01 – modified

## Toyo's Objection

Toyo objects because Atturo left out portions of the Illinois Pattern Jury Instruction in their proposed instruction. Toyo proposes the following modifications to Atturo's proposed instruction.

## Toyo's Proposed Modification

In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages.

If you find for Plaintiff on the question of liability for Claims 1 (tortious interference with existing contracts), 2 (tortious interference with prospective business expectancy), 3 (defamation), and/or 4 (unfair competition), and if you find that Defendants' conduct was willful and wanton and proximately caused damages to Plaintiff, and if you believe that justice and the public good require it, you may award an additional amount of money which will punish Defendants and discourage Defendants and others from similar conduct.

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the rights or interests of another.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced Plaintiff's damages. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the damage to Plaintiff.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1. How reprehensible was Defendants' conduct? On this subject, you should consider the following:

   a) The facts and circumstances of Defendants' conduct

   b) The financial vulnerability of Plaintiff

   c) The duration of the misconduct

   d) The frequency of Defendants' misconduct

   e) Whether the harm was physical as opposed to economic

   f) Whether defendant tried to conceal the misconduct

2.       What actual and potential harm did Defendants' conduct cause to Plaintiff in this case?

3.       What amount of money is necessary to punish Defendants and discourage Defendants and others from future wrongful conduct in light of Defendants' financial condition?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by the plaintiff.

Source:       Ill. Pattern Jury Instructions- Civil 14.01, 15.01, 35.01 – modified

**Atturo's Objection to Toyo's Proposed Modification on Punitive Damages**

Atturo's proposed instruction on punitive damages is the most appropriate approach for this case. For example, Toyo's proposed inclusion of 1.e. for "physical harm" is irrelevant and confusing to the facts and circumstances of this case, which involves solely corporate parties. Moreover, the Illinois Pattern Jury Instructions explain that Toyo's proposed inclusion of its final clause on "proportionality" is "not mandated . . . by Illinois case law" and its inclusion "should be decided on a case by case basis." Ill. Pattern Jury Instructions- Civil 35.01. However, Toyo has not provided any explanation as to why it should be in included here.

Jointly and respectfully submitted this 24th day of August 2021.

/s/       Brian C. Bianco
Brian C. Bianco
Julia R. Lissner
John M. Schafer
Akerman LLP
71 South Wacker Drive
46th Floor
Chicago, IL 60606
T: (312) 634-5700
F: (312) 424-1905
brian.bianco@akerman.com
julia.lissner@akerman.com
jay.schafer@akerman.com

*Counsel for Plaintiff at Trial*
*Atturo Tire Corporation*

/s/       Kimberly K. Dodd
Matthew B. Lowrie
John W. Custer
Foley & Lardner LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199
T: (617) 342-4000
F: (617) 342-4001
mlowrie@foley.com
jcuster@foley.com

Kimberly K. Dodd
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
T: (414) 319-7345
F: (414) 297-4900
kdodd@foley.com

Gary E. Hood
Mark T. Deming
Polsinelli PC
150 N. Riverside Plaza
Suite 3000
Chicago, IL 60606
T: (312) 819-1900
F: (312) 819-1910
ghood@polsinelli.com
mdeming@polsinelli.com

*Counsel for Defendants at Trial*
*Toyo Tire Corporation & Toyo Tire U.S.A. Corp.*