

FILED

9/22/2021

DM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ATTURO TIRE CORPORATION, | |
| Plaintiff, | Case No. 14-cv-0206 |
| v. | |
| TOYO TIRE CORPORATION, et al. | Judge Mary M. Rowland |
| Defendants. | |

## <u>JURY INSTRUCTIONS GIVEN</u>

September 22, 2021

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

In this case, plaintiff Atturo Tire Corporation and defendants Toyo Tire Corporation and Toyo Tire U.S.A. Corp. (which I will refer to collectively as "Toyo") are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

During the trial, certain testimony was presented to you by video deposition. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

10

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by parties or witnesses under oath before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony. With regard to statements made by the parties before trial that the opposing side has offered into evidence, those statements may, even if not made under oath, be considered as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give the testimony.

However, with respect to other statements, the law is different. If you decide that, before the trial, one of the non-party witnesses made a statement not under oath, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood, and whether it concerns an important fact or an unimportant detail.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain slides or powerpoints have been shown to you. Those slides or powerpoints are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

CLAIM 1: Tortious Interference with Existing Contract

Atturo contends that Toyo tortiously interfered with Atturo's existing contract with Dunlap & Kyle Tire Company to purchase Atturo's Trail Blade M/T tires.

To succeed on this claim, Atturo must prove the following by a preponderance of the evidence:

1.      Atturo had a contract with Dunlap & Kyle.

2.      Toyo was aware of this contract.

3.      Toyo induced Dunlap & Kyle to breach its contract with Atturo.

4.      Toyo's interference was intentional and unjustified. (I will define these terms in a moment).

5.      Dunlap & Kyle actually breached the contract because of Toyo's conduct.

6.      Atturo suffered damages as a result.

If you find that Atturo proved each of these things, you must find for Atturo on this claim, and go on to consider the question of damages. If you find that Atturo did not prove each of these things, you must find for Toyo on this claim, and you will not consider the question of damages on this claim.

Now I will define "intentional" and "unjustified." Interference is "intentional" if Toyo knew that interference with Atturo's contract was substantially certain to occur as a result of its actions. Interference is "unjustifiable" if Toyo acted for the sole or primary purpose of interfering with Atturo's contract.

CLAIM 2: Tortious Interference with Prospective Business Expectancy

Atturo contends that Toyo tortiously interfered with Atturo's prospective business relationship with Dunlap & Kyle Tire Company to purchase Atturo's Trail Blade M/T tires and other tire products.

To succeed on this claim, Atturo must prove the following by a preponderance of the evidence:

1.     Atturo had a reasonable expectation of entering into a valid business relationship with Dunlap & Kyle.

2.     Toyo was aware of Atturo's expectation.

3.     Toyo interfered with Atturo's expectation.

4.     Toyo's interference was intentional and unjustified. (I will define these terms in a moment).

5.     Toyo's interference caused a termination of Atturo's expectation.

6.     Atturo suffered damages as a result.

If you find that Atturo proved each of these things, you must find for Atturo on this claim, and go on to consider the question of damages. If you find that Atturo did not prove each of these things, you must find for Toyo on this claim, and you will not consider the question of damages on this claim.

Now I will define "intentional" and "unjustified." Interference is "intentional" if Toyo knew that interference with Atturo's business expectancy was substantially certain to occur as a result of its actions. Interference is "unjustifiable" if Toyo acted for the sole or primary purpose of interfering with Atturo's business expectancy.

18

CLAIM 3: Defamation

Atturo claims that Toyo is liable for defamation by making a false statement about Atturo to Dunlap & Kyle Tire Company, J.P. Thomas Tire Company, and other companies in the tire industry.

To succeed on this claim, Atturo must prove the following by a preponderance of the evidence:

1.      Toyo made a false statement about Atturo to someone else.

2.      The false statement attributed to Atturo a lack of ability to perform its work, or prejudiced Atturo in its trade, profession, or business.

If you find that Atturo proved each of these things, then you must find for Atturo on this claim. If you find that Atturo did not prove each of these things, then you must find for Toyo on this claim.


If you find in favor of Atturo on Atturo's defamation claim, then you are to presume that Atturo suffered damage to its reputation, and you must fix the amount of money that will reasonably compensate Atturo for the presumed damage to Atturo's reputation caused by Toyo.  Atturo is not required to prove actual damage to its reputation. You may, however, consider any evidence of actual damage in determining the amount of money to award Atturo on this claim.

CLAIM 4: Unfair Competition


Atturo contends that Toyo is liable for unfair competition because Toyo conditioned the settlement of unrelated patent claims on agreements by other companies in the tire industry to permanently cease and desist from selling, offering for sale, manufacturing, distributing, and/or importing Atturo's Trial Blade M/T tire.

To succeed on this claim, Atturo must prove, by a preponderance of the evidence, that Toyo's actions shock judicial sensibilities or violate standards of commercial morality.

If you find that Atturo has proved the proposition above, you must find for Atturo on this claim, and go on to consider the question of damages. If you find that Atturo did not prove this proposition, you must find for Toyo on this claim, and you will not consider the question of damages on this claim.

CLAIM 5: Unjust Enrichment

Atturo contends that Toyo was unjustly enriched because Toyo conditioned the settlement of unrelated patent claims on agreements by other companies in the tire industry to permanently cease and desist from selling, offering for sale, manufacturing, distributing, and/or importing Atturo's Trial Blade M/T tire.

To succeed on this claim, Atturo must prove the following by a preponderance of the evidence:

1. Toyo unjustly retained a benefit to Atturo's detriment.

2. Toyo's retention of the benefit violated the fundamental principles of justice, equity, and good conscience.

If you find that Atturo has proved each of these things, you must find for Atturo on this claim, and go on to consider the question of damages. If you find that Atturo did not prove each of these things, you must find for Toyo on this claim, and you will not consider the question of damages on this claim.

CLAIM 6: Illinois Deceptive Trade Practices Act

Atturo contends Toyo violated an Illinois statute called the Deceptive Trade Practices Act by making false and misleading statements to Dunlap & Kyle Tire Company, J.P. Thomas Tire Company, and other companies in the tire industry that disparaged Atturo's products and business.

To succeed on this claim, Atturo must prove the following by a preponderance of the evidence:

1.  Toyo engaged in a deceptive act or practice by disparaging the goods, services, or business of Atturo by false or misleading representation of fact.

2.  The deception occurred in the course of conduct involving trade or commerce.

If you find that Atturo has proved each of these things, you must find for Atturo on this claim. If you find that Atturo did not prove each of these things, you must find for Toyo on this claim.

CLAIM 7: Lanham Act

Atturo contends that Toyo violated a federal statute called the Lanham Act by making false statements to Dunlap & Kyle Tire Company, J.P. Thomas Tire Company, and other companies in the tire industry about Atturo's products and business.

To succeed on this claim, Atturo must prove, by a preponderance of the evidence:

1. Toyo made a false statement of fact in a commercial advertisement about the nature, quality, or characteristic of Atturo's products or commercial activities.

2. The statement actually deceived or had the tendency to deceive a substantial segment of Toyo's audience.

3. The deception was likely to influence the purchasing decision of consumers.

4. Atturo has been or is likely to be injured as a result of the false statement. Injury includes direct diversion of sales from Atturo to Toyo or a loss of goodwill associated with Atturo's products.

If you find that Atturo has proved each of these things, you must find for Atturo on this claim, and go on to consider the question of damages. If you find that Atturo did not prove each of these things, you must find for Toyo on this claim, and you will not consider the question of damages on this claim.

If you decide for Atturo on the question of liability for Claims 1 (tortious interference with existing contracts), 2 (tortious interference with prospective business expectancy), 3 (defamation), 4 (unfair competition), 5 (unjust enrichment), and/or 7 (violation of Lanham Act), you must then fix the amount of money that will reasonably and fairly compensate Atturo. The evidence need only afford a reasonable basis for the computation of damages which, to a reasonable degree of certainty, can be traced to Toyo's wrongful conduct.

Atturo seeks to recover lost profits. Atturo must prove the amount of its lost profits to a reasonable degree of certainty. Atturo may not recover amounts that are speculative, but mathematical certainty is not required.

Even if Atturo establishes that it is entitled to damages but fails to prove the amount of those damages to a reasonable degree of certainty, Atturo can still recover nominal damages. Nominal damages are an inconsequential amount that is awarded to vindicate a right when a wrong is established but no actual damage is proved.

In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages.

If you find for Atturo on the question of liability for Claims 1 (tortious interference with existing contracts), 2 (tortious interference with prospective business expectancy), 3 (defamation), and/or 4 (unfair competition), and if you find that Toyo's conduct was willful and wanton and proximately caused damages to Atturo, and if you believe that justice and the public good require it, you may award an additional amount of money which will punish Toyo and discourage Toyo and others from similar conduct.

When I use the expression "willful and wanton conduct" I mean a course of action that shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the rights or interests of another.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced Atturo's damages. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the damage to Atturo.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

   1. How reprehensible was Toyo's conduct? On this subject, you should consider the following:

       a) The facts and circumstances of Toyo's conduct
       b) The financial vulnerability of Atturo
       c) The duration of the misconduct
       d) The frequency of Toyo's misconduct

   2. What actual and potential harm did Toyo's conduct cause to Atturo in this case?

   3. What amount of money is necessary to punish Toyo and discourage Toyo and others from future wrongful conduct in light of Toyo's financial condition?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by Atturo.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ATTURO TIRE CORPORATION,

      Plaintiff,

      v.

TOYO TIRE CORPORATION, et al.

      Defendants.

Case No. 14-cv-0206

Judge Mary M. Rowland

## **<u>VERDICT FORM</u>**

1

## PART I

We, the jury, unanimously find with respect to the claims of Plaintiff Atturo as follows:

**Claim 1 – Tortious Interference with Contract**

On Claim 1, we, the jury, find:

_____ For Plaintiff Atturo

_____ For Defendant Toyo

**Claim 2 – Tortious interference with prospective business expectancy**

On Claim 2, we, the jury, find:

_____ For Plaintiff Atturo

_____ For Defendant Toyo

**Claim 3 – Defamation**

On Claim 3, we, the jury, find:

_____ For Plaintiff Atturo

_____ For Defendant Toyo

**Claim 4 – Unfair competition**

On Claim 4, we, the jury, find:

_____ For Plaintiff Atturo

_____ For Defendant Toyo

**Claim 5 – Unjust enrichment**

On Claim 5, we, the jury, find:

_____ For Plaintiff Atturo

_____ For Defendant Toyo

**Claim 6 – Violation of the Illinois Deceptive Trade Practices Act**

On Claim 6, we, the jury, find:

_____ For Plaintiff Atturo

_____ For Defendant Toyo

**Claim 7 – Violation of Section 43(a)(1)(B) of the Lanham Act**

On Claim 7, we, the jury, find:

_____ For Plaintiff Atturo

_____ For Defendant Toyo

**If you found for Plaintiff Atturo on Claims 1, 2, 3, 4, 5, and/or 7, please move on to answer Part II.**

**If, on the other hand, you only found for Plaintiff Atturo on Claim 6, or you found for Defendant Toyo on all claims, please skip Part II and go on to sign and date the form below.**

## **PART II**

### **Compensatory Damages**

**Is Plaintiff Atturo entitled to an award of compensatory damages from Defendant Toyo?**

_____ Yes        **OR**        _____ No

**If yes, how much?**        $_____

**If no, you must award nominal damages for Plaintiff Atturo in the amount of $1.00:**        $_____

### **Punitive Damages**

**Is Plaintiff Atturo entitled to an award of punitive damages from Defendant Toyo?**

_____ Yes        **OR**        _____ No

**If yes, how much?**        $_____

4

## <u>SIGNATURES AND DATE</u>

**Please sign and date below and return the entire Verdict Form to the marshal (each juror must sign the form).**

Date: _____

Foreperson: _____     _____

_____     _____

_____     _____

_____